

# FILED

MAY 27 2014

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Phil Lombardi, Clerk
**U.S. DISTRICT COURT**

(1) SONYA D. LANGE,                    )
                                       )   CASE NO.  14-CV-268-JED-TLW
      Plaintiff,                   )
                                       )   (Case No. CJ-2014-357, In the District Court
vs.                                    )   of Tulsa County, State of Oklahoma
                                       )   Judge Cantrell)
(2) JOHN ZINK CO., LLC,                )
                                       )
      Defendant.                   )

## NOTICE OF REMOVAL

Defendant John Zink Co., LLC, ("John Zink"), pursuant to 28 U.S.C. §§ 1331, 1441, and

1446, hereby removes this action from the District Court of Tulsa County, State of Oklahoma, to

the United States District Court for the Northern District of Oklahoma. As grounds for removal,

John Zink states as follows:

    1.    On November 15, 2011, Plaintiff filed a Petition in the District Court of Tulsa

County, State of Oklahoma, against John Zink. The case was assigned Case No. CJ-2014-357.

    2.    The civil summons and the Petition (the "State Court Action") were served on

Defendant on or about January 30, 2014, via certified mail. A true and correct copy of the

Petition and summons as received are attached hereto as Exhibits 1 and 2, respectively.

    3.    All papers served on Defendant in the State Court Action at the time of this

removal are attached hereto pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2.  They include:

| Ex. No. | Date | Description |
|---------|------|-------------|
| 1 | 01-28-2014 | Petition |
| 2 | 01-28-2014 | Summons, Served 01-30-2014 by Certified Mail |
| 3 | 02-14-2014 | Entry of Appearance for Brightmire and Salton |
| 4 | 02-19-2014 | Answer and Affirmative Defenses |
| 5 | 02-19-2014 | Motion to Dismiss and Brief in Support |
| 6 | 03-06-2014 | Plaintiffs Response in Opposition to Motion for Partial Dismissal |
| 7 | 03-24-2014 | Defendant's Motion for Leave to File Reply Brief |

Fees Pd.

| Ex. No. | Date | Description |
|---|---|---|
| 8 | 03-25-2014 | Plaintiff's Response in Opposition to Defendant's Motion to File Reply Brief |
| 9 | 03-26-2014 | Order Granting Defendant's Leave to File Reply Brief |
| 10 | 03-31-2014 | Defendant's Reply to Plaintiff's Response to Defendant's Motion for Partial Dismissal |
| 11 | 04-23-2014 | Plaintiff's Motion to Compel Discovery and Supporting Brief |
| 12 | 04-28-2014 | Defendant's Motion to Quash Subpoena Served Upon Metlife and Brief in Support |
| 13 | 04-28-14 | Defendant's Motion to Quash Subpoena Served Upon Broadspire Management Services and Brief in Support |
| 14 | 04-28-2014 | Defendant's Motion to Quash Subpoena Served Upon Crawford and Company and Brief in Support |
| 15 | 04-28-2014 | Defendant's Motion to Quash Subpoena Served Upon Old Republic Insurance Company and Brief in Support |
| 16 | 05-01-2014 | Plaintiff's Supplement to Motion to Compel Discovery |
| 17 | 05-02-2014 | Agreed Mutual Protective Order |
| 18 | 05-05-2014 | Defendant's Motion to Withdraw Defendants Motion to Quash Subpoena Duces Tecum Served Upon Broadspire Management Services Inc |
| 19 | 05-05-2014 | Defendant's Motion to Withdraw Defendant's Motion to Quash Subpoena Duces Tecum Served Upon Metlife |
| 20 | 05-06-2014 | Notice of Hearing, Affidavit of Mailing |
| 21 | 05-08-2014 | Defendant's Amended Motion to Quash Subpoena Duces Tecum Served Upon Crawford & Company and Brief in Support |
| 22 | 05-08-2014 | Defendant's Amended Motion to Quash Subpoena Duces Tecum Served Upon Old Republic Insurance Company and Brief in Support |
| 23 | 05-09-2014 | Defendant's Response to Plaintiff's Motion to Compel and Combined Defendant's Motion for Protective Order |
| 24 | 05-09-2014 | Order Granting Defendant's Motion to Withdraw Its Motion to Quash Subpoena Duces Tecum Served Upon Metlife |
| 25 | 05-09-2014 | Order Granting Defendant's Motion to Withdraw its Motion its Motion to Quash Subpoena Duces Tecum Served Upon Broadspire Management Services Inc |
| 26 | 05-13-2014 | Plaintiff's Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Old Republic Insurance Company |
| 27 | 05-03-2014 | Plaintiffs Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Crawford & Company |
| 28 | 05-14-2014 | Plaintiffs Response in Opposition to Zink's Motion for Protective Order |
| 29 | 05-16-2014 | Amended Petition |
| 30 | 05-20-2014 | Order Denying Defendant's Motion to Dismiss |
| 31 | 05-21-2014 | Defendant's Motion for Leave to File Reply to Plaintiff's |

| Ex. No. | Date | Description |
|---|---|---|
| | | Response in Opposition to Zink's Motion for Protective Order |
| 32 | 05-21-2014 | Defendant's Motion for Leave to File Reply to Plaintiff's Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Crawford & Company |
| 33 | 05-21-2014 | Defendant's Motion for Leave to File Reply to Plaintiff's Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Old Republic Insurance Company |
| 34 | 05-22-2014 | Defendant's Motion for Partial Summary Judgment and Brief in Support |
| 35 | 05-27-2014 | OSCN Docket Sheet for CJ-2014-357 (Tulsa County) |

4.      In filing this Notice of Removal, John Zink does not waive any defense or counterclaim that may be available to the Defendant.

5.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the action maybe removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.  The Amended Petition, *filed May 19, 2014*, alleges civil actions arising under the Constitution, laws, or treaties of the United States as follows:  The Amended Petition alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and seeks damages thereunder. *See* Ex. 29.

6.      Removal of this action from the District Court of Tulsa County, State of Oklahoma, to this Court is, therefore, proper under 28 U.S.C. § 1441, because this Court would have had original jurisdiction of the action under 28 U.S.C. § 1331 had the action been initially filed in this Court.

7.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Defendant's receipt of the Amended Petition on or about May 20, 2014, and within one (l) year of the commencement of the action.

8.      Written notice of filing of this Notice of Removal will be given to Plaintiff, by and through her counsel of record in the State Court Action. Also, as required by 28 U.S.C.

3

§ 1446(d), a copy of this Notice will be filed with the Clerk of the District Court of Tulsa County, State of Oklahoma, the court in which the State Court Action was filed.

9.     Pursuant to LCvR 81.2, a true and correct copy of the docket sheet in the State Court Action, current through the date of this filing, is attached hereto as Ex. 35.

10.     The following motions are currently pending and, per LCvR 81.2, Defendant is providing to the Court an extra copy of these motions:

Plaintiff's Motion to Compel Discovery and Supporting Brief, filed April 23, 2014.

Defendant's Amended Motion to Quash Subpoena Duces Tecum served upon Crawford & Company and Brief in Support, filed May 8, 2014

Defendant's Amended Motion to Quash Subpoena Duces Tecum served upon Old Republic Insurance Company and Brief in Support, filed May 8, 2014

Defendant's Motion for Leave to file Reply to Plaintiff's Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Crawford & Company, filed May 21, 2014

Defendant's Motion for Leave to file Reply to Plaintiff's Response in Opposition to Amended Motion to Quash Subpoena Duces Tecum on Old Republic Insurance Company, filed May 21, 2014

Defendant's Motion for Leave to file Reply to Plaintiff's Response in Opposition to Zink's Motion for Protective Order, filed May 21, 2014

Defendant's Motion for Partial Summary Judgment and Brief in Support, filed May 22, 2014

11.     Defendant will file a Status Report on the Removed Action in accordance with LCvR 81.2

WHEREFORE Defendant John Zink respectfully requests that the above referenced action now pending in the District Court of Tulsa County, State of Oklahoma, be removed therefrom and proceed in this Court as an action duly removed from this day forward.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: _____
　　Kristen L. Brightmire, OBA No. 14239
　　Sierra G. Salton, OBA No. 31212
　　DOERNER, SAUNDERS, DANIEL &
　　ANDERSON, L.L.P.
　　Two West Second Street, Suite 700
　　Tulsa, Oklahoma 74103-3117
　　Telephone (918) 591-5204
　　Facsimile (918) 925-5204
　　kbrightmire@dsda.com

## CERTIFICATE OF MAILING

The undersigned hereby certifies that on the 27th day of May 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

_____
Kristen L. Brightmire

5

DISTRICT COURT
# F I L E D

JAN 2 8 2014

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| **SONYA D. LANGE,** | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| **JOHN ZINK CO., LLC.,** | ) |
| a Foreign Limited Liability | ) |
| Company, | ) |
| | ) |
| Defendant. | ) |

## CJ-2014-00357

DAMAN CANTRELL

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED

### Petition

COMES NOW the Plaintiff, Sonya D. Lange ("Lange"), and herein alleges and states the following against the Defendant, John Zink Co., LLC ("Zink"), in her Petition as follows:

### Parties, Jurisdiction and Venue

1. That Plaintiff is a resident of Tulsa County, State of Oklahoma;

2. That Defendant is a foreign limited liability company, conducting business in Tulsa County, Oklahoma;

3. That the incidents complained of herein occurred in Tulsa County, State of Oklahoma;

4. This Court possesses jurisdiction over this action and parties;

### Count I: WRONGFUL DISCHARGE - 85 O.S. § 341

5. That Lange was employed by ZINK as for approximately four (4) years when terminated;

1

**EXHIBIT 1**

6. That during the course of Lange's employment with ZINK she suffered work related injuries, was rendered Temporarily Totally Disabled pursuant to "Work Restrictions" and/or Work Release(s), that took her off work entirely, due to the work injuries in order to recuperate and that ZINK could not or would not accommodate the Work Restrictions or Work Releases. Lange reported awareness of this work injury as occurring on or about September 1, 2010, and filed a claim in Workers' Compensation Court. (Forms 3, Exhibit "A"). ZINK admitted work injuries to parts of Lange's body and was aware that Lange required short-term disability and claimed to be Temporarily Totally Disabled. (see Form 9s and Form10s, Exhibit "B");

7. That while under related physician's work restrictions, light duty restrictions, ZINK terminated Lange effective October 9, 2012, or soon before. (ZINK email by P. Smith, Human Resources Leader, Exhibit "C"). At the time of Lange's employment termination, ZINK was aware that Lange alleged to be or was Temporarily Totally Disabled, as determined by The Workers' Compensation Court for the State of Oklahoma. (See Order and Appeal Order, Exhibit "D"). During this same course of events, ZINK terminated Lange's Group Health Insurance;

8. That ZINK terminated the employment of Lange because, in good faith, she pursued her legal rights under Oklahoma's Workers' Compensation laws, made a claim, sought legal advise, retained an attorney and/or because he was absent from work during a period of Temporary Total Disability (light duty unavailable or off work entirely);

9. That Lange was wrongfully discharged by ZINK under 85 O.S. §341(A)(1)(2) and/or (3) for pursuing and filing a good faith claim under Oklahoma's Workers' Compensation laws. In addition, and alternatively, Lange was wrongfully discharged

under 85 O.S. §341(B) for being absent from work while Temporarily Totally Disabled under Oklahoma's Workers' Compensation laws. Further, in this same course of events, ZINK terminated Lange's Group Health Insurance in violation of 85 O.S. §341(A);

10. The conduct of ZINK, through its supervisors and managers, towards Lange was extreme and outrageous in its character. ZINK was on notice and aware of Lange's allegation of on-the-job injuries, Workers' Compensation claim and Temporary Total Disability status prior to the termination. In addition, ZINK was on notice and aware of Lange's "Work Restrictions" and/or Work Release(s) either directly or through its legal counsel and/or representative(s) alleging an on-the-job injury, prior to the termination;

11. That Lange has suffered and continues to suffer from pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, emotional distress, injury to her reputation, etc., as a result of the actions and inactions of ZINK complained of above. Particularly, Lange has suffered loss of past and prospective earnings, vacation pay, sick pay, group health insurance and a host of other benefits and privileges, in addition to lost wages;

WHEREFORE, the Plaintiff, Sonya D. Lange, prays that she recover from the Defendant, John Zink Co., LLC, on Count I, in a sum in excess of $75,000.00 in actual damages plus punitive damages, all costs of this action, a reasonable attorney's fee, granted reinstatement by the Court and any further relief which the Court deems to be appropriate. Lange reserves the right to amend this cause upon completion of discovery in this action.

## Count II. Negligent Hiring, Supervision & Retention

3

Lange hereby incorporates herein all prior allegations of this Petition, and further alleges as follows:

12. The conduct of ZINK, through its supervisors and managers, towards Lange was extreme and outrageous in its character. ZINK was on notice and aware of Lange's on-the-job injuries and Workers' Compensation claim prior to the termination. In addition, ZINK was on notice and aware of Lange's "Work Restrictions" and/or Work Release(s) either directly or through its legal counsel and/or Workers' Compensation representative(s) prior to the termination;

13. That ZINK was aware of, or certainly should have been aware of, the offensive actions and inactions of its supervisors and managers towards Lange. As Lange's employer, with authority over Lange, her supervisors and managers, ZINK had the authority and duty to hire competent supervisors and managers properly trained and supervised in state Workers' Compensation laws, rights and responsibilities and to supervise its supervisors and mangers; further, to terminate its supervisors and managers that violated the terms and provisions of the law applicable to the allegations contained in this Petition. ZINK violated its duty in this regard to Lange and she was directly damaged as a result.

14. Lange has suffered and continues to suffer from pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, emotional distress, injury to her reputation, etc., as a result of the actions and inactions of the ZINK complained of above. Particularly, Lange has suffered loss of past and prospective earnings, vacation pay, sick pay, and a host of other benefits and privileges, in addition to lost wages.

4

WHEREFORE, the Plaintiff, Sonya D. Lange, prays for judgment against Defendant, John Zink Co., LLC, on Count II, in a sum in excess of $75,000.00 representing her actual damages, punitive damages, plus attorney's fees, costs and such additional relief as the Court deems proper. Lange reserves the right to amend this cause upon completion of discovery in this action.

### Count III: INTENTIONAL INFLICTION of EMOTIONAL DISTRESS

Lange hereby incorporates herein all prior allegations in this Petition and further alleges as follows:

15. The conduct of ZINK, through its supervisors and managers, towards Lange was extreme and outrageous in its character. ZINK was on notice and aware of Lange's on-the-job injuries and Workers' Compensation claim prior to the termination. In addition, ZINK was on notice and aware of Lange' "Work Restrictions" and/or Work Release(s) either directly or through its legal counsel and/or Workers' Compensation representative(s) prior to the termination;

16. The conduct of ZINK's supervisors and employee/representatives towards Lange was extreme and outrageous in its character. The conduct was done recklessly and intentionally while ZINK and its supervisors and employee/representatives were in a position of power and authority over Lange. Such conduct has caused Lange severe emotional distress and required attention and treatment. Lange has suffered and continues to suffer pecuniary loss, gross humiliation, embarrassment, ridicule, shame, fright, and injury to her reputation and occupation as a result of ZINK and its supervisors and employee/representatives' actions. ZINK is responsible for the conduct of its supervisors and employee/representatives under the doctrine of respondeat superior

5

and under agency principles. ZINK is also independently liable since it failed to take reasonable steps to protect Lange from the acts complained of herein;

WHEREFORE, the Plaintiff, Sony D. Lange, prays for judgment against Defendant, John Zink Co., LLC, on Count III, in a sum in excess of $75,000.00 representing her actual damages, punitive damages, plus attorney's fees, costs and such additional relief as the Court deems proper. Lange reserves the right to amend this cause upon completion of discovery in this action.

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Sonya D. Lange

**VERIFICATION**

STATE OF OKLAHOMA    )
                                              ) ss.
COUNTY OF TULSA      )

I, Sonya D. Lange, of lawful age, being first duly sworn upon her oath, deposes and states that she is the Plaintiff in the above Petition, that she has read and understands the contents contained in the foregoing Petition and further states that the same are true and correct to the best of her knowledge.

_____                    _____
Sonya D. Lange                                                          Date

SUBSCRIBED AND SWORN to before me this ___ day of
_____, 2014.

6

_Victoria L Wood_
**NOTARY PUBLIC**

My Commission Expires:

```
VICTORIA L WOOD
Notary Public
State of Oklahoma
Commission # 10010188
My Commission Expires Dec 7, 2014
```

7

EXHIBIT "A"

**FORM 3**

Send original and 4 copies to:
Workers' Compensation Court

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

THIS SPACE FOR COURT FILE ONLY

**FILED**

JUN 22 2012

WORKERS
COMPENSATION COURT
TULSA

Name of Claimant (Injured Employee)
*Sonya D. Lange*

Name of Employer
*John Zink L.L.C. and/or Koch Industries*

Court Use Only
*Old Republic*

☑ Please check appropriate box
☑ I. Original Filing
☐ II. Amends Previously Filed Form 3. Must clearly state whether amendment is in addition to, or substitute for, prior information.)

EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION

**NOTE:** Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.
**2012-07091 A**

*(Please type or print)*

| EMPLOYEE NAME (Last, First, Middle): *Lange   Sonya* | Social Security #: ~~(blacked out)~~ | Phone: *(918) 232-6072* |
|---|---|---|

| Mailing Address (include City, State & Zip): *2508 S. 15th St.   Broken Arrow, Okla 74012* | Date of Birth: ~~(blacked out)~~ | Age: *42* | Sex: *F* |
|---|---|---|---|

| Occupation: *Staff Accountant* | Was your employment agreement in Oklahoma? YES ☑ NO ☐ | Avg. Weekly Wage: *$44,000.00 Annually* | Length of Employment years *2.3* months *0.5* |
|---|---|---|---|

| Date of Accident, or as applicable, Date of Termination From Employment if a Cumulative Trauma Injury: *None revld 9/1/10 approx - nearest exposure date* | Injury resulted from: Single Incident ☐  Cumulative Trauma ☑ | Time Injury Occurred *various* ☐ AM ☐ PM |
|---|---|---|

Describe parts of the body injured or affected
*D___be parts of the body injured or affected   Hand, Rt. Elbow, Rt. Shoulder, Neck*   Place of Injury: City/County/State *Tulsa / Tulsa / Okla*

What is the nature of the Injury or Illness: *Detail to Determine*   Describe with details how the injury occurred. Include object or substance which directly injured you: *Repetitive Use of Calculator & Keyboard*

| Have you filed a claim for Social Security Disability Insurance Benefits? YES ☐ NO ☑ | Are you eligible for Medicare Benefits or will you become eligible for Medicare Benefits within 30 months of the filing of this Notice of Accidental Injury and Claim for Compensation? YES ☐ NO ☑ |
|---|---|

Are you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability?   ☐  If "YES", you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund. A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): *None Specified* | Address: | City: | State: | Zip: |
|---|---|---|---|---|

| Employer: *John Zink L.L.C. and/or Koch Industries* | Employer's FEI # (Federal ID Number): | Telephone: *918-234-1800* |
|---|---|---|

| Complete Mailing Address: *920 East Apache* | City: *Tulsa* | State: *Okla* | Zip: *74116* |
|---|---|---|---|

| Complete Street Address (if different from above): | City: | State: | Zip: |
|---|---|---|---|

An___ person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to ___ employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

___ny person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

Name of claimant's attorney if represented:

Type or Print Name of Attorney:
*Jack G. Zurawik*   OBA# *11588*

Mailing Address:
*PO Box 35346*

City *Tulsa*   State *OK*   Zip *74153*

Telephone #:
*918) 664-1113*

Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The records granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law. ___

I declare under penalty of perjury that I have examined this notice and claim for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief.

X Signed this *16th* day of *June* *2012*

X *Sonya Lange*

Signature of Attorney for Claimant

Signature of Claimant (must be sig___

**PLAINTIFF'S EXHIBIT "A"**

# FORM 3

Send original and 4 copies to:
Workers' Compensation Court

**WORKERS' COMPENSATION COURT**
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

THIS SPACE FOR COURT USE ONLY

# FILE COPY

FEB 11 2013

**WORKERS COMPENSATION COURT**
TULSA

Name of Claimant (Injured Employee)
_Sonya D. Lange_

Name of Employer _John Link, LLC_
_and/or Kean Industries_

Court Use Only

☑ Please check appropriate box
☐ I. Original Filing
☑ II. Amends Previously Filed Form 3. Must clearly state whether amendment is in addition to, or substitute for, prior information.)

**EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION**

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.
_2012-08091 A_

(Please type or print)

| EMPLOYEE NAME (Last, First, Middle): _Lange, Sonya D._ | Social Security #: | Phone: _(918) 232-6072_ |
|---|---|---|

Mailing Address (Include City, State & Zip):
_2508 S. 15th St. Broken Arrow OK 74012_

Date of Birth:

Age: _43_

Sex: _Female_

| Occupation: _Staff Accountant_ | Was your employment agreement in Oklahoma? YES ☑ NO ☐ | Avg. Weekly Wage: _$1,033 Net Hrly_ SEMI | Length of Employment years _3_ months _6_ |
|---|---|---|---|

| Date of Accident, or as applicable, Date of Termination From (If a Cumulative Trauma Injury: | Injury resulted from: Single Incident ☐   Cumulative Trauma ☑ | Time Injury Occurred   ☐ AM ☐ PM |
|---|---|---|

The parts of the body injured or affected
_nOP: Lt. Shoulder, Lt Arm, Lt hand, Fingers on both hands_

Place of Injury: City/County/State

What is the nature of the injury or illness?

Describe with details how the injury occurred. Include object or substance which directly injured you:

| Have you filed a claim for Social Security Disability Insurance Benefits? YES ☐ NO ☐ | Are you eligible for Medicare Benefits or will you become eligible for Medicare Benefits within 30 months of the filing of this Notice of Accidental Injury and Claim for Compensation? YES ☐ NO ☐ |
|---|---|

Have you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability? _____ If "YES," you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund. A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): | Address: | City: | State: | Zip: |
|---|---|---|---|---|

| Employer: | Employer's FEI # (Federal I.D. Number): | Telephone: |
|---|---|---|

| Complete Mailing Address: | City: | State: | Zip: |
|---|---|---|---|

| Complete Street Address (if different from above): | City: | State: | Zip: |
|---|---|---|---|

A person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

Name of claimant's attorney if represented:

Type or Print Name of Attorney:       OBA#
_Jack G. Zurawik_       _11588_

Mailing Address:
_PO Box 35346_

City       State  Zip
_Tulsa_       _OK_   _74153_

Telephone #:
_(918)  664-1113_

Signature of Attorney for Claimant

Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The permission granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law.

*I declare under penalty of perjury that I have examined this notice and claim for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief.*

Signed this ____11____ day of ____February____, 2013

Signature of Claimant (must be signed by claimant)

EXHIBIT "B"

# FORM 9

Send original to
Workers' Compensation Court and 1 copy to
Each Opposing Party/Counsel

In re claim of:

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

FILE COPY
JUL 26 2012
WORKERS' COMP

Full Name of Claimant (Injured Employee)
**Sonya Lange**

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
xxx-xx-**6953**

Name of Employer (Respondent)
**John Zink, LLC.**

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Group Self-Insurance Association
**Broadspire**

**MOTION TO SET FOR TRIAL**

WCC File Number   **2012-07091A**

Date of Injury   **9/1/10**

**NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

(Please Type or Print)

1.  Issues to be tried:  (Circle all applicable issues below.)
    a. (circled) Temporary Total Disability from _____ to _____.
    b.   Medical Treatment from _____ to _____.
    c.   Permanent Partial Disability/Permanent Partial Impairment.
    d.   Permanent Total Disability.
    e.   Motion to Reopen on Change of Condition.  Has the Reopen Fee been paid?  ☐ YES   ☐ NO
    f.   Change of Physician for a worker covered by a Certified Workplace Medical Plan (CWMP).  (Note:  File a Form A to set a request for Change of Physician when there is no CWMP.)
    g.   Change of Case Manager for a worker not covered by Certified Workplace Medical Plan (CWMP).
    h. (circled) Rate:   TTD _____ PPD/PPI _____ AWW _____
    i.   Death Benefits.
    j.   Appeal from Form 18 Order.
    k.   Form 19 (Request For Payment of Health or Rehabilitation Services).  Was the Form 19 filed previously?  ☐ YES   ☐ NO
    l. (circled) Other (SPECIFY) **Treatment; Rate; Compensability; TTD (if no light duty)**
    **(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

2.  List the names of all witnesses who may be called at trial:
    **Any and all previously endorsed; Any and all respondent witnesses**

3.  List all exhibits to be introduced at trial: **Wilson (7/13/12)**
    **Any and all previously endorsed; Any and all respondent exhibits**

4.  Requestor hereby certifies that a copy of the medical report written by Dr. **as above** and dated **as above** was mailed, together with this motion, to Opposing Party/Counsel. (Refer to Court rules regarding the exchange of exhibits.)  Do **NOT** attach a copy of the medical report when filing the Form 9 with the Workers' Compensation Court.

*I declare under penalty of perjury that I have examined this motion and all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this **26** day of **July** **2012**

| Opposing Party/Counsel | Signature of Requesting Party ☐ claimant ☑ resp.   ☐ med/rehab provider |
|---|---|
| **Broadspire** | *(signature)* |
| Address (Number & Street) | Address (Number & Street) |
| **1861 N. Rock Road, Suite 202** | **P.O. Box 35346** |
| City          State          Zip Code | City          State          Zip Code |
| **Witchita, KS 67206** | **Tulsa, OK  74153** |
| | Telephone # of Requesting Party |
| | **(918) 664-1113** |
| | Print or type name of Attorney          OBA # |
| | **Jack G. Zurawik**          **11588** |

08/29/11

PLAINTIFF'S
EXHIBIT
"B"

# FORM 9

Send original to
Workers' Compensation Court and 1 copy to
Each Opposing Party/Counsel

In re claim of:

**WORKERS' COMPENSATION COU**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

*FILE COPY*
*AUG 10 2012*
*WORKERS' COMPENSATION COURT - TULSA*

| Full Name of Claimant (Injured Employee) | |
|---|---|
| Sonya Lange | |
| Claimant's Social Security Number (LAST 4 DIGITS ONLY) | **MOTION TO SET FOR TRIAL** |
| XXX-XX-6953 | |
| Name of Employer (Respondent) | WCC File Number |
| John Zink, LLC. | 2012-07091A |
| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Group Self Insurance Association | Date of Injury |
| Broadspire | 9/1/10 |

**NOTE: Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

(Please Type or Print)

1.  Issues to be tried:  (Circle all applicable issues below.)
   - ⓐ  Temporary Total Disability from _____ to _____.
   - ⓑ  Medical Treatment from _____ to _____.
   - c.  Permanent Partial Disability/Permanent Partial Impairment.
   - d.  Permanent Total Disability.
   - e.  Motion to Reopen on Change of Condition.  Has the Reopen Fee been paid?  ☐ YES   ☐ NO
   - f.  Change of Physician for a worker covered by a Certified Workplace Medical Plan (CWMP).  (Note: File a Form A to set a request for Change of Physician when there is no CWMP.)
   - g.  Change of Case Manager for a worker not covered by Certified Workplace Medical Plan (CWMP).
   - h.  Rate:  TTD _____ PPD/PPI _____ AWW _____
   - i.  Death Benefits.
   - j.  Appeal from Form 18 Order.
   - k.  Form 19 (Request For Payment of Health or Rehabilitation Services).  Was the Form 19 filed previously?  ☐ YES   ☐ NO
   - ⓛ  Other (SPECIFY) Body Parts; Auth for Surgery; TTD; Rate; Defer to Spine Specialist _____

      **(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL)**

2.  List the names of all witnesses who may be called at trial: _____
    Any and all previously endorsed; Any and all respondent witnesses

3.  List all exhibits to be introduced at trial:  MRI (x2); EMG (8/15/11); Wilson (7/13/12); Nebergall (5/31/12-6/14/12)
    Any and all previously endorsed; Any and all respondent exhibits

4.  Requestor hereby certifies that a copy of the medical report written by Dr. as above _____ and dated as above _____ was mailed, together with this motion, to Opposing Party/Counsel.  (Refer to Court rules regarding the exchange of exhibits.)  Do **NOT** attach a copy of the medical report when filing the Form 9 with the Workers' Compensation Court.

*I declare under penalty of perjury that I have examined this motion and all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:   Signed this _10_ day of August _2012_

| Opposing Party/Counsel | Signature of Requesting Party ☐ claimant  ☐ resp.  ☐ med/rehab provider |
|---|---|
| Jennifer Sloan | *[signature]* |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 1710 | P.O. Box 65346 |
| City   State   Zip Code | City   State   Zip Code |
| Tulsa, OK 74101 | Tulsa, OK  74153 |
| | Telephone # of Requesting Party |
| | (918) 664-1113 |
| | Print or type name of Attorney          OBA # |
| | Jack G. Zurawik                              11588 |

08/29/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

| Full Name of Injured Employee (Claimant)<br>SONYA D. LANGE |
|---|

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | |
|---|---|
| | 2012-07091A |
| Date of Injury | |
| | 09/01/2010 |

| Claimant's Social Security Number (LAST 4 DIGITS ONLY)<br>XXX-XX- 6953 |
|---|

| Name of Employer (Respondent)<br>JOHN ZINK COMPANY, LLC |
|---|

| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or<br>Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE |
|---|

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |
| | | Temporary total disability has been paid to claimant from 7/10/11 ____ to 8/22/11 ____ for a total of ____ weeks in the total sum of $ ____ |
| X | | 9. Has respondent selected a treating physician? |

The treating physician is  Dr. Watts ____ (name of treating physician).

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD  594.41 ____ PPD  323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck and left shoulder; claimant is receiving short-term disability of $491/wk. beginning date approx 8-1-12 & continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12, 5/1/13; Dr. Chalkin 2/27/13; Dr. Sisler 12/6/12; Dr. Rim Tabbaa 5/26/11, 1/5/12, 6/5/12, 4/5/13;

14. Respondent hereby certifies that a copy of the medical report written by Dr. ____ and dated ____ was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this 26 day of  June ____ , 2013

| Opposing Party<br>Jack G. Zurawik | | |
|---|---|---|
| Address (Number & Street)<br>P.O. Box 35346 | | |
| City<br>Tulsa | State<br>OK | Zip Code<br>74153-0346 |

Signature of Filing Party  *Jennifer Sloan*

| Address (Number & Street)<br>P. O. Box 1710 | | |
|---|---|---|
| City<br>Tulsa | State<br>OK | Zip Code<br>74101-1710 |

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney<br>Jennifer A. Sloan | OBA#<br>19846 |
|---|---|

mah 1580-79
8/11

MAY. 6. 2013  3:43PM                                                    NO. 7279  P. 2

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.
2012-07091A

Date of Injury
09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is Dr. Watts (name of treating physician)

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL)**

| | X | 10. Is rate an issue?  Claimant's compensation rate: TTD 594.41   PPD 323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karan Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin 2/27/13; Dr. Sisler 12/6/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Gillock _____ and dated 5/1/13 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0346 |

Signed this ___ day of May, 2013

Signature of Filing Party

Address (Number & Street)
P. O. Box 1710

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan                    OBA# 19846

mah 1580-79
6/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| | |
|---|---|
| Claimant's Social Security Number (LAST 4 DIGITS ONLY)<br>XXX-XX- 44-66-6953 | WCC FILE NO.<br>2012-07091A |
| Name of Employer (Respondent)<br>JOHN ZINK COMPANY, LLC | Date of Injury<br>09/01/2010 |

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1.  Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2.  Was claimant covered by the Workers' Compensation Act? |
| X | | 3.  Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4.  Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5.  Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6.  Did claimant timely notify respondent of the injury? |
| X | | 7.  Has claimant been provided medical treatment? |
| X | | 8.  Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9.  Has respondent selected a treating physician?<br>The treating physician is  Dr. Watts _____ (name of treating physician). |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10.  Is rate an issue?  Claimant's compensation rate: TTD _594.41_   PPD _323.00_ |

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left shoulder/arm/hand

and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing dition; wage statement

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler; Dr. Chalkin

13.  List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin 2/27/13;

14.  Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12 _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this _19_ day of _March_ _____ 2013

Signature of Filing Party _____

| Opposing Party<br>Jack G. Zurawik | | |
|---|---|---|
| Address (Number & Street)<br>P.O. Box 35346 | | |
| City<br>Tulsa | State<br>OK | Zip Code<br>74153-0346 |

| Address (Number & Street)<br>P.O. Box 1710 | | |
|---|---|---|
| City<br>Tulsa | State<br>OK | Zip Code<br>74101-1710 |
| Telephone # of Filing Party<br>(918) 382-1400 | | |
| Print or type name of Attorney<br>Jennifer A. Sloan | | OBA#<br>19846 |

Jte 1580-79
8/11.

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-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

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from  7/10/11  to  8/22/11  for a total of _____ weeks in the total sum of $_____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is   Dr. Watts  (name of treating physician).

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| X | | 10. Is rate an issue?  Claimant's compensation rate: TTD  594.41  PPD  323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses: Dr. Garrett Watts; Dr. Chalkin (by rpt)

Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement;

Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin's report of February 27, 2013

14. Respondent hereby certifies that a copy of the medical report written by Dr.  Sisler  and dated  12/6/12  was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this _____ day of March _____ 2013

Signature of Filing Party

| Opposing Party | Address (Number & Street) |
| Jack G. Zurawik | P. O. Box-1710 |
| Address (Number & Street) | |
| P.O. Box 35346 | |
| City | State | Zip Code | City | State | Zip Code |
| Tulsa | OK | 74153-0346 | Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney        OBA#
Jennifer A. Sloan                      19846

lle 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.          2012-07091A

Date of Injury        09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of ___ weeks in the total sum of $ ___

| X | | 9. Has respondent selected a treating physician? The treating physician is Dr. Watts (name of treating physician) |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD 594.41 PPD 323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mantino; Dr. Kathleen Sisler;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;  Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler and dated 12/6/12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

| Opposing Party | Signed this 24 day of January 2013 |
|---|---|
| Jack G. Zurawik | Signature of Filing Party |
| Address (Number & Street) P.O. Box 35346 | Address (Number & Street) P. O. Box 1710 |
| City Tulsa   State OK   Zip Code 74153-0346 | City Tulsa   State OK   Zip Code 74101-1710 |
| | Telephone # of Filing Party (918) 382-1400 |
| mah 1580-79 8/11 | Print or type name of Attorney Jennifer A. Sloan   OBA# 19846 |

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.              2012-07091A

Date of Injury            09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is  Dr. Watts (name of treating physician).

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| | X | 10. Is rate an issue?  Claimant's compensation rate: TTD 594.41 PPD 323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karan Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 6/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12 was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this 24 day of January 2013

Signature of Filing Party  Jennifer A. Sloan

| Opposing Party  Jack G. Zurawik | | |
| Address (Number & Street)  P.O. Box 35346 | | |
| City  Tulsa | State  OK | Zip Code  74153-0346 |

| Address (Number & Street)  P. O Box 1710 | | |
| City  Tulsa | State  OK | Zip Code  74101-1710 |
| Telephone # of Filing Party  (918) 382-1400 | | |
| Print or type name of Attorney  Jennifer A. Sloan | | OBA#  19846 |

mah  1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX- 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

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.
2012-07691A

Date of Injury
09/01/2010

NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |
| | | Temporary total disability has been paid to claimant from _7/10/11_ to _8/22/11_ for a total of _____ weeks in the total sum of $_____ |
| X | | 9. Has respondent selected a treating physician? |
| | | The treating physician is __Dr. Watts_____ (name of treating physician) |

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _594.41_   PPO_323.00_ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery: deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;

Karen Miller; Paula Huddleston; Lisa Maulino

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Marlin; wage statement;

Dr. Watts 6/19/11, 8/22/11, 8/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Gillock _____ and dated _10/4/12_ was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

| Opposing Party | | |
|---|---|---|
| Jack G. Zurawik | | |
| Address (Number & Street) | | |
| P.O. Box 35346 | | |
| City Tulsa | State OK | Zip Code 74153-0346 |

Signed this _____ day of _October_ , _2012_

Signature of Filing Party

| Address (Number & Street) | | |
|---|---|---|
| P. O. Box 1710 | | |
| City Tulsa | State OK | Zip Code 74101-1710 |
| Telephone # of Filing Party (918) 382-1400 | | |
| Print or type name of Attorney Jennifer A. Sloan | | OBA# 19846 |

lte .1580-79
8/11

**SUPPLEMENTAL FORM 10**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?  * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _7/10/11_ to _8/22/11_ for a total of _____ weeks in the total sum of $ _____

| | X | 9. Has respondent selected a treating physician? |

The treating physician is _Dr. Watts_ (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD _594.41_  PPD _323.00_ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $481/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition;

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino.

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr._Gillock_ and dated _10/4/12_, was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City Tulsa | State OK | Zip Code 74153-0346 |

Signed this _8_ day of _October_ 2012

Signature of Filing Party

Address (Number & Street)
P. O. Box 1710

| City Tulsa | State OK | Zip Code 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney Jennifer A. Sloan | OBA# 19846 |

mah 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Unered   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

|  YES  |  NO  |  (Please type or Print) |
|---|---|---|
| __X__ | ____ | 1.  Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| __X__ | ____ | 2.  Was claimant covered by the Workers' Compensation Act? |
| __X__ | ____ | 3.  Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| __X__ | ____ | 4.  Has claimant filed a Form 3 within the statutory period of time? |
| __X__ | ____ | 5.  Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| __X__ | ____ | 6.  Did claimant timely notify respondent of the injury? |
| __X__ | ____ | 7.  Has claimant been provided medical treatment? |
| __X__ | ____ | 8.  Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a
total of _____ weeks in the total sum of $_____.

9.  Has respondent selected a treating physician?
The treating physician is _Dr. Watts_____ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| __X__ | ____ | 10.  Is rate an issue?  Claimant's compensation rate: TTD _____  PPD _____ |

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery;  deny right elbow, right shoulder, neck;  claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing

pre-existing condition:

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino

13.  List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; _____

Medical records of Dr. Alan Martin

14.  Respondent hereby certifies that a copy of the medical report written by Dr _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.
**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this __17th__ day of _September_ , _2012_

| Opposing Party | Signature of Filing Party |
|---|---|
| Jack G. Zurawik | |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 35346 | P. O. Box 1710 |
| City  Tulsa   State  OK   Zip Code  74153-0346 | City  Tulsa   State  OK   Zip Code  74101-1710 |
| | Telephone # of Filing Party |
| | (918) 382-1400 |
| klp 1580-79 | Print or type name of Attorney   OBA# |
| 8/11 | Jennifer A. Sloan   19846 |

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

| | |
|---|---|
| Full Name of Injured Employee (Claimant)<br>SONYA D. LANGE | |
| Claimant's Social Security Number (LAST 4 DIGITS ONLY)<br>6953 | ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT |
| Name of Employer (Respondent)<br>JOHN ZINK COMPANY, LLC | WCC FILE NO.            2012-07091A |
| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or<br>Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE | Date of Injury            09/01/2010 |

**NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |
| | | Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $_____ |
| | | 9. Has respondent selected a treating physician?<br>The treating physician is   Dr. Watts                          (name of treating physician) |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD_____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; pre-existing condition;

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; MEDICAL RECORDS OF DR. ALAN MARTIN 6/21/99 to 10/26/10

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**   Signed this   10th   day of   September   , 2012

| Opposing Party<br>Jack G. Zurawik | Signature of Filing Party |
|---|---|
| Address (Number & Street)<br>P.O. Box 35346 | Address (Number & Street)<br>P. O. Box 1710 |
| City          State          Zip Code<br>Tulsa          OK          74153-0346 | City          State          Zip Code<br>Tulsa          OK          74101-1710 |
| klp  1580-79<br>8/11          *Via fax & reg. mail* | Telephone # of Filing Party<br>(918) 382-1400 |
| | Print or type name of Attorney          OBA#<br>Jennifer A. Sloan          19846 |



**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
6953

WCC FILE NO.
2012-07091A

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Date of Injury
09/01/2010

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own
Risk Group, Uninsured    OLD REPUBLIC INSURANCE

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Code? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

| | | 9. Has respondent selected a treating physician? The treating physician is   Dr. Watts _____ (name of treating physician). |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses;

3. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Garrett Watts _____ and dated 4-25-12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:       Signed this   21st   day of August _____ , 2012

Opposing Party
Jack G. Zurawik

| Address (Number & Street) |
|---|
| P.O. Box 35346 |

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0346 |

klp  1580-79
08/11

Signature of Filing Party

| Address (Number & Street) |
|---|
| P. O. Box 1710 |

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney | OBA# |
|---|---|
| Jennifer A. Sloan | 19846 |

**FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
6953

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own
Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.
2012-07091A

Date of Injury
09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Code? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

| | | 9. Has respondent selected a treating physician? |

The treating physician is   Dr. Watts _____ (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery: DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this ___6th___ day of August___, 2012

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0346 |

klp 1580-79
08/11

Signature of Filing Party

Address (Number & Street)
P.O. Box 1710

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan

OBA#
19846

EXHIBIT "C"

**From:** Smith, Patty <Patty.Smith@johnzink.com>;
**To:** <sonyadawn@att.net>;
**Subject:** Termination Information
**Sent:** Tue, Oct 9, 2012 5:20:38 PM

Dear Sonya,

You are currently off-site because of a medical restriction that prevents you from performing your job now or in the near future. In addition, you have exhausted all applicable leave under the Family and Medical Leave Act. As a result, we have made the business decision to terminate your employment.

We wish you the best for the future and remind you that you are welcome to apply for open positions we have once you are ready, willing and able to return to work.

Sincerely,

Patty Smith

*Patty R. Smith, PHR*

Human Resources Leader

John Zink Company, LLC

11920 East Apache

Tulsa, OK 74121-1220

918-234-2938 (Office)

918-630-2339 (Mobile)



EXHIBIT "D"

BEFORE THE WORKERS' COMPENSATION COURT OF THE STATE OF OKLAHOMA

**FILED**

WORKERS' COMPENSATION COURT
STATE OF OKLAHOMA
December 23, 2013
Joyce Sanders
COURT CLERK

In re claim of:

SONYA D LANGE )
        Claimant )
 )  Court Number: 2012-07091A
JOHN ZINK CO LLC &/or KOCH INDUSTRIES INC )
        Respondent )
 )  Claimant's Social Security
 )  Number: xxx-xx-6953
OLD REPUBLIC INSURANCE CO &/or OLD )
REPUBLIC INSURANCE CO )
        Ins. Carrier )

**ORDER ON APPEAL**
**AFFIRMING IN PART AND MODIFYING IN PART**
**THE DECISION OF THE TRIAL COURT**

On OCTOBER 25, 2013, this cause came on for hearing before the undersigned Judges, sitting as a panel, on appeal from the order of the Trial Judge heretofore entered on MAY 20, 2013.

After reviewing the record in this case, and being fully informed in the premises, said Judges find that parts of said order were against the clear weight of the evidence and hence the order of the Trial Judge heretofore entered in this case on MAY 20, 2013 should be and the same is hereby MODIFIED AND AFFIRMED AS FOLLOWS:

I. VACATE PARAGRAPH 2 AND REMAND FOR TRIAL ON THE NECK. THIS MATTER IS REMANDED FOR DETERMINATION OF A NECK INJURY AND ANY ASSOCIATED BENEFITS.

II. VACATE AND REMAND PARAGRAPH 3 FOR TRIAL JUDGE TO CONSIDER WHETHER CLAIMANT MET HER BURDEN OF PROOF ON THE CAUSE OF THE BILATERAL SHOULDER INJURIES. THE PANEL FINDS THAT THERE WAS OBJECTIVE EVIDENCE OF INJURY.



PLAINTIFF'S EXHIBIT "D"

2012-07091A
Page 2

The order filed herein on MAY 20, 2013, as modified, shall remain in full force and effect as the order of this Court.

Upon adoption of the foregoing order on the 28th day of OCTOBER, 2013, the roll was called and the following voted:

/s/ Eric W. Quandt

JUDGE ERIC W QUANDT, AYE

/s/ Margaret A Bomhoff

JUDGE MARGARET BOMHOFF, AYE

/s/ Carla Snipes

JUDGE CARLA SNIPES, AYE

../BWhite

A copy of the above and foregoing Court Order was mailed, by regular or certified United States Mail, on this filed stamped date to:

Claimant's Attorney:  JACK G ZURAWIK
                      PO BOX 35346
                      TULSA, OK 74153-0346

Respondent's Attorney:  JENNIFER A SLOAN
                        PO BOX 1710
                        TULSA, OK 74101-1710

I do hereby certify that the above and foregoing is a true and correct copy of the original order signed by the Judge herein.  Witness by my hand and the official seal of this court on this date.

Joyce Sanders

Court Clerk
December 23, 2013

BEFORE THE WORKERS' COMPENSATION COURT OF THE STATE OF OKLAHOMA

**In re claim of:**

SONYA D LANGE
   Claimant

JOHN ZINK CO LLC
   Respondent

OLD REPUBLIC INSURANCE CO
   Ins. Carrier

**FILED**
WORKERS' COMPENSATION COURT
STATE OF OKLAHOMA
May 20, 2013
Joyce Sanders
COURT CLERK

)
)
) Court Number: 2012-07091A
)
)
) Claimant's Social Security
) Number: xxx-xx-6953
)

## <u>ORDER DETERMINING COMPENSABILITY</u>

   Now on this 15th day of MAY, 2013, this cause comes on for consideration pursuant to regular assignment and hearing on MAY 7, 2013, before JUDGE OWEN T EVANS, at Tulsa, Oklahoma, at which time claimant appeared in person and by counsel, JACK G ZURAWIK and respondent and insurance carrier appeared by counsel, JENNIFER A SLOAN.

   The Court having considered the evidence and records on file, and being well and fully advised in the premises FINDS AND ORDERS AS FOLLOWS:

- 1 -

   THAT claimant was employed by the above named respondent and such employment was subject to and covered by the provisions of the Workers' Compensation Act of the State of Oklahoma; and on SEPTEMBER 1, 2010, claimant became aware he/she had sustained accidental personal injury as a result of cumulative trauma to the RIGHT HAND, LEFT HAND, RIGHT ARM, and LEFT ARM arising out of and in the course of claimant's employment. Claimant's last injurious exposure to said trauma was on JULY 24, 2012. The major cause of claimant's compensable cumulative trauma injury was repetitive work as staff accountant in ergonomically incorrect work station.

- 2 -

   THAT claimant's allegation of  injury to the NECK, RIGHT SHOULDER AND LEFT SHOULDER is denied. Claimant's work did not constitute the major cause of alleged injuries to the NECK, RIGHT SHOULDER AND LEFT SHOULDER. Additionally, claimant suffers pre-existing conditions of NECK, RIGHT SHOULDER AND LEFT SHOULDER.

2012-07091A
Page 2

- 3 -

THAT the court deviates from the opinion of Dr. Feild as it relates to bilateral shoulders. Objective medical evidence does not support cumulative trauma injury to the shoulders..

- 4 -

THAT FOR THIS HEARING ONLY, the rates of compensation are $594.41 per week for temporary total disability and $323.00 per week for permanent partial disability.

- 5 -

THAT claimant's request for temporary total disability compensation benefits from JULY 24, 2012 to JANUARY 3, 2013 is denied.

- 6 -

THAT respondent's request for credit against temporary total disability liability of short term disability payments received is denied..

- 7 -

THAT determination of underpayment and/or overpayment of temporary total disability compensation is reserved for future hearing.

- 8 -

THAT respondent and/or insurance carrier shall provide the claimant with reasonable and necessary medical treatment to the hands and arms with a doctor of respondent's selection. Respondent is ordered to authorize said medical care within 20 days of the filing date of this order.

BY ORDER OF:

/s/ *Owen T. Evans*

OWEN T EVANS, JUDGE

nj/BWhite

2012-07091A
Page 3

A copy of the above and foregoing Court Order was mailed, by regular or Certified United States Mail, on this filed stamped date to:

Claimant's Attorney:    JACK G ZURAWIK
PO BOX 35346
TULSA, OK 74153-0346


Respondent's Attorney:    JENNIFER A SLOAN
PO BOX 1710
TULSA, OK 74101-1710


I do hereby certify that the above and foregoing is a true and correct copy of the original order signed by the Judge herein.  Witness by my hand and the official seal of this court on this date.

Court Clerk
May 20, 2013

**SUMMONS**

## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

Sonya D. Lange

_____
Plaintiff(s)

vs.

John Zink, LLC

_____
Defendant(s)

**CJ-2014-00357**

Attorney(s) for Plaintiff(s)  Tim Gilpin
Name
Address  1874 S. Boulder
Tulsa, OK 74119
Telephone  918-583-8900

John Zink, LLC,
To the above-named Defendant(s)
The Corp. Co. c/o
1833 S. Morgan Rd.
OKC, OK 73126

Certified Mail

Appointed to serve. PSL # ___ 7011570 0001
6739 1849

Authorized by  Tim Gilpin

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 28 day of Apr , 20 14

Sally Howe Smith, Court Clerk

By _____ Deputy Court Clerk

(Seal)

This summons and order was served on _____
                                                                    (date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**EXHIBIT 2**

**Return ORIGINAL for filing.**

Form 2290 (Rev. 11-00) Page 2 of 5 CFB

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

FEB 1 4 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                          )
                                         )
          Plaintiff,                     )
                                         )          Case No. CJ-2014-357
vs.                                      )          Judge Daman Cantrell
                                         )
JOHN ZINK CO., LLC, a Foreign Limited    )
Liability Company,                       )
                                         )
          Defendant.                     )

## ENTRY OF APPEARANCE

Kristen L. Brightmire and Sierra G. Salton with Doerner, Saunders, Daniel & Anderson,

L.L.P., file their appearance on behalf of Defendant John Zink, Co., LLC.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: _____

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

**EXHIBIT 3**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 14, 2014, a true and correct copy of the above and foregoing instrument was hand delivered, to:

Tip Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

Kristen L. Brightmire

2980287v1

2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**
FEB **1 9** 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )     Case No. CJ-2014-357
                                         )     Judge Daman Cantrell
JOHN ZINK CO., LLC,                      )
                                         )
            Defendant.                   )
                                         )

## ANSWER AND AFFIRMATIVE DEFENSES

John Zink Co., LLC ("John Zink") for its Answer and Affirmative Defenses to the Petition filed by Plaintiff herein, states as follows:

### ANSWER

### PARTIES, JURISDICTION AND VENUE

1.      Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Petition and therefore denies the same.

2.      Defendant admits it is a limited liability company organized under the laws of Delaware, conducting business in Tulsa County, Oklahoma, but denies any remaining allegations contained in paragraph 2 of Plaintiff's Petition.

3.      Defendant admits the events alleged therein occurred in Tulsa County, Oklahoma, but does not admit that all events alleged did occur and denies any remaining allegations in paragraph 3 of Plaintiff's Petition.

4.      Paragraph 4 of Plaintiff's Petition makes allegations of jurisdiction and, therefore, requires no response.

### COUNT 1: WRONGFUL DISCHARGE – 85 O.S. §341

5.      Defendant admits the allegations contained in paragraph 5 of Plaintiff's Petition.

**EXHIBIT 4**

6.    Defendant admits Plaintiff was an employee when she reported an on-the-job-injury occurring on or about September 1, 2010, and pursued a claim with the Oklahoma Workers' Compensation Court, but denies any remaining allegations in paragraph 6 of Plaintiff's Petition.

7.    Defendant admits that Plaintiff's employment was terminated on or about October 5, 2012, but denies the remaining allegations in paragraph 7 of Plaintiff's Petition.   The October 9, 2012 email attached as an exhibit to Plaintiff's Petition was confirmation of the earlier October 5, 2012 termination by phone.

8.    Defendant admits that Plaintiff was terminated from employment, but denies the remaining allegations in paragraph 8 of Plaintiff's Petition.

9.    Defendant denies the allegations contained in paragraph 9 of Plaintiff's Petition.

10.    Defendant denies the allegations contained in paragraph 10 of Plaintiff's Petition.

11.    Defendant denies the allegations contained in paragraph 11 of Plaintiff's Petition.

**COUNT II: NEGLIGENT HIRING, SUPERVISION AND RETENTION**

12.    No answer to paragraphs 12-14 of Plaintiff's Petition is required because a motion to dismiss this count is being filed herein contemporaneously.   To the extent a further response is required, Defendant denies all allegations in paragraphs 12-14 of Plaintiff's Petition.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

13.    Defendant denies the allegations contained in paragraph 15 of Plaintiff's Petition.

14.    Defendant denies the allegations contained in paragraph 16 of Plaintiff's Petition.

WHEREFORE, having fully answered, John Zink respectfully requests that the Plaintiff take nothing by way of her Petition; that judgment be granted in favor of John Zink.; that John Zink be awarded its costs; and for such other and further relief as the Court deems just and equitable.

2

## Affirmative Defenses

Defendant John Zink, for its affirmative defenses to the Petition filed by the Plaintiff herein, alleges and states as follows:

1.   The Petition fails to state a claim upon which relief may be granted.

2.   Attorneys' fees are not recoverable in this case.

3.   Plaintiff failed to comply with OKLA. STAT. tit. 12, § 19.1 (as set forth in the motion to dismiss being filed contemporaneously) and so has failed to properly plead Count II of the Petition.

4.   Plaintiff seeks damages and/or remedies not recoverable at law.

5.   The decisions and actions taken by Defendant regarding Plaintiff's employment were based upon legitimate, non-retaliatory business reasons.

6.   Defendant's actions were taken in good faith, without malice or reckless indifference, and should not subject it to punitive damages.

7.   Plaintiff has failed to adequately and reasonably mitigate alleged damages.

8.   Defendant reserves its right to amend its affirmative defenses upon the discovery of additional information.

WHEREFORE, having fully answered and asserted its affirmative defenses, John Zink respectfully requests that the Plaintiff take nothing by way of her Petition; that judgment be granted in favor of John Zink; that John Zink be awarded its costs; and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,
  DOERNER, SAUNDERS, DANIEL &
  ANDERSON, L.L.P.

By: *Sierra Salton*

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

*Sierra Salton*

Sierra G. Salton

2980439v1

4

DISTRICT COURT

# F I L E D

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

FEB 1 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| SONYA D. LANGE, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| vs. | ) | Case No. CJ- 2014-00357 |
| | ) | Judge Daman Cantrell |
| JOHN ZINK CO., LLC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS COUNT II OF THE PETITION, DISMISS PLAINTIFF'S PRAYER FOR ATTORNEY FEES, <u>AND BRIEF IN SUPPORT</u>

Plaintiff Sonya Lange alleges John Zink Company, LLC, violated Oklahoma law by terminating her employment due to her filing of a Worker's Compensation claim.

John Zink moves to dismiss Count II of the Petition alleging negligent hiring, supervision, and retention. Should the Court grant this motion, the claims remaining would include: (1) a claim for retaliatory discharge under the workers' compensation statutes and (2) a claim for intentional infliction of emotional distress. Additionally, John Zink moves this court to dismiss Plaintiff's prayer for attorneys' fees, as such are not recoverable under Oklahoma law in either traditional tort actions or retaliatory discharge claims.

## ARGUMENTS AND AUTHORITIES

I.    **Count II should be dismissed because Plaintiff failed to submit an affidavit of merit as required by Oklahoma law.**

Plaintiff's claim for negligent hiring, supervision, and retention should be dismissed due to her failure to attach the required affidavit of merit as an exhibit to the petition. OKLA. STAT. tit. 12, § 19.1.

1

**EXHIBIT 5**

Section 19.1, requires that a "civil action for negligence wherein the plaintiff shall be required to present the testimony of an expert witness to establish breach of the relevant standard of care…" *must* be accompanied by an affidavit of merit.  The affidavit must attest the following:

    a.  the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,

    b.  the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted negligence, and

    c.  on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.

*Id.* at § 19.1(A)(1)(a-c).

Any civil action for negligence that is not filed with the affidavit attached to the petition must be dismissed without prejudice, upon motion of the defendant.   Oklahoma law mandates that, "**[i]f the civil action for negligence is filed…without an affidavit** being attached to the petition, as required….and no extension of time is subsequently granted by the court…**the court shall, upon motion of the defendant, dismiss the action** without prejudice to its refiling." *Id.* at § 19.1 (A)(2)(a-b) (emphasis added).

Section 19.1 applies to this case.  Plaintiff has alleged an action for negligent hiring, supervision and retention.  In the tort of negligence, the plaintiff must prove (i) there was a duty of care owed to her by the defendant, (ii) that defendant breached that duty, and (iii) the breach of that duty directly resulted in injury to her.  *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 12, 160 P.3d 959.  Plaintiff claims that John Zink owed her the

        duty to hire competent supervisors and managers properly trained and supervised in state Workers' Compensation laws, rights and

2

> responsibilities and to supervise its supervisors and managers;
> further, to terminate its supervisors and managers that that violated
> the terms and provisions of the law applicable to the allegations
> contained in this Petition.

Petition at ¶ 13. "The existence of a duty of care is the threshold question in any negligence action." *Lowery*, at ¶ 12. As John Zink will contest any such duty is owed and as Plaintiff cannot establish any such duty through her own testimony, Plaintiff will undoubtedly need an expert[1] to establish the applicable standard of care, *i.e.* what duty does an Oklahoma employer owe its employees in this situation?

Plaintiff may argue that Section 19.1 applies only to claims of professional negligence. This is not so. In *Wall v. Marouk*, 2013 OK 36, 302 P.2d 775, the Oklahoma Supreme Court declared Section 19 (the predecessor to Section 19.1) unconstitutional due to its violation of the Oklahoma Constitution's prohibition on special laws. Because Section 19's affidavit requirement *only* applied to claims of professional negligence, the Court admonished this distinction: "[Section 19] creates two classes, those who file a cause of action for negligence generally, and those who file a cause of action for professional negligence." *Id.* at ¶4. This dissimilar treatment of professional negligence claims resulted in an impermissible special law in violation of Article 5 Section 45 of the Oklahoma Constitution. Due in part to its status as a special law, Section 19 was declared unconstitutional. In order to address the concerns raised by the Oklahoma Supreme Court, the Oklahoma Legislature, in a 2013 special session, revised the prior law and required a pre-filing expert affidavit in *all* civil negligence cases that require "the testimony of an expert

---

[1] Experts may be qualified by their "knowledge, skill, experience, training or education" and may testify if their opinions are "based upon sufficient facts," "the product of reliable principles," and the person "has applied the principles … reliably to the facts of the case." OKLA. STAT. tit. 12, § 2702. Under this statute, the Oklahoma Supreme Court has, for example, qualified nurses as experts as to the standard of care in the treatment of bedsores. *Gaines v. Comanche County Medical Hospital*, 2006 OK 39, 143 P.3d 203 (registered nurse offered expert testimony as to the standard of care in the avoidance, care and cause of bedsores).

3

witness to establish breach of the relevant standard of care and that such breach of duty resulted in harm to the plaintiff".

Plaintiff has alleged John Zink breached its duty of care owed to her – a duty of care which will be disputed. Plaintiff can only prove such a duty through the presentation of expert testimony. As such, Section 19.1 is applicable, and Plaintiff's failure to attach the Section 19.1 affidavit requires that Count II be dismissed.

**II.     The Court should enter judgment in favor of John Zink of Plaintiff's prayer for attorneys' fees because such are not recoverable under the traditional tort claims of negligence and intentional infliction of emotional distress.**

Plaintiff alleges claims for negligent hiring, supervision and retention, as well as intentional infliction of emotional distress.   Under Oklahoma law, attorneys' fees are not recoverable under these traditional tort claims.  "Oklahoma remains 'firmly committed' to the American Rule that provides, "[e]xcept where a statute or contract provides otherwise, every litigant is responsible for its own litigation expenses, including the attorney's fee." *Morgan v. Galilean Health Enter.*, 1998 OK 130, ¶11, 977 P.2d 357, 362.   No contractual obligation for the payment of an attorney's fee in this case was ever created between Plaintiff and John Zink. Hence, Plaintiff may secure attorneys' fees for negligent hiring and intentional infliction of emotional distress *only* if that award is authorized by statute.

Defendant could find no statute allowing recovery of fees for either the tort of negligent hiring, supervision, and retention or the tort of intentional infliction of emotional distress. Thus, Plaintiff's claim should be dismissed.

**III.    The Court should enter judgment in favor of John Zink of Plaintiff's prayer for attorneys' fees because such are not recoverable in a Workers' Compensation retaliatory discharge claim.**

Plaintiff alleges that on or about September 1, 2010, she sustained an on-the-job injury. Plaintiff claims she was discharged because of that injury and her filing of a workers'

4

compensation suit in violation of Oklahoma law. The Oklahoma Workers' Compensation Act provides that an employer which violates OKLA. STAT. tit. 85, § 341 "shall be liable . . . for reasonable damages, actual and punitive if applicable, suffered by an employee as a result of [a] violation." § 341(E).

In *Webb v. Dayton Tire and Rubber Co.*, 1985 OK 7, 697 P.2d 519, the Oklahoma Supreme Court affirmed a ruling of the Oklahoma County District Court granting the defendant's motion to strike the plaintiff's prayer for attorney's fees in a retaliatory discharge claim brought pursuant to the Oklahoma Workers' Compensation Act. ¶¶ 3-4. The Oklahoma Supreme Court stated:

> It is well settled in Oklahoma, with narrow exception, that ***attorney fees are not recoverable by a prevailing party in absence of statute or enforceable contract expressly authorizing same.*** *Keel v. Covey*, 206 Okl. 128, 241 P.2d 954 (Okl.1952). The present suit was brought to recover damages for retaliatory dismissal pursuant to 85 O.S.1981 §§ 5-7. A retaliatory dismissal suit is not an action to recover for labor or services within the meaning of 12 O.S.1981 § 936, as urged by Webb. The statutory penalty provided for tortious discharge under 85 O.S.1981 § 6 is reasonable damages; and, there is nothing in the record to bring the question within the exception established in *City Nat'l Bank and Trust Co. v. Owens*, 565 P.2d 4 (Okl.1977), where defendant was awarded attorney fees by reason of the plaintiff's misconduct of trial proceedings at defendant's expense.

*Id.* at ¶ 5 (emphasis added). The Oklahoma Workers Compensation Act does not authorize the recovery of attorneys' fees for a retaliatory discharge claim. *See* § 341(E). Like the former § 6, § 341(E) only provides for the recovery for reasonable damages, actual and punitive. *Id.* As a matter of law, Plaintiff is not entitled to the recovery of attorneys' fees on her retaliatory discharge claim.

## CONCLUSION

For the reasons set forth herein, Defendant John Zink respectfully requests this Court to dismiss Plaintiff Sonya Lange's claims under Count II of her Petition and to dismiss Plaintiff's prayer for attorneys' fees.

5

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _Sierra Salton_

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

_Sierra Salton_

Sierra G. Salton

2980299v1

6

DISTRICT COURT

IN THE DISTRICT COURT OF TULSA COUNTY   F I L E D
STATE OF OKLAHOMA

MAR ~ 6 2014

SONYA D. LANGE,                         )
                                        )
                    Plaintiff,          )        SALLY HOWE SMITH, COURT CLERK
                                        )        STATE OF OKLA. TULSA COUNTY
        vs.                             ) Case No.  CJ – 2014 – 00357
                                        )      Judge Daman Cantrell
JOHN ZINK CO., LLC.,                    )
a Foreign Limited Liability             )
Company,                                )
                                        )
                                        )
                    Defendant.          )

## RESPONSE IN OPPOSITION
## TO
## DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

### I. Introduction

COMES NOW the Plaintiff, Sonya D. Lange ("Lange"), and responds in

**Opposition** to Defendant's, John Zink Co., LLC, ("Zink"), Motion to Dismiss Petition

Count II, negligent hiring, supervision and retention, and Petition prayer for attorney

fees. Without benefit of supporting case authority, Zink's Motion would have this Court

break new ground and set precedent by requiring an expert consultation affidavit in a

*non-professional negligence case.* Further, at this early stage, prior to any discovery

responses, on a contract issue, Zink urges dismissal of a prayer for attorney fees. On

both issues Zink failed to meets its burden as the moving party and the Motion to

Dismiss should be denied.

In this wrongful employment termination case, Lange, a long time employee of

Zink, suffered serious on-the-job injuries, sought medical attention, pursued a state

Workers' Compensation claim, was taken off work by treating physicians for the work

1

**EXHIBIT 6**

injuries (temporarily totally disabled) and, while off work under protection of law, was fired by Zink due to absence and pursuit of a Workers' Compensation claim. 85 O.S. §341(A) & (B). See Petition ¶ 5, 6, 7, 8 and 9.

Lange's Petition Count II alleges that Zink's supervisors and managers were aware of her on-the-job injuries, Workers' Compensation claim, work restrictions and work release(s), yet fired her in violation of the law. 85 O.S. §341(A)(B). Lange alleges that Zink was negligent because its managerial employees who fired her were hired, supervised and retained by Zink without proper knowledge or training so that they were unaware of, or failed to apply, the law that protected Lange against termination. Petition ¶ 10, 12 and 13.

Zink urges application of 12 O.S. §19.1 to Petition Count II, negligent hiring, supervision and retention. This statute is not applicable by its terms because an expert's testimony is not *required* to establish the standard of care. Zink's Motion should be denied.

Zink also argues that Lange's prayer for relief in the form of attorney fees should be dismissed. However, discovery has only begun and Lange has yet to discover if a contract of employment existed and was violated. Zink's Motion is premature and should be denied.

## A. Standard & Burden

Motions to Dismiss are generally looked upon with disfavor. The Court must determine whether relief is possible against Zink "under any set of facts that could be proved consistent with the pleadings' allegations." Lockhart v. Loosen, 1997 OK 103,

2

943 P2d 1074. When reviewing a Motion to Dismiss, the Court "must take as true all of the pleading's allegations together with all reasonable inferences which may be drawn from them." ... **"Furthermore, the burden to show the legal insufficiency of the petition is on the party moving for dismissal .."**. <u>Fanning v. Brown</u>, 2004 OK 7, ¶4, 85 P. 3d 841 and <u>Wilson v. Still</u>, 1991 OK 108, 819 P2d 713. (emphasis added).

ZInk's Motion must be <u>denied</u> unless it appears beyond doubt that Lange can prove no set of facts which would entitle her to relief. 12 O.S. §2012, committee comment; <u>Brock v. Thompson</u>, 1997 OK 127, 948 P2d 279, 284 and <u>Lockhart</u>, 943 P2d at 1078. The Petition "must not be dismissed ... unless the allegations indicate beyond any doubt that the litigant can prove <u>no</u> set of facts which would entitle him to relief." <u>Frazier v. Bryan Memorial Hospital Authority</u>, 1989 OK 73, 775 P2d 281, 287. This Court "should not ask whether the petition points to an appropriate statute or legal theory, but whether relief is possible <u>under any set of facts</u> that could be established consistent with the allegations." <u>Indiana National Bank v. State ex rel. Dept. of Human Services</u>, 1994 OK 98, 880 P2d 371, 375-76.

Finally, if the Court finds that a claim has been defectively stated, as opposed to does not exist, a plaintiff should be given an opportunity to amend the Petition. <u>Fanning v. Brown</u>, 2004 OK 7, ¶ 23, 85 P.3d 841, 848. 12 O.S. §19.1(B)(1).

## II. Affidavit of Expert Consultation

### A. 12 O.S. §19.1 Not Applicable – *Expert Not Required*

The Count for negligent hiring, supervision and retention does not require the use of an expert witness to establish a standard of care breach. Zink did not cite any cases

3

to support its proposition that this negligence theory requires expert testimony. Zink failed to meet its burden. <u>Fanning v. Brown</u>, 2004 OK 7, ¶4. Zink is asking this Court to break new ground by applying 12 O.S. §19.1 to a non-professional negligence count. Zink is, in effect, urging the application of 12 O.S. §19.1 to all negligence cases. Zink's argument is contrary to the actual language of 12 O.S. §19.1, which clearly applies only to negligence cases *requiring expert testimony*:

> "wherein the plaintiff **shall be required** to present testimony of an expert witness to establish breach of the relevant standard of care ..

> 12 O.S. §19.1(A)(1)  (emphasis added)

Nothing in Oklahoma's jurisprudence requires a claim of negligence associated with an employer's hiring, supervision and retention be supported by an expert. Granting Zink's Motion would create an additional burden upon a plaintiff that the statute did not envision.

In Oklahoma courts, an expert may testify "[I]f scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue,..". 12 O.S. §2702. The cause of negligent hiring, supervision and retention was recognized in <u>Mistletoe Express Service, Inc. v. Culp</u>, 1959 OK 250, 353 P.2d 9. Issues regarding the employment relationship and "negligent-hiring-and-retention" were submitted to the jury, without benefit of expert testimony. <u>Jordan v. Cates</u>, 1997 OK 9, 935 P.2d 289, 292. The critical element is the employer's knowledge. <u>N.H. v. Presbyterian Church</u>, 1999 OK 88, 998 P.2d 592, 600.

4

Zink's Motion failed to meet its burden by citing any case wherein a witness with "scientific, technical or other specialized knowledge" was required in a case of negligent hiring, supervision and retention.

When a topic requires special experience, testimony from a person with that experience may be received by the court. Randolph v. Collectramtic, Inc., 590 F.2d 844, 848 (10th Cir. 1979). When common knowledge or experience is extensive enough to recognize or infer negligence from the facts, expert testimony is not required, even in a professional negligence case. Boxberger v. Martin, 1976 OK 78, 552 P.2d 370, 373.

Oklahoma courts have not required scientific, technical or specialized knowledge in a case of negligent hiring, retention and supervision. Jurors' common knowledge and experience is sufficient to infer negligence from the facts.

In addition, and in the alternative, in an abundance of caution, if this Court found that expert testimony was required on Petition Count II, the appropriate remedy would not be to dismiss the claim. Instead, Lange would request the Court should allow her ninety (90) days to acquire an expert affidavit. 12 O.S. §19.1(B)(1).

### B. 12 O.S. § 19.1 Unconstitutional Money Barrier to Court Access Guaranteed by Art. 2, § 6 Oklahoma Constitution

In the unlikely event that this Court applies 12 O.S. §19.1 to Petition Count II, the statutory requirement for the payment of professional expert witness services as a prerequisite to the filing of a petition alleging non-professional negligence violates the right of access to the Courts guaranteed by Art. 2, § 6 of the Oklahoma Constitution, which provides:

5

The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

The clear language of Art. 2, § 6 requires that the Courts must be open to all, on the same terms and without prejudice. *E.g.*, *Thayer v. Phillips Petroleum Co.*, 1980 OK 95, 613 P.2d 1041, 1044-45 ("It has long been recognized that equal access to the courts, and modes of procedure therein, constitute basic and fundamental rights. **The courts must be open to all on the same terms without prejudice**") (emphasis added). The framers of the Constitution intended that all individuals, without partiality, could pursue an effective remedy designed to protect their basic and fundamental rights. Access to Courts must be available to all through simple and direct means and the right must be administered in favor of justice rather than being bound by technicalities. Claimants may not have the fundamental right of Court access withheld for non-payment of some liability or conditioned on coercive collection devices. A statute that so conditions one's right to litigate impermissibly denies equal protection and closes the court house doors to those financially incapable of obtaining a pre-petition opinion.

The statute contains an indigency provision. But, for plaintiff's not qualifying for indignecy, but still of limited and humble means, their access to the courts on even non-professional negligence cases is limited and harmed by this statutory requirement of an expert consultation. Because 12 O.S. § 19.1 violates Art. 2, § 6 of the Oklahoma Constitution, Zink's Motion to Dismiss should be denied.

### III. Attorney Fees As Relief

Zink also seeks dismissal of a "claim" for attorney fees, on the Petition's statutory and common law counts. There is only a prayer for relief that includes attorney fees. "A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he (or she) may be entitled. A motion to dismiss should be denied if relief is possible under any set of facts which can be established and is consistent with the allegations." Kirby v. Jean's Plumbing Heat & Air, 2009 OK 65, ¶5, 222 P.2d 21.

Lange is attempting to ascertain whether or not a contract existed between the parties for employment through her discovery requests. If a contact existed, a breach would entitle the damaged party to attorney fees. Morgan v. Galilean Health Enterprises, 1998 OK 130, 977 P.2d 357. This case was recently filed on January 28, 2014. Zink was served the Petition and Lange's First Set of Discovery Requests on January 30, 2014. *Discovery in this case on the issue of whether or not a contract for employment existed is still outstanding and not completed.* Zink's Motion to dismiss attorney fees as a form of relief is premature and therefore must be denied.

### IV. CONCLUSION

WHEREFORE, the Plaintiff, Sonya D. Lange, prays that Defendant's, John Zink Co., LLC, Motion to Dismiss Count II and prayer for relief in the form of attorney fees be DENIED. In the alternative, Lange requests ninety (90) days to acquire an affidavit of expert consultation relevant to Count II. 12 O.S. §19.1(B)(1).

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this _6th_ day of _March_____, 2014.

Tim Gilpin

8

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                    )
                                   )
          Plaintiff,               )
                                   )
vs.                                )        Case No. CJ-2014-357
                                   )        Judge Daman Cantrell
JOHN ZINK CO., LLC,                )
                                   )
          Defendant.               )

**DISTRICT COURT**
**F I L E D**

MAR 2 4 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## MOTION FOR LEAVE TO FILE REPLY BRIEF

Pursuant to Rule CV18, Defendant John Zink Co., LLC ("John Zink") requests this Court grant them leave to file a reply brief in support of its Motion to Dismiss.

1.     On February 19, Defendant filed a motion to dismiss *inter alia* Plaintiff's prayer for attorneys' fees on all claims she raised: retaliatory discharge under the workers' compensation statute and the tort claims of negligence and intentional infliction of emotional distress.

2.     On March 6, Plaintiff filed her response.  The basis of the response as to the attorneys' fees claim was that she was "attempting to ascertain whether or not a contract existed between the parties for employment through her discovery requests."  Plaintiff then noted that the discovery requests were outstanding.  Pl. Resp. at 7.

3.     The parties exchanged discovery responses March 17.  Based in large part upon its review of those discovery responses, Defendant would like to file a short reply addressing its motion to dismiss Plaintiff's prayer for attorneys' fees.  (Defendant will not be addressing its motion to dismiss Count II of Plaintiff's Petition.)

4.     On March 20, Defendant's counsel contacted Plaintiff's counsel to see if he had an objection to the filing of this motion.  Defendant's counsel was advised he was out of the

**EXHIBIT 7**

office, so she sent an email that day hoping to reach him. Ex. 1. This was the tenth day. OKLA. STAT. tit. 12, § 2006(A).

5.      Plaintiff's counsel responded to the email on Saturday, March 22.   Plaintiff objects to this motion on the sole basis that the motion will be filed outside the ten day window. To ensure that we do not misstate his objection, it is attached.  Ex. 2.

6.      Defendant appreciates its request is just beyond the ten days usually set for such requests for leave to file a reply brief.  Rule CV 18.  However, because Plaintiff's response was tied to discovery responses and because Defendant did not have an opportunity to review those discovery responses until the week of March 17, it did not know whether a reply was warranted prior to its review of discovery.  Defendant contacted Plaintiff's counsel on the tenth day. Plaintiff's counsel was out of town on that day and apparently the next day.  Thus, this motion was delayed two business days due to his absence.  **Had Plaintiff's counsel been available on the day he was initially contacted, he would have had no objection to lodge.**

7.      At this time, Defendant believes a brief reply would aid the Court in its disposition of the motion to dismiss Plaintiff's prayer for attorneys' fees.

A proposed order is submitted herewith granting Defendant leave to file its reply brief within five days of entry of the Court's order.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _Kristen L. Brightmire_
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 24, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

_Kristen L. Brightmire_
Kristen L. Brightmire

3013657v1

3

| | |
|---|---|
| **From:** | Salton, Sierra G. |
| **Sent:** | Thursday, March 20, 2014 3:29 PM |
| **To:** | 'timgilpin@gilpinlaw.net' |
| **Cc:** | Brightmire, Kristen L. |
| **Subject:** | Sonya Lange v. John Zink [IWOV-Active.FID322302] |

Good afternoon,

We are going to file a motion for leave to file a reply brief regarding our motion to dismiss Count II of the Petition and Plaintiff's Prayer for Attorney Fees. Do you have any objection?

Please let me know.

Best,

Sierra Salton



**Sierra G. Salton | attorney**

Two West Second Street, Suite 700 | Tulsa, OK 74103-3117 | p: 918.591.5236 | f: 918.925.5236

ssalton@dsda.com | www.dsda.com

CONFIDENTIALITY NOTICE. This e-mail and any attachments are intended only for the use of those to whom it is addressed and may contain information that is confidential and prohibited from further disclosure under law. If you have received this e-mail in error, its review, use, retention and/or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments.

TAX NOTICE: This communication may contain federal tax advice.  IRS regulations require us to advise you that unless expressly stated otherwise, nothing in this communication was intended or written to be used and cannot be used or relied upon by any taxpayer to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein.  Only formal, written tax opinions meeting IRS requirements may be relied upon for the purpose of avoiding tax-related penalties.  Please contact one of the firm's tax attorneys if you have any questions regarding federal tax advice

Exhibit 1

**From:** Tim Gilpin <timgilpin@gilpinlaw.net>
**Sent:** Saturday, March 22, 2014 6:09 PM
**To:** Salton, Sierra G.
**Subject:** Sonya Lange v. John Zink - Objection

Ms. Salton:

I just returned to town last night. Plaintiff OBJECTS to your application for leave to file a Reply Brief. Plaintiff's Response Brief in Opposition to the Motion to Dismiss was filed March 6, 2014. Local Rule CV 18 requires that reply briefs are only permitted by leave of court by application filed within 10 days of the filing of the response brief. Should you still seek leave to file a reply brief, please note Plaintiff's objection, the reason for the objection and Local Rule CV 18.

Thank you, Tim Gilpin

On Mar 20, 2014, at 3:29 PM, Salton, Sierra G. wrote:

Good afternoon,

We are going to file a motion for leave to file a reply brief regarding our motion to dismiss Count II of the Petition and Plaintiff's Prayer for Attorney Fees. Do you have any objection?

Please let me know.

Best,

Sierra Salton

<image001.png>   **Sierra G. Salton | attorney**
Two West Second Street, Suite 700 | Tulsa, OK 74103-3117 | p: 918.591.5236 | f: 918.925.5236
ssalton@dsda.com | www.dsda.com

**CONFIDENTIALITY NOTICE:** This e-mail and any attachments are intended only for the use of those to whom it is addressed and may contain information that is confidential and prohibited from further disclosure under law. If you have received this e-mail in error, its review, use, retention and/or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message and any attachments.

**TAX NOTICE:** This communication may contain federal tax advice. IRS regulations require us to advise you that unless expressly stated otherwise, nothing in this communication was intended or written to be used and cannot be used or relied upon by any taxpayer to avoid any penalty under federal tax law or to promote, market or recommend any transaction or matter addressed herein. Only formal, written tax opinions meeting IRS requirements may be relied upon for the purpose of avoiding tax-related penalties. Please contact one of the firm's tax attorneys if you have any questions regarding federal tax advice

Exhibit 2

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

SONYA D. LANGE,      )
                      )
         Plaintiff,     )
                      )
        vs.          )  Case No.  CJ – 2014 – 00357
                      )    Judge Daman Cantrell
JOHN ZINK CO., LLC.,    )
a Foreign Limited Liability  )
Company,             )
                      )
        Defendant.   )

**DISTRICT COURT
FILED
MAR 25 2014**

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## RESPONSE IN OPPOSITION
## TO
## DEFENDANT'S MOTION TO FILE REPLY BRIEF

COMES NOW the Plaintiff, Sonya D. Lange ("Lange"), and responds in **Opposition** to Defendant's, John Zink Co., LLC, ("Zink"), Motion to File Reply Brief. In opposition, Lange states the following:

1. Local Rule CV 18. Zink requests leave to file reply brief more than ten (10) days from filing of Lange's Response Brief to the original Motion to Dismiss. The Response Brief was filed on March 6, 2014. Lange's counsel received Zink's Brief seeking leave on March 25, 2014;

2. Zink argues for leave to file reply on the issue of a prayer that included attorney fees. Lange's Response Brief argued that Zink had <u>not responded to discovery on the issue of contract between the parties</u>. Thus, the Motion should fail or be held in abeyance. Zink currently argues it has responded to discovery. In fact, Zink had not cooperated in discovery, only recently produced a few, limited,

1

**EXHIBIT 8**

answers to Interrogatories and no documents. (see counsel's letter requesting CV 21 conference, dated 3/22/14, Exhibit "A");

3. Zink should not be allowed to file a reply brief and its Motion to Dismiss should be Denied or held in abeyance until discovery had been adequately and completely responded to, at least, on the subject issues;

4. Zink is attempting to move forward on Motion to Dismiss without cooperating or adequately responding in discovery, thus placing Lange at a disadvantage in her ability to respond to the Motion;

5. Lange is attempting to resolve the discovery matter, but reasonably believes it likely that a Motion to Compel discovery responses will be necessary in the near future.

WHEREFORE, the Plaintiff, Sonya D. Lange, prays that Defendant's, John Zink Co., LLC, Motion to File Reply Brief be DENIED.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Sonya D. Lange

2

## CERTIFICATE OF MAILING

   I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this 25th day of March, 2014.

              Tim Gilpin

3

EXHIBIT "A"

THE LAW OFFICE OF TIM GILPIN

EMAIL: timgilpin@gilpinlaw.net

THE RIVERPARK BUILDING • 1874 SOUTH BOULDER • TULSA, OK 74119 • 918-583-8900 • FAX 918-796-5724 • www.gilpinlawtulsa.com

March 22, 2014

Kristen L. Brightmire
Sierra G. Salton
Doerner, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

Via Email & U.S. Mail

RE:   <u>Sonya D. Lange v. John Zink Co., LLC</u>, Tulsa Co. # CJ-2014-357
 -   **Discovery Dispute CV 21**

Dear Ms. Brightmire & Slaton:

Regarding the above case, I am in receipt of Defendant's responses to Plaintiff's Requests for Admission, Interrogatories and Document Requests. However, several questions arose when reviewing Defendant's responses, objections and refusal to provide any documents. Are you claiming that any and all responsive documents are privileged and/or confidential in nature and that's why no documents were provided with the response? In any event, it would have been appropriate to either have agreed to the proposed Protective Order Plaintiff provided with the Discovery Requests, suggested changes to that order or commented on a proposal of your own. Instead, Defendant made no comment on the proposed Protective Order and provided no documents. It appears from the lack of responses that Defendant is purposefully refusing to cooperate in this discovery and acting to stall progress in our case. As such, Plaintiff is requesting a Local Rule CV 21 conference during the week of March 24th to review the discovery disputes listed below and attempt an informal resolution. Please look at your calendar and the issues below and contact me with several dates for the conference.  Since this is my request, I am offering my office for our meeting.

<u>Requests For Admission</u>

<u>Request for Admission No. 3</u>:     Regarded Defendant accommodating, or not, Plaintiff's medical restrictions at work. Defendant objected, then seems to have "denied" the request. However, the follow up Interrogatory No. 3 was not answered relevant to the reason(s) for a denial. This was an evasive and/or incomplete non-answer. 12 O.S. §3237((A)(3);

<u>Request for Admission No. 6</u>:     Regarded what Defendant, or its insurer, paid Plaintiff in Short Term Disability money benefits for a specified time period. Documents were provided that constituted admissions in the state Workers' Compensation Court. Yet, Defendant objected on relevancy grounds and did not admit or deny the Request. Defendant also did not answer the follow up Interrogatory No. 6, in the event of a denial. As such, I cannot conclude if Defendant admitted or denied the request. This  was an evasive and/or incomplete non-answer. 12 O.S. §3237((A)(3);



K. Brightmire
Lange v. Zink, 3/22/14
Discovery Dispute/CV 21
1st attempt

   Request for Admission No. 7:   Regarded Defendant not paying Plaintiff temporary total disability because she was receiving Short Term Disability payments. Defendant objected on relevancy grounds and did not admit or deny the Request. Defendant also did not answer the follow up Interrogatory No. 6, in the event of a denial. As such, I cannot conclude if Defendant admitted or denied the request. This was an evasive and/or incomplete non-answer. 12 O.S. §3237((A)(3);

      If we unable to reach a timely resolution on the disputed Requests for Admission, Plaintiff will file a Motion to Compel with the Court and request that the answers to No. 3, 4, and 7 be deemed insufficient or admitted. 12 O.S. §3236(A).

### Interrogatories

   Interrogatory No. 11:    Sought the identity of the person/employee who replaced Plaintiff at her job following her termination. Plaintiff is seeking an important witness's identity. Defendant refused to provide any answer;

   Interrogatory No. 12:    Sought the identity of employees · at Oklahoma locations who were terminated from October, 2010, to the present. Defendant refused to provide any answer. Plaintiff is seeking witnesses who worked for the same employer in the same work place who were also fired by John Zink. This is a wrongful termination case and the Interrogatory was limited to a reasonable period of time and geographic location;

   Interrogatory No. 13:    Sought John Zink's version of what work restrictions Plaintiff had that necessitated her termination. Defendant alleges that Plaintiff was fired

      "[A]fter consulting with her and learning that she was not scheduled to be
      released to work in the near future, her employment was terminated."
                     Response to Interrogatory No. 8

   What restrictions forbid Plaintiff from being released to work? In this wrongful termination case Plaintiff suffered work related injuries and had work restrictions. Which of these restrictions made it impossible for Plaintiff to return to work is an important and relevant piece of information that will likely be evidence at our jury trial;

   Interrogatory No. 14:    Sought what Defendant did to accommodate Plaintiff's work restrictions that disabled her from performing her work. "Accommodate" is specifically defined as "enable Sonya D. Lange to perform her essential job functions". Defendant refused to provide any answer. This is a case of retaliatory discharge where admittedly a work injury occurred and physician restrictions were in

2

K. Brightmire
Lange v. Zink, 3/22/14
Discovery Dispute/CV 21
1st attempt

place. Firing Plaintiff due to her pursuit of a workers' compensation claim and/or while she was temporary totally disabled because of work absence is a discriminatory act. What Defendant did or did not do to accommodate the physician restrictions so Plaintiff could return to work sooner is relevant and likely will be evidence at our jury trial;

<u>Interrogatory No. 15</u>:     Sought the identity of witnesses. Defendant listed a few names, without any identifying information (definition supplied). Defendant did not list whether or not the witnesses were current employees or, if current employees, what position they held and if that position was managerial in nature. The answer was evasive and, thus a non-answer. 12 O.S. §3237((A)(3);

If we are unable to reach a timely resolution on the disputed Interrogatories, Plaintiff will file a Motion to Compel seeking complete and full responses.

<u>Document Production Requests</u>

<u>Request No. 1</u>:     Sought Plaintiff's employment file and documents related to her job performance, functions, injuries, restrictions and disability. Defendant objected, but stated it would respond. Yet no documents were provided. This was an evasive non-response that stalled progress in our case;

<u>Request No. 2</u>:     Sought documents related to other allegations of wrongful discharge against the Defendant. Defendant objected, attempted to limit the Request to workers' compensation and refused to provide any documents. Plaintiff is not limited to retaliatory discharge under Workers Compensation. Further, Plaintiff is unwilling to allow Defendant to unilaterally decide what among its charges of wrongful discharge might be relevant to our case.

<u>Request No. 3</u>:     Sought documents on other employees who have filed a workers' compensation claim and, specifically, Form 2s. Defendant objected, then agreed to provide the responsive documents. However, no documents were provided. Defendant insisted on a Protective order, yet did not propose one and did not comment on the proposed Protective Order that was provided by Plaintiff. This was an evasive non-answer, 12 O.S. §3237((A)(3), that's purpose appears to delay progress in our case;

<u>Request No. 4</u>:     Sought relevant employee manuals or handbooks. Defendant objected, but stated it would respond. Yet no documents were provided. This was an evasive non-response, 12 O.S. §3237((A)(3), that stalled progress in our case;

3

K. Brightmire
Lange v. Zink, 3/22/14
Discovery Dispute/CV 21
1st attempt

**Request No. 6:** Sought statements taken in the case. The Request specifically excluded attorney/client communications. Defendant objected, but stated it would respond. Yet no documents were provided. This was an evasive non-response, 12 O.S. §3237((A)(3), that stalled progress in our case;

**Request No. 7:** Sought the personnel file of the person who replaced Plaintiff at the work place. Defendant objected and refused to respond. Information on the employee who assumed Plaintiff's work duties in this discrimination case is both relevant and likely will be evidence in our jury trial. Further, Defendant did not even comment on the Protective Order that Plaintiff provided or propose one of its own;

**Request No. 8:** Sought documents memorializing or relating to the qualifications for Plaintiff's job at Defendant. Defendant refused to respond. This information is most relevant to the facts and defenses in our wrongful termination discrimination case. The refusal to respond indicates Defendant is simply stalling progress in our case;

**Request No. 9:** Sought Defendant's profit and loss statements for 2010 to present. Defendant refused to respond. If we cannot agree to a response under the proposed Protective Order, Plaintiff will seek the Court's assistance through a Motion to Compel production;

**Request No. 10:** Sought documents related to Plaintiff's termination. Defendant stated it would respond. Yet no documents were provided. This was an evasive non-response, 12 O.S. §3237((A)(3), that stalled progress in our case;

**Request No. 11:** Sought documents related to Defendant's efforts to enable Plaintiff to perform her job. Defendant objected and refused to respond. These documents are clearly relevant to the allegations of retaliatory discharge and discrimination. The refusal to respond indicates Defendant is simply stalling progress in our case;

**Request No. 12:** Sought non privileged communications between Defendant and its workers' compensation insurer on Plaintiff. The Request specifically excluded attorney/client communications. Defendant stated it would respond. Yet no documents were provided. This was an evasive non-response, 12 O.S. §3237((A)(3), that stalled progress in our case;

**Request No. 13:** Sought documents related to payment of Plaintiff's Short Term Disability and/or temporary total disability. Defendant objected and refused to respond. These documents are clearly relevant to the allegations of retaliatory

4

K. Brightmire
Lange v. Zink, 3/22/14
Discovery Dispute/CV 21
1st attempt

discharge, discrimination and period of temporary total disability. The refusal to respond indicates Defendant is simply stalling progress in our case;

In light of all the above, I am requesting that we meet next week for a CV 21 conference. Please contact me with several convenient dates and times. Absent hearing back from you, I will assume the obligations under CV 21 have been complied with and proceed with a Motion to Compel seeking the Court's assistance. Thank you.

Very Sincerely,

Timothy S. Gilpin

TSG/cp

5

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
# FILED

MAR 2 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                          )
                                         )
           Plaintiff,                    )
                                         )
vs.                                      )     Case No. CJ-2014-357
                                         )     Judge Daman Cantrell
JOHN ZINK CO., LLC,                      )
                                         )
           Defendant.                    )

### ORDER GRANTING DEFENDANT LEAVE TO FILE REPLY BRIEF

Upon consideration of Defendant's Motion for Leave to File

Reply Brief, the Court finds that such motion should be granted.  It is hereby ordered that

Defendant may file its reply brief within five days of entry of this order.

IT IS SO ORDERED.

Dated this 26th day of _____March_____, 2014.

_____
JUDGE OF THE DISTRICT COURT

Submitted by:

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

3013666v1                                                **EXHIBIT 9**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                    )
                                   )
            Plaintiff,             )
                                   )                **DISTRICT COURT**
vs.                                )          **F I L E D**
                                   )     Case No. CJ-2014-357
                                   )     Judge Daman Cantrell     MAR 3 1 2014
JOHN ZINK CO., LLC,                )
                                   )
            Defendant.             )                SALLY HOWE SMITH, COURT CLERK
                                                    STATE OF OKLA. TULSA COUNTY

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

Defendant John Zink Co., LLC ("John Zink") filed a motion for partial dismissal seeking to dismiss Count II (negligent hiring, supervision, and retention) and seeking to dismiss Plaintiff's prayer for attorneys' fees. While Defendant continues to urge its full motion, this reply addresses only the latter point.

**I. PLAINTIFF'S CLAIM FOR ATTORNEYS' FEES SHOULD BE
DISMISSED AS SHE HAS FAILED TO STATE ANY CLAIM FOR
WHICH FEES ARE RECOVERABLE**

Plaintiff's Petition alleges three Counts: retaliator discharge in violation of OKLA. STAT. tit. 85, § 341; the tort of negligent hiring, supervision, and retention; and the tort of intentional infliction of emotional distress. In its motion, John Zink set forth its arguments including a citation to *Webb v. Dayton Tire and Rubber Co.*, 1985 OK 7, ¶ 5, 697 P.2d 519, 522 (**"It is well settled in Oklahoma, with narrow exception, that attorney fees are not recoverable by a prevailing party in absence of statute or enforceable contract expressly authorizing same."** (emphasis added)). *See also* Def's Mot. at pp. 3-4.

Conceding that she had not pled any such theory of recovery, in her response, Plaintiff's entire argument is as follows:

**EXHIBIT 10**

> Lange is attempting to ascertain whether or not a contract existed between the parties for employment through her discovery requests. If a contract existed, a breach would entitle the damaged party to attorney fees. <u>Morgan v. Galilean Health Enterprises</u>, 1998 OK 130, 977 P.2d 357. This case was recently filed on January 28, 2014. Zink was served the Petition and Lange's First Set of Discovery Requests on January 30, 2014. Discovery on the issue of whether or not a contract for employment existed is still outstanding and not completed. Zink's motion to dismiss attorney fees as a form of relief is premature and therefore must be denied.

Pl. Resp. at 7. This is not a basis upon which to deny John Zink's motion.

Plaintiff should not be allowed to maintain her claim for fees on the hope that she can later develop a theory of recovery to support her claim of attorneys' fees.[1] Surely, if there were an "enforceable contract expressly authorizing" the recovery of attorneys' fees between the parties, Plaintiff - necessarily a party to that contract - would know of its existence. Yet, she did not allege the existence of such a contract. She did not do so because there is no contract. Without such allegations, there is no basis upon which to deny the motion.

The case cited by Plaintiff, *Morgan v. Galilean Health Enterprises*, does <u>not</u> stand for the proposition that, if *any* contract existed, a breach would entitle the damaged party to attorney fees. In *Morgan*, the issue was whether the prevailing plaintiff could recover fees under the tort theory raised or under a statutory claim. In *dicta*, the court noted our state's general position:

> When called upon to assess litigation expenses, we continue to stand firmly committed to the American Rule. Except where a statute or contract provides otherwise, every litigant is responsible for its own litigation expenses, including the attorney's fee. No contractual obligation for the payment of an attorney's fee in this

---

[1] Plaintiff argues she is awaiting discovery to learn whether such a contract exists. Plaintiff should know whether she was party to a contract. To the extent she is currently unaware of a contract to which she may later claim she was a party, the proper course is for Plaintiff to move to amend when she has enough evidence to state such a claim. If at that time, she can state a claim for breach of a contract *which provides for the recovery of attorneys' fees*, she can include a prayer for them. It is improper to allow that claim to remain in this lawsuit based upon the remote hope that Plaintiff will stumble upon a contract authorizing the payment of attorneys' fees to the prevailing party – a written contract about which Plaintiff has no recall.

2

case was ever create between Morgan and Galilean. Hence,
Morgan may secure an attorney's fee *only* if that award is
authorized by statute.

*Id.* at ¶ 11. *Morgan* supports John Zink's position. Plaintiff must not only allege a contract but a "contractual obligation for the payment of attorney's fees."

Plaintiff has not pled a statute under which attorney's fees are recoverable. Attorneys' fees are not recoverable for tort claims. Plaintiff has not pled that she and John Zink were party to a contract which expressly authorizes the payment of attorneys' fees to the prevailing party.

Based upon the foregoing, Defendant respectfully requests that Plaintiff's prayer for the recovery of attorneys' fees be dismissed.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: Kristen L. Brightmire
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 31, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

Kristen L. Brightmire

3017979v1

4

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| SONYA D. LANGE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CJ – 2014 – 00357 |
| | ) | Judge Daman Cantrell |
| JOHN ZINK CO., LLC., | ) | |
| a Foreign Limited Liability | ) | |
| Company, | ) | |
| Defendant. | ) | |

**DISTRICT COURT**
**F I L E D**

APR 2 3 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA: TULSA COUNTY

## PLAINITFF'S MOTION TO COMPEL DISCOVERY
## AND
## SUPPORTING BRIEF

### I. Introduction

COMES NOW, the Plaintiff, Sonya D. Lange ("Lange"), and pursuant to Okla. Stat. Tit. §3237 moves to Compel discovery from the Defendant, John Zink Co., LLC, ("Zink"). After being employed for over three and a half (3 ½ ) years, Lange was fired by Zink after reporting a work injury, while receiving medical care and off work on a physician's work release. The Petition alleges that Lange was wrongfully terminated: 1) because she pursued her rights and a claim under state Workers' Compensation Act; and, 2) she was fired while temporarily totally disabled (off work under physician's orders), due solely to absence from work. 85 O.S. §341(A) & (B). See  Zink termination email dated 10/9/12. (Exhibit "A"). Lange's Petition also contains counts for Intentional Infliction of Emotional Distress and Negligent Hiring and Supervision.

### A.  Pre-Motion Consultation

Lange and Zink's counsel have consulted on the discovery controversies below, to no avail. Lange seeks discovery on witnesses, documents and financial data relevant to the claims and defenses in this retaliatory discharge case.

1

**EXHIBIT 11**

## II.  85 O.S. §341: Burden of Proof And Relevant Evidence

Patterns of an employer's behavior toward its employees is important, relevant and discoverable evidence in a retaliatory discharge case.  At the very least, such evidence is likely to lead to admissible trial evidence. 12 O.S. §3226(B)(1)(a). Lange bears the burden of proof to establish a prima facie case. If successful, a burden of production then shifts to Zink/employer to articulate a legitimate non-retaliatory reason for the termination. If Zink meets its burden, the case proceeds to a more specific level of factual inquiry. Lange must then produce evidence that the proffered termination reason is pretext. Even if pretext is not shown, Lange may still recover by showing that the termination was "significantly motivated" by retaliation for exercising her statutory rights under the workers' compensation laws, even though other legitimate reasons for the firing exist. Wallace v. Halliburton Co., 1993 OK 24, ¶5, 850 P.2d 1056; Buckner v. GMC, 1988 OK 73, ¶¶9, 10 and 11, 760 P.2d 803; Mantha v. Liquid Carbonic Industries, Inc., 1992 OK CIV APP 28, ¶5, 839 P.2d 200.

### A. Circumstantial Evidence & Patterns of Behavior

"Because employers seldom admit to any wrongdoing, the link between the employee's filing of a workers' compensation claim and his subsequent termination must usually be shown by circumstantial evidence". Mantha v. Liquid Carbonic Industries, Inc, at ¶7. This evidence may take the form of patterns of behavior by the employer such as:

    a.    encouraging employees suffering work-related injuries to file health insurance claims instead of workers' compensation claims;

    b.    supervisors getting mad when employees showed interest in filing a workers' compensation claim;

    c.    employees worried about being fired if they filed workers' compensation claims;

    d.    employees let go after filing a workers' compensation claim, over less

2

qualified employees who had not filed a claim.

<u>Wallace v. Halliburton Co.</u>, at ¶¶14, 15 & 16.

Oklahoma Courts have also found an employee's retaliatory discharge case lacking because "a pattern of termination of workers who filed claims, or of pressure put on workers not to file claims" was not shown by the evidence. <u>Taylor v. Cache Nursing Centers</u>, 1994 OK CIV APP 160, ¶15, 891 P.2d 607.

Patterns of an employer's behavior toward its employees is important, relevant and discoverable evidence in a retaliatory discharge case.

## B. Liberal Discovery of Information

The Oklahoma Discovery Code was written and is interpreted to allow liberal discovery of information and documents that go to the allegations in a case and defenses thereto *or could lead to* evidence admissible at trial, 12 O.S. §3226(B)(1)(a):

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*" (emphasis added)

## III. <u>Discovery Sought Compelled</u>

### A. Interrogatories
(Amended Answers to Interrogatories, Exhibit "B")

<u>**Interrogatory No. 11:**</u>   Lange sought the identity of the employee(s) who replaced her. John Zink refuses to identify this employee(s). Plaintiff previously offered,

3

several times, to enter into an Agreed Protective Order. Identifying the replacement employee goes to the defense that Lange's position was eliminated. On the other hand, if a replacement employee exists, that employee's qualifications compared to Lange, lack of a work injury record, absentee history, physical limitations, restrictions or disabilities (or lack thereof) are relevant by comparison to prove that Lange was fired due to suffering a work injury with resulting restrictions and/or filing a workers' compensation claim. Wallace v. Halliburton Co., at ¶¶14, 15 & 16 and Taylor v. Cache Nursing Centers, ¶15.

**Interrogatory No. 12:** Sought indentifying information on other employees who were terminated. Lange narrowed the request to Oklahoma locations and for a three (3) year period. Zink refuses to identity employees who were terminated. In this wrongful discharge case, Plaintiff is seeking witnesses who worked in the same general work environment, for the same employer and who experienced being fired during the same time period Lange worked for and was fired by Zink. Lange seeks evidence of a pattern of terminations or pressure put on employees. Taylor v. Cache Nursing Centers, ¶15.

This discovery should not be limited controlled by Zink by limiting its scope to claims Zink identifies with work injuries. Zink may argue that it be allowed to limit its response to only those fired employees who claimed a problem with their work injury claim. However, *an employer and former employee often disagree over the reason(s) for a termination.* If Zink where allowed to unilaterally limit its scope of response to those it identified as work injury terminated workers, the Defendant would be in a position to characterize its former employees' issue(s) without benefit of any check upon the accuracy and without Lange being able to discover the former employees belief(s) on why they were fired. Enabling Zink

4

to control the scope of this discovery would allow it to act in its best interests without any check on veracity and the totality of the response.

The compelled discovery, in large part, seeks the identity of, and/or will lead to, persons with knowledge of the events in our case (witnesses) and/or individuals who experienced similar circumstances in the same work place during the same general time period. Lange offered to enter into an Agreed Protective Order to safe guard private information and Zink's position regarding potentially sensitive information.

> "The identity and location of persons having knowledge of matters pertaining to an action are not privileged, except in the possible instance of informers." FDIC v. St. Paul Fire & Marine Insur. Co., 53 F.R.D. 260 (W.D. Okla. 1971)

## B. Document Production Request
(Amended Answers to Document Requests, Exhibit "C")

**Request No. 1**: Sought Lange's employment file and related documents.  Zink produced (dumped) approximately 900 documents and refused to categorize these documents by discovery Request such that Lange can accurately identify her employment file and documents related to her job performance, functions, injuries, restrictions and disability. Lange cannot proceed in the case without a clear understanding of what documents Zink relied upon in making its employment decisions related to Lange. 12 O.S. §3234(B)(5), provides in part:

> "Unless the parties otherwise agree, or the court otherwise orders:
>
> a. a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request,"

Lange requests the Court Order Zink to organize and label the approximate 900

pages of documents to correspond to the categories of the Requests. This will serve the purpose of an orderly, economical and efficient discovery process and allow Lange to accurately understand what supports or does not support Zink's defenses in the case.

**Request No. 2**: Sought documents relating to allegations of wrongful discharge lodged against Zink. Lange narrowed the requested information to lawsuits, Equal Employment Opportunity Commission claims and attorney demands regarding allegations of wrongful termination in Oklahoma and for a period of three (3) years. Lange is attempting to discovery a pattern of behavior by Zink toward its employees by discovering the identity and location of potential witnesses from the same environment, during the same general time period as Lange's tenure at Zink and who were terminated and alleged it was wrongful. *Lange is properly attempting to discover a pattern of behavior by Zink towards its employees.* Wallace v. Halliburton Co., at ¶¶14, 15 & 16 and Taylor v. Cache Nursing Centers, at ¶15.

**Request No. 3:** Sought documents that memorialize employee claims of work-related injury at Zink for the last 3 years. Specifically, *Lange requested copies of state Workers' Compensation Form 2s*. Workers' Compensation Form 2s are required by the state to be filed and kept by an employer when a worker is injured on-the-job and looses time from work or requires medical attention. (see Form 2, Exhibit "D").

*Form 2s contain all the information sought* (including the witness' injury, address and contact information). *Form 2s are required by state law to be created and readily available.* However, they are not public information and thus their production must be accomplished

6

within a Court discovery process. Lange offered to enter an Agreed Protective Order to safe guard private information of third persons.

Form 2s are relevant to Lange's discovery of witnesses and/or other employees who experienced similar facts and circumstances as her (work-related injury), in the same work place, during the same period of time <u>and</u> contain the witness' contact information and whereabouts. *Lange is properly attempting to discover a pattern of behavior by Zink towards its employees.* <u>Wallace v. Halliburton Co.</u>, at ¶¶14, 15 & 16 and <u>Taylor v. Cache Nursing Centers</u>, at ¶15.

**Request No. 7:** Sought the personnel file of the employee(s) who replaced Lange. John Zink refuses to provide it. Plaintiff previously offered, several times, to enter into an Agreed Protective Order. Information on the replacement employee goes to the potential defense that Lange's position was eliminated. On the other hand, if a replacement employee exists, that employee's qualifications compared to Lange, lack of a work injury record, absentee history, physical limitations, restrictions or disabilities (or lack thereof) are relevant by comparison to prove that Lange was fired due to a work injury with resulting restrictions and/or filing a workers' compensation claim.

**Request No. 8:** Sought a Job Description for Plaintiff's position. Zink stated that this document(s) would be provided, but none was tendered. Zink Doc. No. JZ000879 – JZ000880 states a document describing Plaintiff's job responsibilities exists, but Zink has thus far, failed, refused or neglected to produce it.

7

**Request No. 9**: John Zink refuses to provide its profit and loss statements for 2010 to present **or** Income Tax Returns. Plaintiff has previously offered, several times, to enter into an Agreed Protective Order to safe guard private information of third persons.

These documents are relevant, and are likely to lead to admissible evidence, on any defense of financial necessity for the termination, lack of ability to fill Lange's position and the issue of punitive damages.

Regarding a defendant's financial information and records, in <u>YMCA of OKC v. Melson</u>, 1997 OK 81, 944 P.2d 302, 305, the Oklahoma Supreme Court dealt with an issue of whether: "(1) a tort defendant may be compelled to produce financial records *in advance* of the judge's in-trial decision that would submit to the jury the plaintiff's plea for punitive damages ...". In this 1997 decision, the Oklahoma high Court expressly rejected a "wait and see" discovery position and held that "the documents in contest may indeed be the subject of pretrial discovery, ..." subject to the court's consideration of an appropriate protective order.

**Request No. 10:**     Sought documents related to Lange's termination. John Zink refuses to identify what documents are related to Plaintiff's termination, among the almost 900 pages previously produced. 12 O.S. §3234(B)(5), provides in part:

> "Unless the parties otherwise agree, <u>or the court otherwise orders</u>:
>
> a. a party who produces documents for inspection shall produce them as they are kept in the usual course of business <u>or shall organize and label them to correspond with the categories in the request</u>,"

Lange requests the Court Order Zink to organize and label the approximate 900 pages of documents produced to correspond to the categories of the Requests. This will

8

serve the purpose of an orderly, economical and efficient discovery process and allow Lange to accurately understand what supports or does not support Zink's defenses in the case.

## IV. Conclusion

WHEREFORE, premises considered, the Plaintiff, Sonya D. Lange, prays that Defendant, John Zink Co., LLC, be Compelled, pursuant to 12 O.S. §3237, to produce on a date certain complete and full responses to the above discovery. Further, that Plaintiff be awarded her attorney fees, costs and any other relief this Court deems just and equitable related to the brining of this Motion.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

9

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117

on this 23rd day of _____April_____, 2014.

Tim Gilpin

10

EXHIBIT "A"

**Hopkins, Shawnna**

| | |
|---|---|
| **From:** | Smith, Patty |
| **Sent:** | Tuesday, October 09, 2012 12:21 PM |
| **To:** | Sonya Carr (sonyadawn@att.net) |
| **Subject:** | Termination Information |

Dear Sonya,

You are currently off-site because of a medical restriction that prevents you from performing your job now or in the near future. In addition, you have exhausted all applicable leave under the Family and Medical Leave Act. As a result, we have made the business decision to terminate your employment.

We wish you the best for the future and remind you that you are welcome to apply for open positions we have once you are ready, willing and able to return to work.

Sincerely,
Patty Smith


*Patty R. Smith, PHR*
Human Resources Leader
John Zink Company, LLC
11920 East Apache
Tulsa, OK 74121-1220
918-234-2938 (Office)
918-630-2339 (Mobile)
patty.smith@johnzink.com

1



EXHIBIT "B"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,             )
                                  )
          Plaintiff,       )
                                  )
vs.                             )   Case No. CJ-2014-357
                             )   Judge Daman Cantrell
                             )
JOHN ZINK CO., LLC, a Foreign Limited  )
Liability Company,               )
                                  )
          Defendant.     )

## DEFENDANT'S *AMENDED* ANSWERS TO
## PLAINTIFF'S FIRST INTERROGATORIES

Defendant John Zink Company, LLC ("John Zink") responds to Plaintiff's First Interrogatories as follows:

### *GENERAL OBJECTIONS*

1.      John Zink objects to Plaintiff's "Requests for Admission, Interrogatories and Document Requests" to the extent it seeks to impose duties or obligations upon John Zink which are beyond the scope and authority of the Oklahoma Discovery Code. John Zink will provide responses in accordance with the requirements of the Oklahoma Discovery Code and within the time required thereby, specifically Okla. Stat. tit. 12 § 3236, § 3233 and §3234.

2.      John Zink intends to assert all applicable privileges, exemptions, and protections afforded by law. To the extent John Zink produces, provides, or discloses privileged, exempt, or protected information or documents, such production or disclosure shall not be construed as a waiver by John Zink or its attorneys of such privilege, exemption, or protection, and John Zink reserves the right to claim and continue asserting all available privileges, exemptions, and protections, relative to both the unintentionally disclosed or produced information or document, as well as any other such privileged, exempt, or protected information or document as has not yet been disclosed or produced.

3.      John Zink objects to producing any document or providing any information that contains or consists of confidential or proprietary information without entry of a protective order acceptable to John Zink.

4.      John Zink does not concede the relevance of any document or information provided, identified or produced in response to Plaintiff's "Requests for Admission, Interrogatories and Document Requests," nor the relevance or admissibility of any such document or information provided or produced in response thereto. The fact that information is



PLAINTIFF'S EXHIBIT 3

provided or a document produced in response to one of Plaintiff's discovery requests does not mean that it is probative of any particular issue in this case.

     5.     John Zink reserves the right to amend and/or supplement its responses, pursuant to applicable law, and to present additional witnesses, evidence and documents, as discovery of such additional information or documents dictates to be necessary or desirable.

     6.     Each general objection is specifically incorporated by reference in each response and answer set forth herein.

     7.     The information contained in John Zink's responses is not necessarily based solely on the knowledge of the verifying person, but may also include the knowledge of other agents, representatives, and attorneys of John Zink, unless privileged, and documents within the possession of John Zink. The word usage and sentence structure in the answers may be that of John Zink's attorneys, and, therefore, does not purport to be the precise language of any witness who may testify in this matter.

### ***SPECIFIC OBJECTIONS***

     1.     John Zink objects to "Definitions and Instructions For Interrogatories" A to the extent they seek information subject to the attorney-client privilege and/or work product doctrine.

     2.     John Zink objects to "Definition and Instructions For Interrogatories" C to the extent it imposes duties or obligations upon John Zink which are beyond the scope and authority of the Oklahoma Discovery Code.

     3.     John Zink objects to "Definitions and Instruction For Interrogatories" D, E and F to the extent they impose an undue burden or expense upon John Zink.

### INTERROGATORIES

**INTERROGATORY NO. 1:**     If you deny the above Interrogatory (sic, Request for Admission No. 1), in whole or part, please state the reason(s) supporting that denial.

     **ANSWER TO INTERROGATORY NO. 1:**     Not applicable.

**INTERROGATORY NO. 2:**     If you deny the above Interrogatory (sic, Request for Admission No. 2), in whole or part, please state the reason(s) supporting that denial.

     **ANSWER TO INTERROGATORY NO. 2:**     Not applicable.

**INTERROGATORY NO. 3:**     If you deny the above Interrogatory (sic, Request for Admission No.3), in whole or part, please state the reason(s) supporting that denial.

**ANSWER TO INTERROGATORY NO. 3:**   Not applicable.   Defendant objected to Request for Admission No. 3.

**INTERROGATORY NO. 4:**   If you deny the above Interrogatory (sic, Request for Admission No.4), in whole or part, please state the reason(s) supporting that denial.

**ANSWER TO INTERROGATORY NO. 4:**   Not applicable.

**INTERROGATORY NO. 5:**   If you deny the above Interrogatory (sic, Request for Admission No.5), in whole or part, please state the reason(s) supporting that denial.

**ANSWER TO INTERROGATORY NO. 5:**   Lange was terminated following her exhaustion of all applicable leave and her inability to return to work.

**INTERROGATORY NO. 6:**   If you deny the above Interrogatory (sic, Request for Admission No.6), in whole or part, please state the reason(s) supporting that denial.

**ANSWER TO INTERROGATORY NO. 6:**   Not applicable. Defendant objected to Request for Admission No. 6.

**INTERROGATORY NO. 7:**   If you deny the above Interrogatory (sic, Request for Admission No.7), in whole or part, please state the reason(s) supporting that denial.

**ANSWER TO INTERROGATORY NO. 7:**   Not applicable. Defendant objected to Request for Admission No. 7.

**INTERROGATORY NO. 8:**   Set forth each reason for the termination of Sonya D. Lange's employment with Zink (or separation from employment between Plaintiff and you). To be complete, include each business decision, underlying act, omission, instance of misconduct, complaint by any persons, inadequate performance or other matter apart of the termination decision. Your statement must describe the substance of acts or events raised and give the date or each business decision, occurrence or omission.

**ANSWER TO INTERROGATORY NO. 8:**   Plaintiff exhausted all of her applicable leave and was still unable to return to work.  After consulting with her and learning that she was not scheduled to be released to work in the near future, her employment was terminated.

**INTERROGATORY NO. 9:**   Identify (see Definitions, above) all persons who had any part in the termination of Sonya D. Lange from Zink's employment.

**ANSWER TO INTERROGATORY NO. 9:**  The following were involved in the decision to terminate plaintiff's employment: Debbie Cowan (HR Director), Patty Smith (HR Leader), Casey Chambers (CFO) and Karen Sumner (Accounting Supervisor).

**INTERROGATORY NO. 10:**   For each person identified in your answer to Interrogatory, above, specify any training received related to Workers Compensation claims and any related rights under state or federal law.

**ANSWER TO INTERROGATORY NO. 10:**  Defendant objects to this request as it is not relevant.  Plaintiff was not terminated due to her filing of Workers Compensation claims.   Every person identified in the response to Interrogatory No. 9 received supervisory training, including workers' compensation training.    The individuals identified above received the following relevant training:

Patty Smith: Employment & Labor Supervisory Skills.

Casey Chambers: Employment & Labor Supervisory Skills; Employment Law & Other Key Areas of Compliance Supervisors Need to Know; Supervisory Training.

Karen Sumner: Employment & Labor Supervisory Skills; Supervisory Skills.

4

Debbie Cowan:   Employment Law & Labor Supervisory Skills; Supervisory Skills: Employment Law Basics; Supervisory Skills: Employment Law; Employment Law & Other Key Areas of Compliance Supervisors Need to Know.

**INTERROGATORY NO. 11:**   Identify (see Definition "C", above) all persons who were hired, or assigned by you, since October, 2012, to the employment duties which were performed by Sonya D. Lange prior to her termination at the location she worked at.

**ANSWER TO INTERROGATORY NO. 11:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

**INTERROGATORY NO. 12:**   Identify (see Definition "C", above) fully and completely your employees, Oklahoma locations, from October 2010, to present, who have been terminated.

**ANSWER TO INTERROGATORY NO. 12:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

**INTERROGATORY NO. 13:**   Please state and identify (see Definitions, above) any and all work restrictions Sonya D. Lange possessed or suffered from at the time of her employment termination that caused, necessitated or justified her employment termination.

**ANSWER TO INTERROGATORY NO. 13:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.   Subject to that objection, Lange was terminated following her exhaustion of all applicable leave and her inability to return to work as Plaintiff's physician advised she was unable to perform any of her job functions and would remain unable to do so for at least one month as of the time of her termination.

**INTERROGATORY NO. 14:**   Identify (see Definitions, above) and state any and all efforts or processes you undertook to accommodate (enable Sonya D. Lange to perform her essential job functions) what you believed to be Sonya D. Lange's work restrictions that disabled her from performing her essential Zink job functions.

> **ANSWER TO INTERROGATORY NO. 14:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action. Plaintiff has not alleged a claim regarding a failure to accommodate. Instead, she has alleged a claim for retaliatory discharge, negligent retention/hiring/supervision, and intentional infliction of emotional distress.

**INTERROGATORY NO. 15:**   Identify (see Definitions, above) each person who, to your belief, (including the investigation or inquiries conducted by defense counsel or any other person) has knowledge related to any material issues in this case. By "material", this interrogatory refers to Plaintiff's employment with you, ability to perform Plaintiff's essential Zink job functions, allegation of work injury(ies), recovery, work place accommodations, interactive process to determine any necessary accommodations and termination.

> **ANSWER TO INTERROGATORY NO. 15:** Defendant objects to Interrogatory No. 15 on the basis of attorney-client privilege and work product as well as to the extent it imposes an undue burden and expense upon Defendant by requiring it to disclose all facts and circumstances that it and its counsel believes are relevant to the material issues in this case. Further, to the extent this interrogatory asks for individuals with knowledge of Plaintiff's essential job functions, work place accommodations, and interactive process to determine necessary accommodations, Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

Subject thereto, Defendant identifies each of the following as currently known to have knowledge regarding facts and circumstances related to (i) Plaintiff's employment with the Defendant during the year prior to her termination, (ii) Plaintiff's allegation of work injuries, (iii) Plaintiff's absences, leaves and communications regarding Plaintiff's inability to return to work, and (iv) Plaintiff's termination:   Debbie Cowan, (Vice President Human Resources, Koch Chemical Technology Group, LLC),  Patty Smith, (Human Resources Leader), Casey Chambers, (Chief Financial Officer),  Karen Sumner, (Credit Manager, Supervisor of Revenue & Financial Reporting), Paula Huddleston, (Safety Specialist).  All of the foregoing witnesses are currently employed by John Zink or an affiliated company and may be contacted care of the undersigned counsel.  Of course, Plaintiff also has knowledge of these topics.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

7

## VERIFICATION

STATE OF OKLAHOMA    )
                                          )   ss.
COUNTY OF TULSA       )

     Shannon Hammons, of lawful age, being first duly sworn upon oath, deposes and states that she has read the above and foregoing discovery responses, that she is familiar with the contents and that the facts therein set forth in the listed Interrogatories are true and correct to the best of her knowledge and belief.


_____
Shannon Hammons

Subscribed and sworn to before me this _____ day of April, 2014.


_____
Notary Public

My Commission Number:

_____

My Commission Expires:

_____

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2014, a true and correct copy of the above and foregoing instrument was mailed with proper postage to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

Kristen L. Brightmire

3029097v1

EXHIBIT "C"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                          )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )    Case No. CJ-2014-357
                                         )    Judge Daman Cantrell
JOHN ZINK CO., LLC, a Foreign Limited    )
Liability Company,                       )
                                         )
        Defendant.                       )

## DEFENDANT'S *AMENDED* RESPONSE TO PLAINTIFF'S
## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant John Zink responds to Plaintiff's First Requests for Production of Documents

as follows:

### *GENERAL OBJECTIONS*

1.      John Zink objects to Plaintiff's "Requests for Admission, Interrogatories and Document Requests" to the extent it seeks to impose duties or obligations upon John Zink which are beyond the scope and authority of the Oklahoma Discovery Code. John Zink will provide responses in accordance with the requirements of the Oklahoma Discovery Code and within the time required thereby, specifically Okla. Stat. tit. 12 §3236, §3233 and §3234.

2.      Defendant will not produce any document which is protected by the attorney-client privilege or protected as work product. Any responsive document withheld on the basis of privilege or as work product will be described in a log in accordance with OKLA. STAT. tit. 12, § 2012(B)(5). John Zink asserts a blanket privilege covering all pleadings, draft pleadings, memorandum prepared by counsel, research materials, notes from interviews, notes from telephone conferences, notes from meetings and similar information. John Zink does not contend that documents or information that are not otherwise privileged are made privileged by being contained in a legal file. However, John Zink will only produce those non-privileged documents from legal files that exist in no other place than such files of counsel.

3.      John Zink intends to assert all applicable privileges, exemptions, and protections afforded by law. To the extent John Zink produces, provides, or discloses privileged, exempt, or protected information or documents, such production or disclosure shall not be construed as a waiver by John Zink or its attorneys of such privilege, exemption, or protection, and John Zink reserves the right to claim and continue asserting all available privileges, exemptions, and protections, relative to both the unintentionally disclosed or produced information or document, as well as any other such privileged, exempt, or protected information or document as has not yet been disclosed or produced.

PLAINTIFF'S EXHIBIT

her personnel file" insofar as it is overly broad and could be outside the control of the management of Defendant.   Subject to those objections, Defendant will produce responsive documents.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce any and all writings or documents (see Definitions, above) in your possession that relate or refer to allegations of wrongful discharge lodged against Zink, Oklahoma locations, from October, 2010, to the present. This request does not seek attorney/client communications. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

**RESPONSE TO PRODUCTION NO. 2:**   Defendant objects to this request in that it is overly broad and not relevant to the subject matter involved in the pending action insofar as the request seeks any information other than lawsuits alleging discharge in retaliation for exercising rights under Oklahoma's Workers' Compensation Act.   Subject to that objection, Defendant is not aware of any other lawsuits alleging discharge in retaliation for exercising rights under Oklahoma's Workers' Compensation Act.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce the document(s), writing or things (see Definitions, above) that memorialize YOUR employees who have filed a claim for work injury in Oklahoma since October, 2010, including Workers' Compensation Form 2s. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

**RESPONSE TO PRODUCTION NO. 3:**   Defendant objects to Request No. 3 to the extent it concerns employees other than the Plaintiff and seeks information not related to the subject matter of the pending litigation.

**REQUEST FOR PRODUCTION NO. 4:**   Please produce any and all employee manuals or hand books regarding employment at Zink covering the period of September, 2012, to present.

3

**RESPONSE TO PRODUCTION NO. 4:**   Defendant objects to Request No. 4 to the extent it seeks information not relevant to the subject matter involved in the pending action.   Subject to this objection, John Zink will produce the Employee Handbook covering the period when Plaintiff was discharged.

**REQUEST FOR PRODUCTION NO. 5:**   Please produce all exhibits you intend to present at the trial of the above case, along with expert reports.

**RESPONSE TO PRODUCTION NO. 5:**   Defendant has not identified any exhibits it intends to present at trial or any expert reports at this time.

**REQUEST FOR PRODUCTION NO. 6:**  Please produce all documents or writing (see Definitions, above) which contain statements by any person regarding the facts alleged by the Plaintiff, the defenses asserted by you, or any other statement given in conjunction with this case, whether in affidavit form, written statement or recorded format. This request does not seek attorney/client communications.

**RESPONSE TO PRODUCTION NO. 6:**   Defendant objects to Request No. 6 to the extent it seeks information subject to the attorney-client privilege or the work product doctrine. Subject to this objection, should any such responsive, non-privileged document or writing exist and be in the possession of Defendant, it will be produced.

**REQUEST FOR PRODUCTION NO. 7:**   Please produce the employment file, personnel file, including: full name, title, job description, job qualifications, address and telephone number of each person who assumed Sonya D. Lange's job duties at Zink. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

**RESPONSE TO PRODUCTION NO. 7:**   Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

4

**REQUEST FOR PRODUCTION NO. 8:**  Please produce any and all records, memorandum, data sheets, documents, writing (see Definitions, above), etc., which memorialize or relate to the "qualifications", pursuant to Zink's requirements, for the position Sonya D. Lange held relevant to the period of September, 2012, until the present time.

> **RESPONSE TO PRODUCTION NO. 8:**  Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.  Subject to that objection and as a result of a meet and confer pursuant to Local Rule CV 21 between counsel, the parties agreed a job description would be responsive.  Defendant will be producing a Roles, Responsibilities, Expectations, & Authority for the Staff Accountant – Credit and Collections, 2011, position once a protective order is entered by the Court.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all certified profit and loss statements and/or Income Tax Returns prepared in connection with your operation from the year 2010 through the present. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

> **RESPONSE TO PRODUCTION NO. 9:**  Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

**REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents, writings (see Definitions, above), emails, memos, letters, and/or recordings that regard Plaintiffs employment termination. (Request does not seek attorney-client communication, but please identify in a Privilege Log)

> **RESPONSE TO PRODUCTION NO. 10:**  All such non-privileged, responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 11:** Please produce any and all documents, writings (see Definitions, above), recordings and/or things that memorialized any efforts or processes you undertook to enable Sonya. D. Lange to perform her essential job functions in light of what you believed to be her work restrictions.

> **RESPONSE TO PRODUCTION NO. 11:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents, emails, letters, things and/or recordings that memorialize communications between you and your Workers' Compensation insurer (or workers' compensation service agent) related to Sonya D. Lange's alleged work injury. This request does not seek attorney/client communications.

> **RESPONSE TO PRODUCTION NO. 12:** All such responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 13:** Please produce any and all checks, documents, writings, things, etc., memorializing Zink's payment to Sonya D. Lange for short term disability and/or Temporary Total Disability related to the alleged work injury that is the subject of the Form 3 attached hereto as Exhibit "A".

> **RESPONSE TO PRODUCTION NO. 13:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action. Subject to that objection, Defendant paid no short-term disability insurance benefits to Plaintiff; thus, there are no documents. Further, Plaintiff was not receiving Temporary Total Disability benefit payments at the time of her termination; thus, there are no documents.

6

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
& ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2014, a true and correct copy of the above and foregoing instrument was ~~hand delivered~~ to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

3029106v1

8

EXHIBIT "D"

# FORM 2

Send original to
Court of Existing Claims and 1 copy to
Insurance Carrier
*Please type or print. Enter all dates in MM/DD/YY format.*

**COURT OF EXISTING CLAIMS**
**1915 NORTH STILES**
**OKLAHOMA CITY, OK  73105-4918**

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| | |
|---|---|
| Full Name of Employee - LAST, FIRST, MIDDLE | Employee Email Address |
| Complete Address          City          State          Zip | |
| Telephone Number | Social Security Number |
| Date of Birth | Sex | Length of Employment  Years          Months |
| Average Weekly Wage | Occupation (job description) | Was employment agreement made in Oklahoma?  YES ☐   NO ☐ |

**NOTE:  Mediation is available to address certain workers' compensation disputes.**
**For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

| | | | |
|---|---|---|---|
| Date of accident or last exposure | Time of accident or exposure   o'clock  AM ☐  PM ☐ | Date Employer Notified | Time workday began   o'clock  AM ☐  PM ☐ |
| Last date employee worked | Has employee returned to work?  YES ☐  NO ☐  If yes, on what date | Did the employee die?  YES ☐  NO ☐  If yes, on what date | |
| OSHA Log Case # | Place of Accident or Occurrence  City:          County:          State: | | |

Injury Resulted from:   Single Incident ☐   Cumulative Trauma ☐   Occupational Disease ☐

| | |
|---|---|
| Nature of Injury or Illness | Does employee participate in a certified workplace medical plan:  YES ☐  NO ☐  If yes, name of CWMP: |

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

Employer's Insurance Carrier or Own Risk Group          Policy/Self-Insured Number

Name          Phone          Policy Period—from _____ to _____

Address          City          State          Zip

Employer's Name and Complete Address

Name          Federal ID#          Phone #

Address          City          State          Zip

Type of business (Example: manufacturing, food service, construction)          NAICS Number

Type of Ownership:   Private ☐          State Government ☐          County Government ☐          Local Government ☐

Upon filing this Notice of Injury, permission is given to the Administrator of the Court of Existing Claims, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

The undersigned hereby declares under penalty of perjury that they have examined this notice and all statements contained herein are true, correct and complete, to the best of their knowledge.  The undersigned certifies this Form 2 was sent to the Court of Existing Claims and a copy thereof to the employer's insurer on the date noted below:

Signed _____
          Signature of Preparer

By _____
          Name and Title of Preparer (Please Print)

Telephone Number _____
          Area Code and Number

Date _____

A Form 2 must be filed with the Court of Existing Claims and sent to the Employer's workers' compensation insurance carrier within 10 days of notice that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Court of Existing Claims are confidential and not subject to public disclosure except as authorized by law.

FILING OF THIS FORM IS NOT AN ADMISSION OF LIABILITY OR THAT THE EMPLOYEE HAS PROVIDED PROPER NOTICE OF INJURY.

PLAINTIFF'S EXHIBIT D

C. 02/01/2014

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

APR 2 8 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                )
                               )
        Plaintiff,             )
                               )
vs.                            )      Case No. CJ-2014-357
                               )      Judge Daman Cantrell
JOHN ZINK CO., LLC,            )
                               )
        Defendant.             )

**DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON
METLIFE
AND BRIEF IN SUPPORT**

Pursuant to OKLA. STAT. tit. 12, § 2004.1, Defendant John Zink Co., LLC. (John Zink) submits this combined motion to quash and objection to the subpoena duces tecum served upon non-party MetLife a copy of which is attached hereto as Ex. 1 (SDT). Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled to receive or review the materials sought in the SDT "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/retention, and intentional infliction of emotional distress.

**I. OBJECTIONS TO THE SDT**

On or about April 11, 2014, Plaintiff mailed the SDT to The Corporation Company in Oklahoma City. The SDT commands that MetLife produce certain categories of materials in Plaintiff's counsel's office in Tulsa on May 8, 2014. After describing the documents, the SDT goes on to command that MetLife:

> Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials.

**EXHIBIT 12**

Ex. 1 at p. 2 (emphasis added).

John Zink objects to the SDT on the basis that it cannot compel an out-of-state corporation to provide testimony. Additionally, it seeks documents beyond the scope of the Oklahoma Discovery Code. Each of these violates OKLA. STAT. tit. 12, § 2004.1, and independently is sufficient for this Court to quash the SDT.

## II. ARGUMENT AND AUTHORITIES

A.   **The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(2).**

The statute provides that a subpoena shall be quashed if it requires a person to travel beyond the limits of § 2004.1(A)(3). The SDT commands MetLife to "[p]roduce a copy of the original materials at the Law Offices listed above on the date set forth above **and/or give testimony as to the whereabouts of the sought after materials.**" Ex. 1 at p. 2 (emphasis added).   Section 2004.1, states that a witness may be compelled to provide testimony as "authorized by subsection B of Section 3230 of" Title 12. *Id.* at § 2004.1(A)(3). Yet, the SDT was not properly served in order to compel MetLife to produce a witness to testify in Oklahoma. *See* OKLA. STAT. tit. 12, § 3230(B)(1) ("A witness shall be obligated to attend to give a deposition only in the county of his or her residence, a county adjoining the county of his or residence or the county where he or she is located when the subpoena is served.")[1] It was served upon The Corporation Company -- not MetLife. Based upon a search of the records of the Oklahoma Secretary of State and the undersigned's information and belief, MetLife is a foreign corporation. Ex. 2.[2]

---

[1] There is also no indication that MetLife was served with the appropriate witness fee or mileage. OKLA. STAT. tit. 12, § 2004.1(B)(1).

[2] There was not an entity with simply the name "MetLife." Attached is the information for MetLife Group, Inc. which had the registered service agent used by Plaintiff.

Plaintiff cannot compel an out-of-state corporation to send a representative into Tulsa to give testimony by simply mailing a subpoena to its registered service agent.

**B.      The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), in that it seeks information from Koch Industries.**

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226.  That law provides that

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

The SDT continually seeks the production of information from "John Zink, LLC, a/k/a Koch Industries." Yet, John Zink is not "also known as" Koch Industries.  They are separate and distinct corporate entities.  John Zink was Lange's employer.  Koch Industries was not.  John Zink is a defendant in this lawsuit.  Koch Industries is not.

Plaintiff's reference to them as a single, indistinguishable corporate entity is confusing and could mislead MetLife into producing irrelevant information and information beyond the scope of permitted discovery.

3

## CONCLUSION

WHEREFORE, Defendant John Zink Co., LLC., requests that this motion be granted and that the subpoena duces tecum be quashed. Alternatively, Defendant requests that the Subpoena Duces Tecum be modified such that MetLife not be required to produce Koch Industries' documents.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

MetLife
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

_____
Kristen L. Brightmire

4

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SONYA D. LANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  CJ – 2014 – 00357 |
| | ) Judge Daman Cantrell |
| JOHN ZINK CO., LLC., | ) |
| a Foreign Limited Liability | ) |
| Company, | ) |
| | ) |
| | ) |
| Defendant. | ) |

<u>SUBPOENA DUCES TECUM - CIVIL</u>

TO:     **METLIFE c/o**
        The Corporation Company
        1833 S. Morgan Road
        OKC, OK 73128

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty

of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT**

**INSPECTION** and **COPYING** of documents and materials listed below on the **8th day**

**of May, 2014, at 9:30 am.,** at the <u>Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK</u>

<u>74119</u>.   Produce   the   following   Documents,   Things,   Communications,   ESI

communications, Emails, Letters, Memos, etc., regarding:

   <u>Sonya D. Lange</u>: formerly employed at <u>John Zink Co., LLC</u>, a/k/a Koch
Industries (S. Lange DOB ▓▓▓▓), specifically:

1.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its
    officers, managers, supervisors or authorized representative) *related to
    Lange's absence from work.* **This request does not seek attorney/client
    communications;** and,

1

REDACTED

# EXHIBIT 1

2.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's period of disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate)*. **This request does not seek attorney/client communications**; and,

3.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work following a period of disability*. **This request does not seek attorney/client communications**; and,

4.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care related to a period of disaiblity*. **This request does not seek attorney/client communications**; and,

5.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions related to a period of disability*. **This request does not seek attorney/client communications**.

6.  Copies of any and all Disability payments (short term or long term) from you to Sonya D. Lange related to her employment with John Zink, LLC, a/k/a Koch Industries.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of _April_____, 2014.

Respectfully Submitted,

_Tim Gilpin_

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

### CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this _11th_ day of _April_____, 2014.     _Tim Gilpin_

Tim Gilpin

3

**METLIFE GROUP, INC.**

Details
Filing Number:                     2300704519

Name Type:                         Legal Name

Status:                            In Existence

Corp type:                         Foreign For Profit Business Corporation

Jurisdiction:                      NEW YORK

Formation Date:                    27 Dec 2002


Registered Agent Information
Name:                              THE CORPORATION COMPANY

Effective:                         N/A

Address:                           1833 S MORGAN RD

City, State , ZipCode:             OKLAHOMA CITY   OK   73128

# EXHIBIT 2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

APR 2 8 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

|  |  |  |
|---|---|---|
| SONYA D. LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-2014-357 |
| | ) | Judge Daman Cantrell |
| JOHN ZINK CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON BROADSPIRE MANAGEMENT SERVICES, INC. AND BRIEF IN SUPPORT

Pursuant to OKLA. STAT. tit. 12, § 2004.1, Defendant John Zink Co., LLC. (John Zink) submits this motion to quash and objection to the subpoena duces tecum served upon non-party Broadspire Management Services, Inc. (Broadspire), a copy of which is attached hereto as Ex. 1 (SDT). Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled to receive or review the materials sought in the SDT "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/retention, and intentional infliction of emotional distress. Broadspire is a third-party administrator involved in the processing of Plaintiff's workers' compensation claim.

### I. OBJECTIONS TO THE SDT

On or about April 11, 2014, Plaintiff mailed the SDT to The Corporation Company in Oklahoma City. The SDT commands that Broadspire produce certain categories of materials in Plaintiff's counsel's office in Tulsa on May 8, 2014. After describing these categories, the SDT goes on to command that Broadspire:

**EXHIBIT 13**

> Produce a copy of the original materials at the Law Offices listed
> above on the date set forth above <u>and</u>/or <u>give testimony</u> as to the
> whereabouts of the sought after materials.

Ex. 1 at p. 2 (emphasis added).

John Zink objects to the SDT on the basis that it cannot compel an out-of-state corporation to provide testimony. Additionally, it seeks documents beyond the scope of the Oklahoma Discovery Code. Each of these violates OKLA. STAT. tit. 12, § 2004.1 and is grounds for this Court to quash the SDT.

## II. ARGUMENT AND AUTHORITIES

A.   **The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(2).**

The statute provides that a subpoena shall be quashed if it requires a person to travel beyond the limits of § 2004.1(A)(3). The SDT commands Broadspire to "[p]roduce a copy of the original materials at the Law Offices listed above on the date set forth above **and/or give testimony as to the whereabouts of the sought after materials.**" Ex. 1 at p. 2 (emphasis added). Section 2004.1, states that a witness may be compelled to provide testimony as "authorized by subsection B of Section 3230 of" Title 12. *Id.* at § 2004.1(A)(3). Yet, the SDT was not properly served in order to compel Broadspire to produce a witness to testify in Oklahoma. *See* OKLA. STAT. tit. 12, § 3230(B)(1) ("A witness shall be obligated to attend to give a deposition only in the county of his or her residence, a county adjoining the county of his or residence or the county where he or she is located when the subpoena is served.")[1]  It was served upon The Corporation Company – not Broadspire. According to the Oklahoma Secretary

---

[1] There is also no indication that Broadspire was served with the appropriate witness fee or mileage. OKLA. STAT. tit. 12, § 2004.1(B)(1).

2

of State's records, Broadspire is a foreign corporation organized under the laws of Delaware.

Ex. 2.

Plaintiff cannot compel an out-of-state corporation to send a representative into Tulsa to give testimony by simply mailing a subpoena to its registered service agent.

**B.     The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), in that it seeks information from Koch Industries.**

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226. That law provides that

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

The SDT continually seeks the production of information from "John Zink, LLC, a/k/a Koch Industries." Yet, John Zink is not "also known as" Koch Industries. They are separate and distinct corporate entities. John Zink was Lange's employer. Koch Industries was not. John Zink is a defendant in this lawsuit. Koch Industries is not.

Plaintiff's reference to them as a single, indistinguishable corporate entity is confusing and could mislead Broadspire into producing irrelevant information and information beyond the scope of permitted discovery.

## CONCLUSION

WHEREFORE, Defendant John Zink Co., LLC., requests that that the subpoena duces tecum served upon Broadspire Management Services, Inc., be quashed in its entirety. Alternatively, Defendant requests that the Subpoena Duces Tecum be modified such that Broadspire not be required to produce Koch Industries' documents.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _Kristen L. Brightmire_
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

Broadspire Management Services, Inc.,
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK  73128

Kristen L. Brightmire

3042887v1

5

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

SONYA D. LANGE,                          )
                                         )
             Plaintiff,      )
                                         )
      vs.                              ) Case No.  CJ – 2014 – 00357
                                         )       Judge Daman Cantrell
JOHN ZINK CO., LLC.,                     )
a Foreign Limited Liability              )
Company,                                 )
                                         )
                                         )
            Defendant.      )

### SUBPOENA DUCES TECUM - CIVIL

TO:   **Broadspire Management Services, Inc., c/o**
      The Corporation Company
      1833 S. Morgan Road
      OKC, OK 73128

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT INSPECTION** and **COPYING** of documents and materials listed below on the **8th day of May, 2014, at 9:30 am.**, at the Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK 74119. Produce the following Documents, Things, Communications, ESI communications, Emails, Letters, Memos, etc., regarding:

Oklahoma workers' compensation case of Sonya D. Lange v. John Zink Co., LLC, WCC # 2012-07091A (S. Lange DOB ▓▓▓▓▓), specifically:

1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's absence from work due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

1

REDACTED

# EXHIBIT 1

2.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

3.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications; and,**

4.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

5.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

2

Issued this _11th_ day of _April_ , 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this _11th_ day of _April_ , 2014.

Tim Gilpin

3

**BROADSPIRE MANAGEMENT SERVICES, INC.**

Details
Filing Number: 2312022781

Name Type: Legal Name

Status: In Existence

Corp type: Foreign For Profit Business Corporation

Jurisdiction: DELAWARE, USA

Formation Date: 18 Nov 2003

Registered Agent Information
Name: THE CORPORATION COMPANY

Effective: 18 Nov 2003

Address: 1833 S MORGAN RD

City, State , ZipCode: OKLAHOMA CITY   OK   73128

# EXHIBIT 2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

APR 2 8 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                          )
                                         )
            Plaintiff,                   )
                                         )
vs.                                      )    Case No. CJ-2014-357
                                         )    Judge Daman Cantrell
JOHN ZINK CO., LLC,                      )
                                         )
            Defendant.                   )

## DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON CRAWFORD & COMPANY
## AND BRIEF IN SUPPORT

Pursuant to OKLA. STAT. tit. 12, § 2004.1, Defendant John Zink Co., LLC. (John Zink) submits this combined motion to quash and objection to the subpoena duces tecum served upon non-party Crawford & Company, (Crawford), a copy of which is attached hereto as Ex. 1 (SDT). Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled to receive or review the materials sought in the SDT "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/ retention, and intentional infliction of emotional distress. Based upon information and belief, Crawford is the parent corporation of the corporation which is the third-party administrator involved in the processing of Plaintiff's workers' compensation claim.

## I. OBJECTIONS TO THE SDT

On or about April 11, 2014, Plaintiff mailed the SDT to The Corporation Company in Oklahoma City. The SDT commands that Crawford produce certain categories of materials in Plaintiff's counsel's office in Tulsa on May 8, 2014. After describing the documents, the SDT goes on to command that Crawford:

**EXHIBIT 14**

> Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials.

Ex. 1 at p. 2 (emphasis added).

John Zink objects to the SDT on the basis that it cannot compel an out-of-state corporation to provide testimony and it goes beyond the scope of the Oklahoma Discovery Code. Each of these violates OKLA. STAT. tit. 12, § 2004.1, and is independently is sufficient for this Court to quash the SDT.

## II. ARGUMENT AND AUTHORITIES

**A.     The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(2).**

The statute provides that a subpoena shall be quashed if it requires a person to travel beyond the limits of § 2004.1(A)(3).  The SDT commands Crawford to "[p]roduce a copy of the original materials at the Law Offices listed above on the date set forth above **and/or give testimony as to the whereabouts of the sought after materials.**"  Ex. 1 at p. 2 (emphasis added).   Section 2004.1, states that a witness may be compelled to provide testimony as "authorized by subsection B of Section 3230 of" Title 12. *Id.* at § 2004.1(A)(3).  Yet, the SDT was not properly served in order to compel Crawford to produce a witness to testify in Oklahoma. *See* OKLA. STAT. tit. 12, § 3230(B)(1) ("A witness shall be obligated to attend to give a deposition only in the county of his or her residence, a county adjoining the county of his or residence or the county where he or she is located when the subpoena is served.")[1]   It was served upon The Corporation Company – not Crawford.  Based upon a search of the records of the Oklahoma Secretary of State, Crawford is a foreign corporation. Ex. 2.

---

[1] There is also no indication that Crawford was served with the appropriate witness fee or mileage. OKLA. STAT. tit. 12, § 2004.1(B)(1).

Plaintiff cannot compel an out-of-state corporation to send a representative into Tulsa to give testimony by simply mailing a subpoena to its registered service agent.

**B.      The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), in that it seeks Form 2s.**

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226.  That law provides that

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

The SDT commands Crawford to produce:

> 6.      **Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.**

Ex. 1 at p. 2 (emphasis added).  John Zink objects to this request as falling outside of the discovery permitted by Section 3226.[2]

---

[2] To the extent this Argument involves a discovery dispute, counsel has conferred with Plaintiff's counsel about the substance of this dispute in good faith but has been unable to reach an agreement.  The relevance of other Form 2s is the subject of Plaintiff's Request for Production No. 3.  The parties have exchanged correspondence and had an in-person conference to discuss this issue.  On April 23, 2014, Plaintiff filed her Motion to Compel which addresses this issue.

1.     **Form 2s are confidential and should not be disclosed.**

A Form 2 is a document used to advise the Workers' Compensation Court and the insurance carrier of a possible on the job injury or accident. On the face of a Form 2 it reads:

> A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. **Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.**

Ex. 3 (emphasis added). While clearly Plaintiff and her representatives would be entitled to review her Form 2 in this litigation, which was produced in this case, she is not entitled to review the Form 2 related to every person employed by John Zink, never mind Koch Industries.

John Zink is unaware of any law authorizing the disclosure of Form 2s in this instance.

2.     **The request is not relevant to the subject matter involved in the pending action, either to the claim of the party seeking discovery or to the claim or defense of any other party.**

Plaintiff has filed a lawsuit alleging she was discharged in retaliation for her exercising her rights under the Workers' Compensation Act. Plaintiff has "the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a significant part in the employer's decision to terminate [her]." *Thompson v. Medley Material Handling, Inc.*, 1987 OK 2, ¶ 6. At the time of her discharge, she was on an extended leave of absence for a non-work-related illness, had exhausted her Family and Medical Leave Act, and had provided information to John Zink from her physician that she would not be able to return to work in the near future. She was <u>not</u> receiving Temporary Total Disability under the Workers' Compensation Act. Indeed, by her own admission, Plaintiff is still unable to work. Her discharge was unrelated to her prior claim under the Workers' Compensation Act.

4

Turning to SDT request - the Form 2s filed by John Zink over a period of four years - it is hard to imagine what possible relevance they could have to the subject matter of this lawsuit. A Form 2 is a document filed *by the employer of an injury or illness*. It is not evidence of even a claim under the Workers' Compensation Act. It is not evidence of anything filed by an employee – the employee does not sign or even acknowledge the Form 2. A Form 2 could be filed without an employee even knowing about it.

Plaintiff should not be permitted to go on a fishing expedition into these confidential documents when the clear purpose is to call these employees and stir up controversy where none exists. Some of these employees may not even know that a Form 2 was filed. The confidential information within a Form 2 about each employee includes:

- Employee's name
- Address
- Telephone number
- Social Security Number
- Date of Birth
- Gender
- Occupation
- Nature of Illness or Injury
- Description of the event when the injury or illness occurred
- The identity of the body parts involved

It is understandable that an employee might feel angry if he thought information of this sort was given out. Then, that the employee might get a call at home one night from an attorney asking him questions about his private injury or illness, about the body part that was involved – that is

5

over the top.  An employee for whom a Form 2 was filed might not even know a Form 2 was filed and might not ever have filed a workers' compensation claim at all.  Plaintiff has made no showing sufficient to be entitled to this confidential information.

That Plaintiff has cast such a wide net in order to find any speck of evidence is indicative of the lack of actual evidence of retaliation she has.

### 3.    The request seeks Form 2s of Koch Industries which is overly broad.

This request also seeks Form 2s for Koch Industries which is not a named party in this action.  The other requests were appropriately limited to documents related to Plaintiff.

However, Request No. 6 is not limited to Plaintiff – it appears to also and independently seek copies of Form 2s created on behalf of Koch Industries from October 1, 2010, to the present.  There is no basis for such a request in this lawsuit.  Koch Industries has never employed Plaintiff and is not a party herein.

### C.    The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), in that it seeks information from Koch Industries.

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by OKLA. STAT. tit. 12, § 3226.  The SDT continually seeks the production of information from "John Zink, LLC, a/k/a Koch Industries."  Yet, John Zink is not "also known as" Koch Industries.  They are separate and distinct corporate entities.  John Zink was Lange's employer.  Koch Industries was not.  John Zink is a defendant in this lawsuit.  Koch Industries is not.

Plaintiff's reference to them as a single, indistinguishable corporate entity is confusing and could mislead Crawford into producing irrelevant information and information beyond the scope of permitted discovery.

## CONCLUSION

WHEREFORE, Defendant John Zink Co., LLC., requests that this motion be granted and that the subpoena duces tecum be quashed.  Alternatively, Defendant requests that the subpoena duces tecum be modified such that Crawford not be required to respond to No. 6, not produce documents of Koch Industries, and not be required to "give testimony."

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

Crawford & Company
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK  73128

Kristen L. Brightmire

3042904v1

8

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| SONYA D. LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CJ – 2014 – 00357 |
| | ) | Judge Daman Cantrell |
| JOHN ZINK CO., LLC., | ) | |
| a Foreign Limited Liability | ) | |
| Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### SUBPOENA DUCES TECUM - CIVIL

TO:    Crawford & Company, c/o
       The Corporation Company
       1833 S. Morgan Road
       OKC, OK 73128

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty

of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT**

**INSPECTION** and **COPYING** of documents and materials listed below on the **8th day of**

**May, 2014, at 9:30 am.,** at the <u>Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK</u>

<u>74119</u>.   Produce   the   following   Documents,   Things,   Communications,   ESI

communications, Emails, Letters, Memos, etc., regarding:

> Oklahoma workers' compensation case of <u>Sonya D. Lange v. John Zink Co.,</u>
> <u>LLC,</u> WCC # 2012-07091A (S. Lange DOB ▆▆▆▆▆), specifically:
>
> 1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its
>    officers, managers, supervisors or authorized representative) *related to
>    Lange's absence from work due to an alleged work injury.* **This request does
>    not seek attorney/client communications**; and,

1

REDACTED

# EXHIBIT 1

2. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

3. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications**; and,

4. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

5. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

6. Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of _April_ , 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117

on this _11th_ day of _April_ , 2014.

Tim Gilpin

3

**CRAWFORD & COMPANY**

Details
Filing Number:                    2300148263

Name Type:                        Legal Name

Status:                           Active

Corp type:                        Foreign For Profit Business Corporation

Jurisdiction:                     GEORGIA

Formation Date:                   26 Mar 1956

Registered Agent Information
Name:                             THE CORPORATION COMPANY

Effective:                        N/A

Address:                          1833 S MORGAN RD

City, State , ZipCode:            OKLAHOMA CITY   OK   73128

EXHIBIT 2

# FORM 2

Send original to
Workers' Compensation Court and 1 copy to
Insurance Carrier
*Please type or print.  Enter all dates in  MM/DD/YY format.*

**WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK  73105-4918**

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| | |
|---|---|
| Full Name of Employee - LAST, FIRST, MIDDLE | Employee Email Address |

| Complete Address | City | State | Zip |
|---|---|---|---|

| Telephone Number | Social Security Number |
|---|---|

| Date of Birth | Sex | Length of Employment<br>Years          Months |
|---|---|---|

| Average Weekly Wage | Occupation (job description) | Was employment agreement made in Oklahoma?<br>YES ☐     NO ☐ |
|---|---|---|

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or in-state toll free (800) 522-8210.**

| Date of accident or last exposure | Time of accident or exposure<br>o'clock   AM ☐   PM ☐ | Date Employer Notified | Time workday began<br>o'clock   AM ☐   PM ☐ |
|---|---|---|---|

| Last date employee worked | Has employee returned to work?<br>YES ☐   NO ☐   If yes, on what date | Did the employee die?<br>YES ☐   NO ☐   If yes, on what date |
|---|---|---|

| OSHA Log Case # | Place of Accident or Occurrence<br>City:                           County:                           State: |
|---|---|

| Injury Resulted from:     Single Incident ☐     Cumulative Trauma ☐ | Does employee participate in a certified workplace medical plan:   YES ☐   NO ☐<br>If yes, name of CWMP: |
|---|---|

Nature of Injury or Illness

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

| Employer's Insurance Carrier or Own Risk Group | | Policy/Self-Insured Number | |
|---|---|---|---|
| Name | Phone | Policy Period—from                    to |
| Address | City | State          Zip |

| Employer's Name and Complete Address | | | |
|---|---|---|---|
| Name | Federal ID# | Phone # |
| Address | City | State          Zip |

| Type of business (Example:  manufacturing, food service, construction) | NAICS Number |
|---|---|

| Type of Ownership:     Private ☐          State Government ☐          County Government ☐          Local Government ☐ |
|---|

Upon filing this Notice of Injury, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

*The undersigned hereby declares under penalty of perjury that he/she examined this notice and all statements contained herein are true, correct and complete, to the best of his/her knowledge. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I hereby certify that this Form 2 was sent to the Workers' Compensation Court and a copy thereof to the insurer on the date described below:

Signed_____
            *Signature of Preparer*

By_____
            *Name and Title of Preparer (Please Print)*

Telephone Number_____
            *Area Code and Number*

Date_____

Rev. 10/10

**SUBMISSION OF THIS FORM IS NOT AN ADMISSION OF LIABILITY**

A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.

# EXHIBIT 3

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

SONYA D. LANGE,                              )
                                             )        APR 2 8 2014
        Plaintiff,                    )
                                             )        SALLY HOWE SMITH, COURT CLERK
vs.                                          )        STATE OF OKLA. TULSA COUNTY
                                             )        Case No. CJ-2014-357
                                             )        Judge Daman Cantrell
JOHN ZINK CO., LLC,                          )
                                             )
        Defendant.                    )

**DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON
OLD REPUBLIC INSURANCE COMPANY
AND BRIEF IN SUPPORT**

Pursuant to OKLA. STAT. tit. 12, § 2004.1, Defendant John Zink Co., LLC. (John Zink)

submits this combined motion to quash and objection to the subpoena duces tecum served upon

non-party Old Republic Insurance Company, (Old Republic), a copy of which is attached hereto

as Ex. 1 (SDT).  Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled

to receive or review the materials sought in the SDT "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for

exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/

retention, and intentional infliction of emotional distress.  Based upon information and belief,

Old Republic may have been a third-party administrator involved in the processing of Plaintiff's

workers' compensation claim.

### I.  OBJECTIONS TO THE SDT

On or about April 11, 2014, Plaintiff mailed the SDT to Prentice Hall Corporate System

in Oklahoma City.  The SDT commands that Old Republic produce certain categories of

materials in Plaintiff's counsel's office in Tulsa on May 8, 2014.  After describing the

documents, the SDT goes on to command that Old Republic:

**EXHIBIT 15**

> Produce a copy of the original materials at the Law Offices listed
> above on the date set forth above and/or give testimony as to the
> whereabouts of the sought after materials.

Ex. 1 at p. 2 (emphasis added).

John Zink objects to the SDT on the basis that it cannot compel an out-of-state corporation to provide testimony and it goes beyond the scope of the Oklahoma Discovery Code. Each of these violates OKLA. STAT. tit. 12, § 2004.1, and independently is sufficient for this Court to quash the SDT.

## II. ARGUMENT AND AUTHORITIES

### A.   The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(2).

The statute provides that a subpoena shall be quashed if it requires a person to travel beyond the limits of § 2004.1(A)(3). The SDT commands Old Republic to "[p]roduce a copy of the original materials at the Law Offices listed above on the date set forth above **and/or give testimony as to the whereabouts of the sought after materials.**" Ex. 1 at p. 2 (emphasis added). Section 2004.1, states that a witness may be compelled to provide testimony as "authorized by subsection B of Section 3230 of" Title 12. *Id.* at § 2004.1(A)(3). Yet, the SDT was not properly served in order to compel Old Republic to produce a witness to testify in Oklahoma. *See* OKLA. STAT. tit. 12, § 3230(B)(1) ("A witness shall be obligated to attend to give a deposition only in the county of his or her residence, a county adjoining the county of his or residence or the county where he or she is located when the subpoena is served.")[1] It was served upon The Prentice-Hall Corporation System – not Old Republic. Based upon a search of the records of the Oklahoma Secretary of State, Old Republic is a foreign corporation. Ex. 2.

---

[1] There is also no indication that Old Republic was served with the appropriate witness fee or mileage. OKLA. STAT. tit, 12, § 2004.1(B)(1).

Plaintiff cannot compel an out-of-state corporation to send a representative into Tulsa to give testimony by simply mailing a subpoena to its registered service agent.

**B.** **The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5).**

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226. That law provides that

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

The SDT commands Old Republic to produce:

> 6. **Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.**

Ex. 1 at p. 2 (emphasis added). John Zink objects to this request as falling outside of the discovery permitted by Section 3226.[2]

---

[2] To the extent this Argument involves a discovery dispute, counsel has conferred with Plaintiff's counsel about the substance of this dispute in good faith but has been unable to reach an agreement. The relevance of other Form 2s is the subject of Plaintiff's Request for Production No. 3. The parties have exchanged correspondence and had an in-person conference to discuss this issue. On April 23, 2014, Plaintiff filed her Motion to Compel which addresses this issue.

**1.      Form 2s are confidential and should not be disclosed.**

A Form 2 is a document used to advise the Workers' Compensation Court and the insurance carrier of a possible on the job injury or accident.  On the face of a Form 2 it reads:

> A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise.  **Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.**

Ex. 3 (emphasis added).  While clearly Plaintiff and her representatives would be entitled to review her Form 2 in this litigation, which was produced in this case, she is not entitled to review the Form 2 related to every person employed by John Zink, never mind Koch Industries.

John Zink is unaware of any law authorizing the disclosure of Form 2s in this instance.

**2.      The request is not relevant to the subject matter involved in the pending action, either to the claim of the party seeking discovery or to the claim or defense of any other party.**

Plaintiff has filed a lawsuit alleging she was discharged in retaliation for her exercising her rights under the Workers' Compensation Act.  Plaintiff has "the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a significant part in the employer's decision to terminate [her]." *Thompson v. Medley Material Handling, Inc.*, 1987 OK 2, ¶ 6.  At the time of her discharge, she was on an extended leave of absence for a non-work-related illness, had exhausted her Family and Medical Leave Act, and had provided information to John Zink from her physician that she would not be able to return to work in the near future.  She was <u>not</u> receiving Temporary Total Disability under the Workers' Compensation Act.  Indeed, by her own admission, Plaintiff is still not able to work. Her discharge was unrelated to her prior claim under the Workers' Compensation Act.

4

Turning to SDT request - the Form 2s filed by John Zink over a period of four years - it is hard to imagine what possible relevance they could have to the subject matter of this lawsuit. A Form 2 is a document filed *by the employer of an injury or illness*. It is not evidence of even a claim under the Workers' Compensation Act. It is not evidence of anything filed by an employee – the employee does not sign or even acknowledge the Form 2. A Form 2 could be filed without an employee even knowing about it.

Plaintiff should not be permitted to go on a fishing expedition into these confidential documents when the clear purpose is to call these employees and stir up controversy where none exists. Some of these employees may not even know that a Form 2 was filed. The confidential information within a Form 2 about each employee includes:

- Employee's name
- Address
- Telephone number
- Social Security Number
- Date of Birth
- Gender
- Occupation
- Nature of Illness or Injury
- Description of the event when the injury or illness occurred
- The identity of the body parts involved

It is understandable that an employee might feel angry if he thought information of this sort was given out. Then, that the employee might get a call at home one night from an attorney asking him questions about his private injury or illness, about the body part that was involved – that is

5

over the top.  An employee for whom a Form 2 was filed might not even know a Form 2 was filed and might not ever have filed a workers' compensation claim at all.  Plaintiff has made no showing sufficient to be entitled to this confidential information.

That Plaintiff has cast such a wide net in order to find any speck of evidence is indicative of the lack of actual evidence of retaliation she has.

### 3.   The request seeks Form 2s of Koch Industries which is overly broad.

This request also seeks Form 2s for Koch Industries which is not a named party in this action.  The other requests were appropriately limited to documents related to Plaintiff.

However, Request No. 6 is not limited to Plaintiff – it appears to also and independently seek copies of Form 2s created on behalf of Koch Industries from October 1, 2010, to the present.  There is no basis for such a request in this lawsuit.  Koch Industries has never employed Plaintiff and is not a party herein.

### C.   The SDT should be quashed pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), in that it seeks information from Koch Industries.

Section 2004.1 provides that a subpoena shall be quashed if it requests the production of documents or materials that fall outside the scope of discovery permitted by OKLA. STAT. tit. 12, § 3226.  The SDT continually seeks the production of information from "John Zink, LLC, a/k/a Koch Industries."  Yet, John Zink is not "also known as" Koch Industries.  They are separate and distinct corporate entities.  John Zink was Lange's employer.  Koch Industries was not.  John Zink is a defendant in this lawsuit.  Koch Industries is not.

Plaintiff's reference to them as a single, indistinguishable corporate entity is confusing and could mislead Old Republic into producing irrelevant information and information beyond the scope of permitted discovery.

## CONCLUSION

WHEREFORE, Defendant John Zink Co., LLC., requests that this motion be granted and that the subpoena duces tecum be quashed. Alternatively, Defendant requests that the subpoena duces tecum be modified such that Old Republic not be required to respond to No. 6, not produce documents of Koch Industries, and not be required to "give testimony."

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _____

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 28, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

Old Republic & Company
c/o Prentice Hall Corporate System OK, Inc.
115 SW 89th Street
Oklahoma City, OK 73139

_____
Kristen L. Brightmire

7

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

SONYA D. LANGE,          )
                              )
           Plaintiff,         )
                              )
      vs.                   ) Case No.  CJ – 2014 – 00357
                              )      Judge Daman Cantrell
JOHN ZINK CO., LLC.,      )
a Foreign Limited Liability    )
Company,               )
                              )
          Defendant.     )

## SUBPOENA DUCES TECUM - CIVIL

TO:    **Old Republic Insurance Company., c/o**
        Prentice Hall Corporate System OK, Inc.
        115 SW 89th Street
        OKC, OK 73139

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED**, under penalty of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT INSPECTION** and **COPYING** of documents and materials listed below on the **8th day of May, 2014, at 9:30 am.**, at the Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK 74119. Produce the following Documents, Things, Communications, ESI communications, Emails, Letters, Memos, etc., regarding:

Oklahoma workers' compensation case of Sonya D. Lange v. John Zink Co., LLC, WCC # 2012-07091A (S. Lange DOB ▓▓▓▓), specifically:

1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's absence from work due to an alleged work injury*. **This request does not seek attorney/client communications**; and,

1

REDACTED

# EXHIBIT 1

2. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

3. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications; and,**

4. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

5. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

6. Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of ___April_____, 2014.

Respectfully Submitted,

_Tim Gilpin_

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, O K 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK 74103-3117

on this _11th_ day of ___April___, 2014.   _Tim Gilpin_

Tim Gilpin

3

**OLD REPUBLIC FINANCIAL ACCEPTANCE CORP**

Details
Filing Number:                          2300550718

Name Type:                              Legal Name

Status:                                 In Existence

Corp type:                              Foreign For Profit Business Corporation

Jurisdiction:                           DELAWARE

Formation Date:                         11 Apr 1995


Registered Agent Information
Name:                                   THE PRENTICE-HALL CORPORATION SYSTEM, OKLAHOMA, INC.

Effective:                              N/A

Address:                                115 S W 89TH ST

City, State , ZipCode:                  OKLA CITY   OK   73139   8511


# EXHIBIT 2

# FORM 2

Send original to
Workers' Compensation Court and 1 copy to
Insurance Carrier
*Please type or print.  Enter all dates in MM/DD/YY format.*

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OK  73105-4918**

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| Full Name of Employee - LAST, FIRST, MIDDLE | | Employee Email Address | |
|---|---|---|---|
| Complete Address | City | State | Zip |
| Telephone Number | | Social Security Number | |
| Date of Birth | Sex | Length of Employment  Years        Months | |
| Average Weekly Wage | Occupation (job description) | Was employment agreement made in Oklahoma?  YES ☐   NO ☐ | |

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or in-state toll free (800) 522-8210.**

| Date of accident or last exposure | Time of accident or exposure  o'clock ☐ AM  ☐ PM | | Date Employer Notified | Time workday began  o'clock ☐ AM  ☐ PM |
|---|---|---|---|---|
| Last date employee worked | Has employee returned to work?  YES ☐  NO ☐  If yes, on what date | | Did the employee die?  YES ☐  NO ☐  If yes, on what date | |
| OSHA Log Case # | Place of Accident or Occurrence  City: | | County: | State: |
| Injury Resulted from:    Single Incident ☐    Cumulative Trauma ☐ | | Does employee participate in a certified workplace medical plan:   YES ☐  NO ☐  If yes, name of CWMP: | | |

Nature of Injury or Illness

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

| Employer's Insurance Carrier or Own Risk Group | | Policy/Self-Insured Number | |
|---|---|---|---|
| Name | Phone | Policy Period—from _____ to _____ | |
| Address | City | State | Zip |

Employer's Name and Complete Address

| Name | Federal ID# | Phone # | |
|---|---|---|---|
| Address | City | State | Zip |
| Type of business (Example:  manufacturing, food service, construction) | | | NAICS Number |

Type of Ownership:   Private ☐        State Government ☐        County Government ☐        Local Government ☐

Upon filing this Notice of Injury, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

*The undersigned hereby declares under penalty of perjury that he/she examined this notice and all statements contained herein are true, correct and complete, to the best of his/her knowledge. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I hereby certify that this Form 2 was sent to the Workers' Compensation Court and a copy thereof to the insurer on the date described below:

Signed_____
Signature of Preparer

By_____
Name and Title of Preparer (Please Print)

Telephone Number_____
Area Code and Number

Date_____

Rev. 10/10

**SUBMISSION OF THIS FORM IS NOT AN ADMISSION OF LIABILITY**

A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.

# EXHIBIT 3

DISTRICT COURT
# FILED

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MAY 0 1 2014

| | | |
|---|---|---|
| SONYA D. LANGE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) Case No.  CJ – 2014 – 00357 | SALLY HOWE SMITH, COURT CLERK |
| | ) Judge Daman Cantrell | STATE OF OKLA, TULSA COUNTY |
| | ) | |
| JOHN ZINK CO., LLC., | ) | |
| a Foreign Limited Liability | ) | |
| Company, | ) | |
| Defendant. | ) | |

### PLAINITFF'S SUPPLEMENT
### TO MOTION TO COMPEL DISCOVERY

COMES NOW, the Plaintiff, Sonya D. Lange ("Lange"), and pursuant to Local Rule

CV 21, Supplements her earlier Motion to Compel filed April 23, 2014, with the following

statement.

Pursuant to Local Rule CV 21, Lange and Zink's counsel have conferred *in person*

with each other in good faith about the discovery disputes contained in the original Motion

but have not been able to resolve the disputes.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

1

**EXHIBIT 16**

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this  1st  day of  May  , 2014.

Tim Gilpin

2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

MAY 0 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )   Case No. CJ-2014-357
                                   )   Judge Daman Cantrell
JOHN ZINK CO., LLC,                )
                                   )
            Defendant.             )

### AGREED MUTUAL PROTECTIVE ORDER

WHEREAS, documents or information containing identification  information, financial information, banking and income records, tax records, medical/mental health information or other types of sensitive information which the party making the production deems confidential may be produced or disclosed in the course of these proceedings; and

WHEREAS, disclosure of such Confidential Information might be injurious to the parties or non-parties; and

WHEREAS, good cause therefore exists for entry of a protective order pursuant to 12 O.S. § 3226(C); and

WHEREAS, the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation;

IT IS HEREBY STIPULATED AND AGREED that the following rules and procedures shall govern all such Confidential Information obtained in this action:

**EXHIBIT 17**

1.      All such documents or information produced or disclosed in the course of this action shall be used by any party to whom such documents or information is produced or disclosed solely for the purpose of this litigation only and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.      Definitions.

(a)      "Confidential Information" shall mean any information of any type, kind or character, as defined on page one (1) first "Whereas" paragraph, that is designated confidential by any party, whether it be a document (including both paper and electronic documents), information contained in a document, information revealed during a deposition, information revealed in any discovery responses or otherwise supplied or revealed during the course of, or in connection with, this litigation.

(b)      "Receiving Party" shall mean a party to this lawsuit to whom Confidential Information is disclosed.

(c)      "Producing Party" shall mean a party to this lawsuit who discloses Confidential Information to another party.

3.      Designations and Challenges.

(a)      To designate, the Producing Party shall stamp "Confidential" or "Confidential Information" on all copies of documents they deem to contain Confidential Information. Deposition testimony or any portion thereof may be designated Confidential Information on the record at the deposition or in a letter to all counsel sent within thirty (30) days after receipt of the deposition transcript. Until this thirty-day period expires, all deposition testimony shall be considered Confidential Information unless agreed to by all Parties in writing.

2

Discovery responses or answers containing Confidential Information shall be set forth separately and stamped "Confidential" or "Confidential Information."

(b)     A Receiving Party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time that such designation is made.  Should a Receiving Party disagree, at any stage of this case, with a designation of documents or information as Confidential Information, the designation may be challenged as follows.  First, the Receiving Party disputing the designation shall try to resolve such dispute informally by conferring with the Producing Party.  If the dispute is not resolved informally, the Receiving Party shall identify the disputed designations in writing, to counsel for the Producing Party.  The Producing Party shall have fourteen (14) calendar days from receipt of this written notice to respond in writing.  If the Producing Party responds that such challenged documents do, or information does, contain Confidential Information, the dispute may be presented by motion to the Court by the Receiving Party. All documents or information designated Confidential Information shall retain that designation and shall remain subject to the terms of this Protective Order unless the Court decides that challenged documents or information shall not be covered by the terms of this Order and any and all proceedings and appeals challenging such decision shall have been concluded.  Nothing shall affect any Party's right to request leave of court to be relieved of this Order for any reason.

4.     Confidential Information, any copies thereof and any information contained therein or derived therefrom shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action:

(a)     attorneys of record in this action and their partners or associate attorneys;

(b)      any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

(c)      any independent expert or consultant who has been consulted for the purpose of being retained or who has been retained by counsel to provide assistance, expert advice or testimony in this action, and the employees of such experts or consultants when working in connection with this action under the direct supervision of said persons;

(d)      officers, directors or employees of the Receiving Party assisting counsel for that Receiving Party in the conduct of the litigation.

(e)      the court if filed under seal or with the prior written permission of the Producing Party;

(f)      court reporters or other persons preparing transcripts of testimony;

(g)      any other person on such terms and conditions as the parties may agree in writing; or

(h)      as the Court may hereafter by order direct;

**provided** that any person to whom any Confidential Information is disclosed pursuant to subparagraph 4(c) above shall, prior to any such disclosure, execute an Acknowledgment agreeing to abide by the terms of this Order. The Acknowledgment is appended hereto as Exhibit 1. Such Acknowledgments shall be retained by counsel of record making such disclosure, and shall be made available to counsel for the Producing Party upon a showing of reasonable cause. No person to whom Confidential Information is disclosed pursuant to the provisions of this

paragraph shall disclose Confidential Information to any person not entitled under the terms of this Order to receive it.

5.     Notwithstanding any other provisions of this Order, Confidential Information shall not be disclosed to any employee, agent, or consultant of any competitor of the Producing Party.  If any party has reason to believe that a competitor has improperly acquired or learned of Confidential Information, the Receiving Party, upon written demand from the Producing Party, shall reveal whether Confidential Information has been disclosed to any employee, agent, or consultant of such competitor company.

6.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not generally be deemed a waiver, in whole or in part, of any claims of confidentiality.

7.     All such Confidential Information shall be used in depositions only in a manner calculated to preserve the confidentiality of such material and of those portions of the transcripts of and exhibits to such depositions which deal with such Confidential Information. Any court reporter or other person taking or preparing transcripts of a deposition at which testimony and exhibits containing Confidential Information can reasonably be expected to be disclosed will be advised of the terms of this Order and agree to be bound thereby. Only persons entitled to receive such Confidential Information pursuant to this Order may attend depositions at which Confidential Information is or is likely to be disclosed or discussed.

8.     Nothing in paragraph 4 will preclude the Receiving Party from using any Confidential Material at the deposition of:

(a)     present directors and officers of the Producing Party;

(b)     former directors or officers of the Producing Party;

(c)     present or former employees, agents or representatives of the Producing Party who, at the time of their affiliation or employment with the Producing Party, had access to information identical or substantially similar to the Confidential Material to be used at his/her deposition;

(d)     any person identified in the Confidential Information as the author, addressee, or other designated recipient of the Confidential Information; and

(e)     any other Designated Deponent provided that the procedure hereinafter described is followed.   When a Receiving Party wishes to use Confidential Information with a Designated Deponent, the Receiving Party must serve upon the Designated Deponent, with a copy upon counsel for the Producing Party not less than fifteen calendar days prior to the deposition, a written request for the execution of an Acknowledgment.  The Receiving Party must promptly, but in no event less than two business days, advise counsel for the Producing Party of the receipt of an executed Acknowledgement by the Designated Deponent.  If the Designated Deponent fails to execute an Acknowledgement, the Receiving Party shall promptly notify the Producing Party of that fact. Unless the Producing Party files a motion for protective order prior to the scheduled date of the deposition, the deposition shall go forward as scheduled, and the Producing Party, while not waiving its rights to object to the disclosure of, or testimony concerning, Confidential Information at the deposition, shall be deemed to have waived its rights to preclude, postpone, recess, or otherwise interrupt the deposition on that ground.  However, if the Designated Deponent does not execute an Acknowledgement, Confidential Information shall not be used during the

6

deposition, shown to the deponent, or in any way referenced.  If the Producing Party files a motion for protective order, the deposition shall be automatically stayed until the trial court determines the motion; provided, however, that in such event, the Receiving Party may, at its option, go forward with the deposition without the use of Confidential Information therein, and without waiving its right to resume the deposition to include the use of Confidential Information if the Court's ruling on the motion for protective order so permits.

9.      All interrogatories or interrogatory answers, requests for admissions or answers thereto, deposition transcripts or exhibits thereto, briefs, or other documents of any kind which contain Confidential Information shall be subject to the provisions of this Order.

10.     In the event that any pleading or other document which contains Confidential Information is to be filed with the Court, such document shall not be filed unless a motion for, and until an order of, impoundment governing such pleading or document has been made and ruled upon by the Court. Such motion shall seek impoundment of all pleadings or documents containing Confidential Information until final disposition of the action (including the passage of any time in which to appeal or petition for certiorari), with custody thereafter to rest with counsel for the Producing Party. The parties agree not to oppose any motion for impoundment made pursuant to this paragraph. To the extent that Confidential Information can be segregated from the non-confidential material without undue burden or expense, only the Confidential Information shall be filed subject to the above terms.

11.     At the conclusion of the action by way of final judgment (including the exhaustion of all appeals) or settlement, all Confidential Information and copies thereof and all documents containing Confidential Information in the possession, custody or control of any

Receiving Party or its counsel shall be promptly turned over to counsel for the Producing Party or destroyed. Each counsel of record for each Receiving Party shall provide a sworn statement to counsel for the Producing Party stating that all Confidential Information and copies thereof have been turned over to counsel for the Producing Party or destroyed.

12.     Nothing herein shall be construed as waiving the right of a Producing Party to assert that particular material is subject to a claim of privilege.

13.     The designation of information treated as Confidential Information pursuant to this Stipulation and Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or does in fact contain or reflect proprietary or confidential information.

14.     Nothing herein shall preclude any party from applying to the Court for any modification of this Order as it may deem appropriate in the circumstances; provided, however, that prior to such application, the parties involved shall make reasonable effort to resolve the matter by agreement.

**DAMAN CANTRELL**

_____
Judge of the District Court

Approved as to Form and Content:

_____
Tim Gilpin, OBA No. 11844
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119
Telephone (918) 583-8900
Facsimile (918) 796-5724
timgilpin@gilpinlaw.net


*Attorney for Plaintiff*

_____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Doerner, Saunders, Daniel & Anderson, LLP
2 W 2nd St, Ste. 700
Tulsa, OK 74103
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

*Attorneys for Defendant*

8

# EXHIBIT 1

## Agreement to Maintain Confidentiality

In consideration of Confidential Information being Disclosed to the undersigned recipient (the "Recipient"), the Recipient agrees as follows:

1. The Recipient represents and warrants that he/she has received a copy of the Agreed Protective Order entered in *Sonya D. Lange v. John Zink Co., LLC.*, Case No. CJ-2014-357, In the District Court of Tulsa County, State of Oklahoma; and that the Recipient has read the Agreed Protective Order.  The Recipient understands that he/she is subject to all appropriate sanctions and remedies for any violation of the Agreed Protective Order.

2. The Recipient represents and warrants that, upon receipt of Confidential Information, he/she will be bound by, and comply with, all provisions of the Agreed Protective Order.

3. The Recipient agrees that, upon receipt of the Confidential Information, he/she is personally subject to the jurisdiction of the State of Oklahoma, and further agrees that jurisdiction and venue for any action taken to enforce this Agreement is proper in the District Court of Tulsa County, State of Oklahoma.  This Agreement shall be governed by, and construed under, the laws of the State of Oklahoma.

4. All capitalized terms in this Agreement shall have the same meaning as the same terms in the Agreed Protective Order.

Dated: _____, 2014.

Recipient


_____

Name:_____
      Print Name

Address:


_____

_____

_____

9

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
F I L E D

MAY - 5 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| SONYA D. LANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CJ-2014-357 |
| | ) | Judge Daman Cantrell |
| JOHN ZINK CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO WITHDRAW
DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON
BROADSPIRE MANAGEMENT SERVICES, INC.**

Defendant John Zink Co., LLC. (John Zink) moves to withdraw its Motion to Quash

Subpoena Duces Tecum Served Upon Broadspire Management Services, Inc., filed herein on

April 28, 2014. The parties have reached an agreement as to the subject subpoena and have

informed the subpoena target of this agreement by joint letter.

WHEREFORE, Defendant moves to withdraw its motion.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

**EXHIBIT 18**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

Broadspire Management Services, Inc.,
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

Kristen L. Brightmire

3048519v1

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

SONYA D. LANGE,                    )
                                   )        MAY – 5 2014
        Plaintiff,                 )
                                   )    SALLY HOWE SMITH, COURT CLERK
                                   )    STATE OF OKLA. TULSA COUNTY
vs.                                )    Case No. CJ-2014-357
                                   )    Judge Daman Cantrell
JOHN ZINK CO., LLC,                )
                                   )
        Defendant.                 )

## DEFENDANT'S MOTION TO WITHDRAW DEFENDANT'S MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON METLIFE

Defendant John Zink Co., LLC. (John Zink) moves to withdraw its Motion to Quash Subpoena Duces Tecum Served Upon MetLife, filed herein on April 28, 2014. The parties have reached an agreement as to the subject subpoena and have informed the subpoena target of this agreement by joint letter.

WHEREFORE, Defendant moves to withdraw its motion.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _Kristen L. Brightmire_
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

**EXHIBIT 19**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 5, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

MetLife
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City OK  73128

Kristen L. Brightmire

3048543v1

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**
MAY – 6 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## NOTICE OF HEARING

The following cases are set for hearing on the matters designated at the time and dates given below. Counsel or parties without counsel should appear at the hearing or disposition may be made in their absence.

CJ 2014 0357      Sonya Lange      vs.      John Zink Co, LLC

Plaintiff's motion to compel is set for hearing on 5-28-14 at 4:00 pm.

**DAMAN CANTRELL**
DAMAN CANTRELL DISTRICT JUDGE

## AFFIDAVIT OF MAILING

I, Sally Howe Smith, Court Clerk of Tulsa County, hereby certify that on the _____ day of _____ , 2014, a true and correct copy of the foregoing Notice was mailed to each of the attorneys listed above and a true and correct copy of the foregoing notice was filed in each of the above foregoing cases.

Sally Howe Smith, Court Clerk

Tim Gilpin
1874 South Boulder Avenue
Tulsa, OK 74119

Kristen Brightmire
Two West Second Street, Suite 700
Tulsa, OK 74103

**EXHIBIT 20**

DISTRICT COURT
# FILED

MAY - 8 2014

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                        )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )   Case No. CJ-2014-357
                                       )   Judge Daman Cantrell
JOHN ZINK CO., LLC,                    )
                                       )
        Defendant.                     )

## DEFENDANT'S *AMENDED* MOTION TO QUASH SUBPOENA DUCES TECUM
## SERVED UPON
## CRAWFORD & COMPANY
## AND BRIEF IN SUPPORT

Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), Defendant John Zink Co., LLC.

(John Zink) submits this motion to quash/modify the subpoena duces tecum served upon non-

party Crawford & Company, (Crawford), a copy of which is attached hereto as Ex. 1 (SDT).

Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled to receive or

review the materials sought in the SDT "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for

exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/

retention, and intentional infliction of emotional distress.  Based upon information and belief,

Crawford is the parent corporation of the corporation which is the third-party administrator

involved in the processing of Plaintiff's workers' compensation claim.

Because the parties have reached agreement on all other issues, **John Zink requests that**

**the SDT be modified such that Request No. 6 is stricken.**

**EXHIBIT 21**

## I. ARGUMENT AND AUTHORITIES

### REQUEST NO. 6 OF THE SDT SHOULD BE STRICKEN PURSUANT TO OKLA. STAT. TIT. 12, § 2004.1(C)(3)(A)(5).

Section 2004.1 provides that a subpoena shall be quashed or modified if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226. That law provides that

> [p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

Request No. 6 of the SDT commands Crawford to produce:

> 6.    Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Ex. 1 at p. 2. John Zink objects to this request as falling outside of the discovery permitted by Section 3226.[1]

---

[1] To the extent this Argument involves a discovery dispute, counsel has conferred with Plaintiff's counsel about the substance of this dispute in good faith but has been unable to reach an agreement. The relevance of other Form 2s is the subject of Plaintiff's Request for Production No. 3. The parties have exchanged correspondence and had an in-person conference to discuss this issue. On April 23, 2014, Plaintiff filed her Motion to Compel which addresses this issue.

A.   **Form 2s are confidential per statute and should not be disclosed.**

A Form 2 is the common name for the Employer's First Notice of Injury form - a document used to advise the Workers' Compensation Court and the insurance carrier of a possible on the job injury or accident. Ex. 2. On the face of a Form 2 it reads:

> A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. **Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.**

Ex. 2 (emphasis added). Form 2s are protected by law. OKLA. STAT. tit. 85, § 24.1(B) ("The report, known as the Employer's First Notice of Injury, shall be kept confidential and shall not be open to public inspection …"). While Plaintiff and her representatives would be entitled to review plaintiff's Form 2s in this litigation, which have been produced in this case, she is not entitled to review the Form 2s filed for other employees of John Zink. John Zink is unaware of any statutory or case law authorizing the disclosure of Form 2s in this instance.

B.   **The request is not relevant to the subject matter involved in the pending action, either to the claim of the party seeking discovery or to the claim or defense of any other party.**

Plaintiff has filed a lawsuit alleging she was discharged in retaliation for her exercising her rights under the Workers' Compensation Act. Plaintiff has "the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a significant part in the employer's decision to terminate [her]." *Thompson v. Medley Material Handling, Inc.*, 1987 OK 2, ¶ 6. At the time of her discharge, she was on an extended leave of absence for a non-work-related illness, had exhausted her Family and Medical Leave Act, and had provided information to John Zink from her physician that she would not be able to return to

3

work in the near future.  She was <u>not</u> receiving Temporary Total Disability under the Workers' Compensation Act.  She had not received Temporary Total Disability for over one year prior to her discharge.  By her own admission, Plaintiff is still not able to work. Her discharge was unrelated to her prior claim under the Workers' Compensation Act.

The Form 2s contain significant confidential information regarding other employees, which should not be produced in the absence of a clear basis for relevancy.  The confidential information includes:

- Employee's name
- Address
- Telephone number
- Social Security Number
- Date of Birth
- Gender
- Occupation
- Nature of Illness or Injury
- Description of the event when the injury or illness occurred
- The identity of the body parts involved

Plaintiff has made no showing sufficient to be entitled to this confidential information.

That Plaintiff has cast such a wide net in order to find any speck of evidence is indicative of the lack of actual evidence of retaliation she has.

Plaintiff sought these same records in her Request for Production of Documents No. 3, and it is now the subject of Plaintiff's Motion to Compel filed herein on April 23, 2014.  In her motion to compel, Plaintiff argues that "Lange is properly attempting to discover a pattern of behavior by Zink towards its employees. (emphasis removed)"  Plaintiff cites to *Wallace v. Halliburton Co.*, and *Taylor v. Cache Nursing Centers*.  (Pl. Mot. to Compel at 6-7.)  Plaintiff's arguments are unpersuasive.

The law cannot be stretched far enough to make a claim that the name and other confidential information of every employee by John Zink in Oklahoma who suffered or reported

4

an on-the-job illness or injury is "relevant" to whether Plaintiff was discharged in retaliation for her exercise of rights under the Workers' Compensation Act. She claims it is to discover a "pattern" and that such is proper per *Wallace* and *Taylor*. John Zink takes issue with this.

The entirety of the discussion of "pattern" in *Wallace v. Halliburton Co.*, 1993 OK 24, 850 P.2d 1056, is that "[e]vidence of a pattern of terminating employees who filed workers' compensation claims was offered" at trial. *Id.* at ¶ 15. There is no discussion in *Wallace* as to the propriety of a plaintiff being entitled to the far-reaching discovery request made by the instant Plaintiff. There is no holding that pattern evidence is required or necessary. There is certainly no precedent or even guidance to be found in the *Wallace* decision on the issue before this Court.

Plaintiff also cites to *Taylor v. Cache Creek Nursing Centers*, 1994 OK CIV APP 160, 891 P.2d 607, which affirmed the grant of summary judgment to an employer who fired its employee for being unable to perform her job after an on-the-job accident. *Taylor* has no bearing on the question before this Court.[2] In *Taylor*, the Court, in passing, notes there was "no evidence, for example, showing a pattern of termination of workers who filed claims . . .". *Id.* at ¶ 15. *Taylor* provides no guidance as to the discoverability or relevance of the requested documents and cannot be cited to support Plaintiff's request for Form 2s which are confidential by statute.

In a single plaintiff case, there is no authority for allowing plaintiff to seek discovery of a pattern of behavior without providing some evidence that such a pattern exists. The fact that other employees have reported on-the-job accidents or injuries in the last four years in no way establishes the elements of plaintiff's case.

---

[2] *Taylor* is not binding and shall not be cited as precedent. OKLA. STAT. tit. 20, § 30.5.

**C.**     **The request seeks Form 2s of Koch Industries which is overly broad.**

This request also seeks Form 2s for Koch Industries which is not a named party in this action.    The other requests were appropriately limited to documents related to Plaintiff. However, Request No. 6 is not limited to Plaintiff – it appears to also and independently seek copies of Form 2s created on behalf of Koch Industries from October 1, 2010, to the present. There is no basis for such a request in this lawsuit.  Koch Industries has never employed Plaintiff and is not a party herein.

**CONCLUSION**

WHEREFORE, Defendant John Zink Co., LLC., requests that this motion be granted and that the subpoena duces tecum be modified to strike Request No. 6.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

Crawford & Company
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

Kristen L. Brightmire

3053054v1

7

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                                    )
                                                   )
               Plaintiff,                          )
                                                   )
        vs.                                        )  Case No.  CJ – 2014 – 00357
                                                   )         Judge Daman Cantrell
JOHN ZINK CO., LLC.,                               )
a Foreign Limited Liability                        )
Company,                                           )
                                                   )
                                                   )
               Defendant.                          )

<u>SUBPOENA DUCES TECUM - CIVIL</u>

TO:    **Crawford & Company, c/o**
       **The Corporation Company**
       **1833 S. Morgan Road.**
       **OKC, OK 73128**

GREETINGS:

        Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty

of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT**

**INSPECTION** and **COPYING** of documents and materials listed below on the **8**[th] **day of**

**May, 2014, at 9:30 am.,** at the <u>Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK</u>

<u>74119</u>. Produce  the  following  Documents,  Things,  Communications,  ESI

communications, Emails, Letters, Memos, etc., regarding:

        Oklahoma workers' compensation case of <u>Sonya D. Lange v. John Zink Co.,</u>
        <u>LLC</u>, WCC # 2012-07091A (S. Lange DOB 6-19-69), specifically:

        1.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its
            officers, managers, supervisors or authorized representative) *related to
            Lange's absence from work due to an alleged work injury.* **This request does
            not seek attorney/client communications;** and,

1

EXHIBIT 1
(Page 1 of 3)

2. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

3. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications**; and,

4. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

5. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

6. Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

EXHIBIT 1
(Page 2 of 3)

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of ___April___, 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this _11th_ day of ___April___, 2014.      Tim Gilpin

3

EXHIBIT 1
(Page 3 of 3)

# FORM 2

Send original to
Workers' Compensation Court and 1 copy to
Insurance Carrier
*Please type or print.  Enter all dates in  MM/DD/YY format.*

### WORKERS' COMPENSATION COURT
### 1915 NORTH STILES
### OKLAHOMA CITY, OK  73105-4918

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| Full Name of Employee - LAST, FIRST, MIDDLE | | Employee Email Address | |
|---|---|---|---|
| Complete Address | City | State | Zip |
| Telephone Number | | Social Security Number | |
| Date of Birth | Sex | Length of Employment Years | Months |
| Average Weekly Wage | Occupation (job description) | | |

Was employment agreement made in Oklahoma?
YES ☐     NO ☐

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or in-state toll free (800) 522-8210.**

| Date of accident or last exposure | Time of accident or exposure o'clock   AM ☐   PM ☐ | | Date Employer Notified | Time workday began o'clock  AM ☐   PM ☐ |
|---|---|---|---|---|
| Last date employee worked | Has employee returned to work? YES ☐  NO ☐   If yes, on what date | | Did the employee die? YES ☐   NO ☐   If yes, on what date | |
| OSHA Log Case # | Place of Accident or Occurrence City: | | County: | State: |
| Injury Resulted from:     Single Incident ☐     Cumulative Trauma ☐ | | | Does employee participate in a certified workplace medical plan:   YES ☐   NO ☐ If yes, name of CWMP: | |

Nature of Injury or Illness

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

| Employer's Insurance Carrier or Own Risk Group | | | Policy/Self-Insured Number | |
|---|---|---|---|---|
| Name | Phone | | Policy Period—from | to |
| Address | City | | State | Zip |

| Employer's Name and Complete Address | | | | |
|---|---|---|---|---|
| Name | Federal ID# | | Phone # | |
| Address | City | | State | Zip |

| Type of business (Example: manufacturing, food service, construction) | | NAICS Number |
|---|---|---|

Type of Ownership:     Private ☐     State Government ☐     County Government ☐     Local Government ☐

Upon filing this Notice of Injury, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

*The undersigned hereby declares under penalty of perjury that he/she examined this notice and all statements contained herein are true, correct and complete, to the best of his/her knowledge. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I hereby certify that this Form 2 was sent to the Workers' Compensation Court and a copy thereof to the Insurer on the date described below:

Signed_____
    Signature of Preparer

By_____
    Name and Title of Preparer (Please Print)

Telephone Number_____
    Area Code and Number

Date_____

Rev. 10/10

**SUBMISSION OF THIS FORM IS NOT AN ADMISSION OF LIABILITY**

A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.

## EXHIBIT 2

DISTRICT COURT
**FILED**

MAY - 8 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                          )
                                         )
        Plaintiff,                       )
                                         )
vs.                                      )    Case No. CJ-2014-357
                                         )    Judge Daman Cantrell
JOHN ZINK CO., LLC,                      )
                                         )
        Defendant.                       )

## DEFENDANT'S *AMENDED* MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON OLD REPUBLIC INSURANCE COMPANY AND BRIEF IN SUPPORT

Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(3)(a)(5), Defendant John Zink Co., LLC. (John Zink) submits this motion to quash/modify the subpoena duces tecum served upon non-party Old Republic Insurance Company, (Old Republic), a copy of which is attached hereto as Ex. 1 (SDT). Pursuant to OKLA. STAT. tit. 12, § 2004.1(C)(2)(b), Plaintiff shall not be entitled to receive or review the disputed materials "except pursuant to an order of" this Court.

Plaintiff has sued her former employer John Zink claiming retaliatory discharge for exercising her rights under the Workers' Compensation Act, negligent hiring/supervision/retention, and intentional infliction of emotional distress. Based upon information and belief, Old Republic may have been a third-party administrator involved in the processing of Plaintiff's workers' compensation claim.

Because the parties have reached agreement on all other issues, **John Zink requests that the SDT be modified such that Request No. 6 is stricken.**

**EXHIBIT 22**

# I. ARGUMENT AND AUTHORITIES

## REQUEST NO. 6 OF THE SDT SHOULD BE STRICKEN PURSUANT TO OKLA. STAT. TIT. 12, § 2004.1(C)(3)(A)(5).

Section 2004.1 provides that a subpoena shall be quashed or modified if it requests the production of documents or materials that fall outside the scope of discovery permitted by Section 3226. That law provides that

> [p]arties may obtain discovery regarding any matter, not
> privileged, which is relevant to the subject matter involved in the
> pending action, whether it relates to the claim or defense of the
> party seeking discovery or to the claim or defense of any other
> party, including the existence, description, nature, custody,
> condition and location of any documents, electronically stored
> information or other tangible things and the identity and location of
> persons having knowledge of any discoverable matter. It is not a
> ground for objection that the information sought will be
> inadmissible at the trial if the information sought appears
> reasonably calculated to lead to the discovery of admissible
> evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a).

Request No. 6 of the SDT commands Old Republic to produce:

> 6.   Copies of Oklahoma Workers' Compensation Form 2s filed
>      or created on behalf of John Zink, LLC, a/k/a Koch
>      Industries for the time period of October 1, 2010, to
>      present.

Ex. 1 at p. 2. John Zink objects to this request as falling outside of the discovery permitted by Section 3226.[1]

---

[1] To the extent this Argument involves a discovery dispute, counsel has conferred with Plaintiff's counsel about the substance of this dispute in good faith but has been unable to reach an agreement. The relevance of other Form 2s is the subject of Plaintiff's Request for Production No. 3. The parties have exchanged correspondence and had an in-person conference to discuss this issue. On April 23, 2014, Plaintiff filed her Motion to Compel which addresses this issue.

**A.    Form 2s are confidential per statute and should not be disclosed.**

A Form 2 is the common name for the Employer's First Notice of Injury form - a document used to advise the Workers' Compensation Court and the insurance carrier of a possible on the job injury or accident. Ex. 2.  On the face of a Form 2 it reads:

> A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise.  **Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.**

Ex. 2 (emphasis added).  Form 2s are protected by law.  OKLA. STAT. tit. 85, § 24.1(B) ("The report, known as the Employer's First Notice of Injury, shall be kept confidential and shall not be open to public inspection ...").  While Plaintiff and her representatives would be entitled to review plaintiff's Form 2s in this litigation, which have been produced in this case, she is not entitled to review the Form 2s filed for other employees of John Zink.  John Zink is unaware of any statutory or case law authorizing the disclosure of Form 2s in this instance.

**B.    The request is not relevant to the subject matter involved in the pending action, either to the claim of the party seeking discovery or to the claim or defense of any other party.**

Plaintiff has filed a lawsuit alleging she was discharged in retaliation for her exercising her rights under the Workers' Compensation Act.  Plaintiff has "the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a significant part in the employer's decision to terminate [her]." *Thompson v. Medley Material Handling, Inc.*, 1987 OK 2, ¶ 6.  At the time of her discharge, she was on an extended leave of absence for a non-work-related illness, had exhausted her Family and Medical Leave Act, and had provided information to John Zink from her physician that she would not be able to return to

3

work in the near future. She was <u>not</u> receiving Temporary Total Disability under the Workers' Compensation Act. She had not received Temporary Total Disability for over one year prior to her discharge. By her own admission, Plaintiff is still not able to work. Her discharge was unrelated to her prior claim under the Workers' Compensation Act.

The Form 2s contain significant confidential information regarding other employees, which should not be produced in the absence of a clear basis for relevancy. The confidential information includes:

- Employee's name
- Address
- Telephone number
- Social Security Number
- Date of Birth
- Gender
- Occupation
- Nature of Illness or Injury
- Description of the event when the injury or illness occurred
- The identity of the body parts involved

Plaintiff has made no showing sufficient to be entitled to this confidential information.

That Plaintiff has cast such a wide net in order to find any speck of evidence is indicative of the lack of actual evidence of retaliation she has.

Plaintiff sought these same records in her Request for Production of Documents No. 3, and it is now the subject of Plaintiff's Motion to Compel filed herein on April 23, 2014. In her motion to compel, Plaintiff argues that "Lange is properly attempting to discover a pattern of behavior by Zink towards its employees. (emphasis removed)" Plaintiff cites to *Wallace v. Halliburton Co.*, and *Taylor v. Cache Nursing Centers*. (Pl. Mot. to Compel at 6-7.) Plaintiff's arguments are unpersuasive.

The law cannot be stretched far enough to make a claim that the name and other confidential information of every employee by John Zink in Oklahoma who suffered or reported

an on-the-job illness or injury is "relevant" to whether Plaintiff was discharged in retaliation for her exercise of rights under the Workers' Compensation Act. She claims it is to discover a "pattern" and that such is proper per *Wallace* and *Taylor*. John Zink takes issue with this.

The entirety of the discussion of "pattern" in *Wallace v. Halliburton Co.*, 1993 OK 24, 850 P.2d 1056, is that "[e]vidence of a pattern of terminating employees who filed workers' compensation claims was offered" at trial. *Id.* at ¶ 15. There is no discussion in *Wallace* as to the propriety of a plaintiff being entitled to the far-reaching discovery request made by the instant Plaintiff. There is no holding that pattern evidence is required or necessary. There is certainly no precedent or even guidance to be found in the *Wallace* decision on the issue before this Court.

Plaintiff also cites to *Taylor v. Cache Creek Nursing Centers*, 1994 OK CIV APP 160, 891 P.2d 607, which affirmed the grant of summary judgment to an employer who fired its employee for being unable to perform her job after an on-the-job accident. *Taylor* has no bearing on the question before this Court.[2] In *Taylor*, the Court, in passing, notes there was "no evidence, for example, showing a pattern of termination of workers who filed claims . . .". *Id.* at ¶ 15. *Taylor* provides no guidance as to the discoverability or relevance of the requested documents and cannot be cited to support Plaintiff's request for Form 2s which are confidential by statute.

In a single plaintiff case, there is no authority for allowing plaintiff to seek discovery of a pattern of behavior without providing some evidence that such a pattern exists. The fact that other employees have reported on-the-job accidents or injuries in the last four years in no way establishes the elements of plaintiff's case.

---

[2] *Taylor* is not binding and shall not be cited as precedent. OKLA. STAT. tit. 20, § 30.5.

**C.**     **The request seeks Form 2s of Koch Industries which is overly broad.**

This request also seeks Form 2s for Koch Industries which is not a named party in this action. The other requests were appropriately limited to documents related to Plaintiff. However, Request No. 6 is not limited to Plaintiff – it appears to also and independently seek copies of Form 2s created on behalf of Koch Industries from October 1, 2010, to the present. There is no basis for such a request in this lawsuit. Koch Industries has never employed Plaintiff and is not a party herein.

## CONCLUSION

WHEREFORE, Defendant John Zink Co., LLC., requests that this motion be granted and that the subpoena duces tecum be modified to strike Request No. 6.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

By: _Kristen L. Brightmire_

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Williams Center, Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 582-1211
Facsimile (918) 591-5360
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2014, a true and correct copy of the above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

Old Republic & Company
c/o Prentice Hall Corporate System OK, Inc.
115 SW 89th Street
Oklahoma City, OK  73139

Kristen L. Brightmire

3048306v1

7

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,            )

      Plaintiff,       )

                      )

      vs.              ) Case No.  CJ – 2014 – 00357

                      )     Judge Daman Cantrell

JOHN ZINK CO., LLC.,       )

a Foreign Limited Liability     )

Company,              )

                      )

      Defendant.       )

### SUBPOENA DUCES TECUM - CIVIL

TO:   **Old Republic Insurance Company., c/o**
Prentice Hall Corporate System OK, Inc.
115 SW 89th Street
OKC, OK 73139

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty

of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT**

**INSPECTION** and **COPYING** of documents and materials listed below on the **8th day of**

**May, 2014, at 9:30 am.,** at the <u>Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK</u>

<u>74119</u>. Produce the following Documents, Things, Communications, ESI

communications, Emails, Letters, Memos, etc., regarding:

Oklahoma workers' compensation case of <u>Sonya D. Lange v. John Zink Co.,</u>
<u>LLC,</u> WCC # 2012-07091A (S. Lange DOB 6-19-69), specifically:

1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its
officers, managers, supervisors or authorized representative) *related to
Lange's absence from work due to an alleged work injury.* **This request does
not seek attorney/client communications; and,**

1

EXHIBIT 1
(Page 1 of 3)

2.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications;** and,

3.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications;** and,

4.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications;** and,

5.  communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

6.  Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

EXHIBIT 1
(Page 2 of 3)

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of ___April___, 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, O K 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this _11th_ day of ___April___, 2014.          Tim Gilpin

3

EXHIBIT 1
(Page 3 of 3)

# FORM 2

Send original to
Workers' Compensation Court and 1 copy to
Insurance Carrier
*Please type or print.  Enter all dates in  MM/DD/YY format.*

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OK  73105-4918**

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| Full Name of Employee - LAST, FIRST, MIDDLE | | | Employee Email Address | |
|---|---|---|---|---|
| Complete Address | City | State | | Zip |
| Telephone Number | | Social Security Number | | |
| Date of Birth | Sex | Length of Employment Years    Months | | |
| Average Weekly Wage | Occupation (job description) | | Was employment agreement made in Oklahoma? YES ☐  NO ☐ | |

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or in-state toll free (800) 522-8210.**

| Date of accident or last exposure | Time of accident or exposure  o'clock AM ☐ PM ☐ | Date Employer Notified | Time workday began  o'clock AM ☐ PM ☐ |
|---|---|---|---|
| Last date employee worked | Has employee returned to work? YES ☐ NO ☐ If yes, on what date | Did the employee die? YES ☐ NO ☐ If yes, on what date | |
| OSHA Log Case # | Place of Accident or Occurrence City: | County: | State: |
| Injury Resulted from:   Single Incident ☐   Cumulative Trauma ☐ | Does employee participate in a certified workplace medical plan:  YES ☐  NO ☐  If yes, name of CWMP: | | |

Nature of Injury or Illness

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

| Employer's Insurance Carrier or Own Risk Group | | Policy/Self-Insured Number |
|---|---|---|
| Name | Phone | Policy Period—from _____ to _____ |
| Address | City | State    Zip |
| Employer's Name and Complete Address | | |
| Name | Federal ID# | Phone # |
| Address | City | State    Zip |
| Type of business (Example:  manufacturing, food service, construction) | | NAICS Number |
| Type of Ownership:   Private ☐   State Government ☐   County Government ☐   Local Government ☐ | | |

Upon filing this Notice of Injury, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

*The undersigned hereby declares under penalty of perjury that he/she examined this notice and all statements contained herein are true, correct and complete, to the best of his/her knowledge. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I hereby certify that this Form 2 was sent to the Workers' Compensation Court and a copy thereof to the insurer on the date described below:

Signed_____
*Signature of Preparer*

By_____
*Name and Title of Preparer (Please Print)*

Telephone Number_____
*Area Code and Number*

Date_____

**SUBMISSION OF THIS FORM IS NOT AN ADMISSION OF LIABILITY**

A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.

Rev. 10/10

**EXHIBIT 2**

DISTRICT COURT
**F I L E D**

MAY - 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                          )
                                          )
        Plaintiff,                        )
                                          )
vs.                                       )    Case No. CJ-2014-357
                                          )    Judge Daman Cantrell
JOHN ZINK CO., LLC,                       )
                                          )
        Defendant.                        )

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL AND COMBINED
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant John Zink Co., LLC ("John Zink") submits this response in opposition to

Plaintiff's Motion to Compel Discovery and its combined Motion for Protective Order.

## I. INTRODUCTION

1.      John Zink is a worldwide leader in state-of-the-art combustion engineering

research programs and in manufacturing advanced combustion equipment and air pollution

control systems. Its Tulsa facility has approximately 850 employees.

2.      Plaintiff was employed by John Zink in Tulsa as a Staff Accountant on

September 29, 2008.

3.      During the course of her employment, Plaintiff was provided with several leaves

of absence. Some were related to workers' compensation issues, some were related to issues

arising under the Family and Medical Leave Act (FMLA), and others were unrelated to either.

4.      Plaintiff filed a claim for workers' compensation benefits for which she received

temporary total disability (TTD) in July and August 2011. Plaintiff filed other claims but they

were contested. After August 2011, plaintiff never received and was never awarded any

additional TTD benefits while employed at John Zink.

**EXHIBIT 23**

5.     In the summer of 2012, Plaintiff advised John Zink that she would need leave for surgery and that she would be off work from July 24 until August 6. This was designated as protected leave under the FMLA.[1] On August 8, she provided a revised Certification of Health Care Provider form indicating she would be off work through September 3, resulting in an extension of her FMLA leave.   Ex. 1.   On or about August 31, she submitted another Certification extending her leave through October 1.  Ex. 2.   Plaintiff was advised that her FMLA leave was expiring and she was asked to provide updated medical information on her anticipated return to work.   John Zink received a Certification from her treating health care provider stating she would need to be completely off work for at least one additional month due to a new condition, not previously disclosed.[2]  FMLA Form, Ex. 3.

6.     According to her own treating physician, Plaintiff had been unable to perform her job since July 24, 2012, and remained unable to perform her job as of October 1, 2012, despite having exhausted her FMLA leave.  Her treating physician further advised that she would not be able to return to work at all for at least one additional month, but perhaps longer. *None of this leave time was covered by TTD as set forth in the Workers' Compensation Act.*

7.     At that time, John Zink made the determination to discharge Plaintiff, given that she had exhausted all of her applicable leave and remained unable to return to work.  Under the circumstances, John Zink determined it was uncertain when, if at all, Plaintiff would be able to return to work.  Plaintiff was terminated on October 5, 2012.

---

[1] To date, the condition for which Plaintiff went out of work on 7/24/2012 has never been determined to be the result of a work-related injury.

[2] This new condition has also never been determined to be the result of a work-related injury.

2

8.     Plaintiff admits that she has not been able to work at all since her discharge (a period of 19 months) as a result of her various medical conditions.  Plaintiff's Ans. to Int. No. 10, Ex. 4.

## II. APPLICABLE LAW

In addition to the tort claims of negligent hiring/supervision/retention (for which there is a pending motion to dismiss) and the intentional infliction of emotional distress, Plaintiff sues for retaliatory discharge in violation of OKLA. STAT. tit. 85, § 341, which reads in pertinent part:

A.     No employer may discharge ... any employee because the employee has in good faith:

    1.     Filed a claim; ...

B.     No employer may discharge any employee during a period of temporary total disability solely on the basis of absence from work.

However, the statute also provides:

C.     After an employee's period of temporary total disability has ended, no employer shall be required to rehire or retain any employee who is determined to be physically unable to perform assigned duties. The failure of an employer to rehire or retain any such employee shall not be deemed a violation of this section.

With regard to the discovery provisions at issue, the relevant statute is as follows:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

OKLA. STAT. tit. 12, § 3226(B)(1)(a) (emphasis added).  Each discovery request must be relevant to the subject matter in this action and relate to the claim or defense of Plaintiff or John Zink.

For the reasons set forth below, John Zink requests that Plaintiff's Motion to Compel be denied in its entirety.   In the alternative, it requests as to certain issues that it be granted a protective order under OKLA. STAT. tit. 12, § 3226(C).

### III. DISPUTED DISCOVERY REQUESTS

**A.     Answers to Interrogatories**

Plaintiff has moved to compel different answers to her Interrogatory Nos. 11 and 12. Each is addressed herein.

> **INTERROGATORY NO. 11:**      Identify (see Definition "C", above) all persons who were hired, or assigned by you, since October, 2012, to the employment duties which were performed by Sonya D. Lange prior to her termination at the location she worked at.

> **ANSWER TO INTERROGATORY NO. 11:**  Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

This information sought is not relevant to the subject matter of Plaintiff's claim which is whether John Zink retaliated against Plaintiff because she filed a worker's compensation claim. Plaintiff states in her Motion to Compel that this request "goes to the defense that Lange's position was eliminated."   However, John Zink is not now and will not claim position elimination as a defense.

The only other argument Plaintiff makes to support her need for this information is the following sentence:

> "if a replacement employee exists, that employee's qualifications compared to Lange, lack of a work injury record, absentee history, physical limitations, restrictions or disabilities (or lack thereof) are relevant by comparison to prove that Lange was fired due to suffering a work injury with resulting restrictions and/or filing a workers' compensation claim." (Pl. Mot. to Compel at p. 4)

Plaintiff's argument is inapplicable – there will never be a comparison between Plaintiff and a replacement.  This was not a situation where John Zink was considering whether to allow

Plaintiff to return to work or whether to replace her. **Plaintiff's physician did not release her to return to work.** By her own admission, Plaintiff has been unable to work from July 24, 2012 to date and continuing (a period in excess of 21 months). Furthermore, Plaintiff's termination occurred more than one year after the last time the Workers' Compensation Court had determined her eligible for TTD benefits. Accordingly, there is no relevance to Plaintiff's Request for Production No. 7.

**INTERROGATORY NO. 12:** Identify (see Definition "C", above) fully and completely your employees, Oklahoma locations, from October 2010, to present, who have been terminated.

**ANSWER TO INTERROGATORY NO. 12:** Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

"Parties may obtain discovery regarding any matter, not privileged, <u>which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense</u> of the party seeking discovery <u>or to the claim or defense of any other party</u>..." OKLA. STAT. tit. 12, § 3226(B)(1)(a) (emphasis added). The name of every terminated employee is not relevant to the *prima facie* elements to be proven by Plaintiff: that she was employed, had an on the job injury, received treatment that put the employer on notice, and had "consequent termination of employment." *Buckner v. General Motors Corp.*, 1988 OK 73, ¶ 8, 760 P.2d 803. It is not relevant to the legitimate reason for the discharge to be presented by John Zink – that Plaintiff was (and remains) unable to perform the duties of her job as stated by her treating physician at the time of her discharge and verified in her answers to interrogatories.

Admittedly plaintiff is seeking "a pattern of terminations or pressure put on employees" without any legal basis or support. This amounts to nothing more than an inappropriate fishing expedition without proper foundation. Not only does John Zink object to this on the basis of relevance, it now moves for a protective order under OKLA. STAT. tit. 12, § 3226(C).

5

As to its relevance objection, John Zink maintains that the names of employees terminated by John Zink at its Oklahoma locations over the last four years regardless of the reason is not remotely relevant to the claims asserted by Plaintiff in this lawsuit – which is the standard for discovery under § 3226(B).  The request is not limited to particular work groups within which the plaintiff was employed, or particular supervisors with whom she worked, let alone the fact that it fails to limit the types of terminations to be considered.

Should the Court at all entertain the notion that John Zink should be required to respond to this Interrogatory, John Zink requests a protective order that the discovery not be had until after such time as the Court rules on John Zink's motion for partial summary judgment which it anticipates filing in the near future.  Because the evidence is undisputed that Plaintiff was not receiving TTD at the time of her termination, that she was determined by her own physician not be able to work at the time of her termination, and that she evidently remains unable to work 19 months later, John Zink will be moving for summary judgment on this claim.  Should this Court grant that motion, it will make this (and many of the) discovery issues moot.

**B.** **Responses to Requests for the Production of Documents**

Plaintiff has moved to compel different responses to her Request for Production of Document Nos. 1, 2, 3, 7, 8, 9, and 10.  Each is addressed herein.

**REQUEST FOR PRODUCTION NO. 1:**  Please produce the complete employment or personnel file (with payroll records) of Sonya D. Lange and any documents not contained in her personnel file which relate or reflect on his employment performance, essential Zink job functions and any injuries and/or work restrictions or disability relevant to her job with Zink. This request does not seek attorney/client communications.

**RESPONSE TO PRODUCTION NO. 1:**  Defendant objects to this request in that it requests documents as to "essential Zink job functions" and "disability." These are not relevant to the subject matter involved in the pending action and therefore not discoverable. Defendant further objects to the request for "documents not contained in her personnel file" insofar as it is overly broad and could be outside the control of the management of Defendant.  Subject to those objections, Defendant will produce responsive documents.

6

Plaintiff does not really move to compel the production, because these documents were produced weeks ago. Plaintiff simply does not like the way they were produced. In accordance with OKLA. STAT. tit. 12, § 3234(B)(5), John Zink produced the documents as they are kept in the usual course of business. Indeed, John Zink even provided Plaintiff with a table of the files produced, even though those file labels were in the document production and could have been discerned by Plaintiff's counsel. Letter from Defendant's counsel, Ex. 5.

John Zink has met, and exceeded, its discovery obligations with regard to this request.

**REQUEST FOR PRODUCTION NO. 2:** Please produce any and all writings or documents (see Definitions, above) in your possession that relate or refer to allegations of wrongful discharge lodged against Zink, Oklahoma locations, from October, 2010, to the present. This request does not seek attorney/client communications. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

> **RESPONSE TO PRODUCTION NO. 2:** Defendant objects to this request in that it is overly broad and not relevant to the subject matter involved in the pending action insofar as the request seeks any information other than lawsuits alleging discharge in retaliation for exercising rights under Oklahoma's Workers' Compensation Act. Subject to that objection, Defendant is not aware of any other lawsuits alleging discharge in retaliation for exercising rights under Oklahoma's Workers' Compensation Act.

Plaintiff argues that she is attempting to discover a "pattern of behavior" in this case of retaliation under the Oklahoma Workers' Compensation Act by asking John Zink to disclose information about current and former employees "who were terminated and alleged it was wrongful" under any theory. (Pl. Mot. to Compel at p. 6.)   John Zink appropriately limited its response to the relevant inquiry – advising that it is not aware of any other lawsuits during the time frame suggested by Plaintiff in which an employee has alleged they were discharged in retaliation for exercising their rights under Oklahoma's Workers' Compensation Act. Plaintiff's attempt to seek information and documents beyond that exceeds the scope of relevant discovery and is not supported by the cases cited by plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**  Please produce the document(s), writing or things (see Definitions, above) that memorialize YOUR employees who have filed a claim for work injury in Oklahoma since October, 2010, including Workers' Compensation Form 2s. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

>      **RESPONSE TO PRODUCTION NO. 3:**  Defendant objects to Request No. 3 to the extent it concerns employees other than the Plaintiff and seeks information not related to the subject matter of the pending litigation.

In her motion to compel, Plaintiff states, "[s]pecifically, Lange requested copies of state Workers' Compensation Form 2s."  (Pl. Mot. to Compel at 6 (emphasis omitted)).  Indeed, Plaintiff also sought these through subpoenas duces tecum, and John Zink has filed motions to quash those.  Throughout the Rule CV 21 meetings and correspondence, there has been no discussion of any documents under this Request other than Form 2s.

A Form 2 is the common name for the Employer's First Notice of Injury form - a document used to advise the Workers' Compensation Court and the insurance carrier of a possible on the job injury or accident.  On the face of a Form 2 it reads:

>      A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise.  **Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.**

Ex. 6 (emphasis added).  Form 2s are protected by law.  OKLA. STAT. tit. 85, § 24.1(B) ("The report, known as the Employer's First Notice of Injury, shall be kept confidential and shall not be open to public inspection …").  While Plaintiff and her representatives would be entitled to review plaintiff's Form 2s in this litigation, which have been produced in this case, she is not entitled to review the Form 2s filed for other employees of John Zink.  John Zink is unaware of any statutory or case law authorizing the disclosure of Form 2s in this instance.

The Form 2s contain significant confidential information regarding other employees, which should not be produced in the absence of a clear basis for relevancy.  The confidential information includes:

- Employee's name
- Address
- Telephone number
- Social Security Number
- Date of Birth
- Gender
- Occupation
- Nature of Illness or Injury
- Description of the event when the injury or illness occurred
- The identity of the body parts involved

Plaintiff has not made a sufficient showing of relevancy to be entitled to this confidential information.

Additionally, Form 2s of other employees are not relevant and therefore not discoverable under § 3226. They do not go to the elements of Plaintiff's claim, and are not relevant to John Zink's defense.

In her motion to compel, Plaintiff argues that "Lange is properly attempting to discover a pattern of behavior by Zink towards its employees." (Emphasis removed.)  Plaintiff cites to *Wallace v. Halliburton Co.*, 1993 OK 24, 850 P.2d 1056, and *Taylor v. Cache Nursing Centers*, 1994 OK CIV APP 160, 891 P.2d 607.  (Pl. Mot. to Compel at 6-7.)  Plaintiff's arguments are unpersuasive.

The law cannot be stretched far enough to make a claim that the name and other confidential information of every employee by John Zink in Oklahoma who suffered or reported an on-the-job illness or injury is "relevant" to whether Plaintiff was discharged in retaliation for her exercise of rights under the Workers' Compensation Act.  She claims it is to discover a "pattern" and that such is proper per *Wallace* and *Taylor*.  John Zink takes issue with this.

The entirety of the discussion of "pattern" in *Wallace* is that "[e]vidence of a pattern of terminating employees who filed workers' compensation claims was offered" at trial. *Wallace,* 1993 OK 24 at ¶ 15. There is no discussion in *Wallace* as to the propriety of a plaintiff being entitled to the far-reaching discovery request made by the instant Plaintiff. There is no holding that pattern evidence is required or necessary. There is certainly no precedent or even guidance to be found in the *Wallace* decision on the issue before this Court.

Plaintiff also cites to *Taylor v. Cache Creek Nursing Centers,* , which affirmed the grant of summary judgment to an employer who fired its employee for being unable to perform her job after an on-the-job accident. *Taylor* has no bearing on the question before this Court.[3] In *Taylor,* the Court, in passing, notes there was "no evidence, for example, showing a pattern of termination of workers who filed claims . . .". *Taylor,* 1994 OK CIV APP 160 at ¶ 15. *Taylor* provides no guidance as to the discoverability or relevance of the requested documents and cannot be cited to support Plaintiff's request for Form 2s which are confidential by statute.

In a single plaintiff case, there is no authority for allowing plaintiff to seek discovery of a pattern of behavior without providing some evidence that such a pattern exists. The fact that other employees have reported on-the-job accidents or injuries in the last four years in no way establishes the elements of plaintiff's case.

Should the Court be inclined at all to consider Plaintiff's request, John Zink respectfully requests that a protective order be entered under OKLA. STAT. tit. 12, § 3226(C). John Zink requests that this discovery not be ordered until after the Court rules on John Zink's motion for partial summary judgment on the issue of Plaintiff's claim under OKLA. STAT. tit. 85, § 341.

---

[3] *Taylor* is not binding and shall not be cited as precedent. OKLA. STAT. tit. 20, § 30.5.

**REQUEST FOR PRODUCTION NO. 7:** Please produce the employment file, personnel file, including: full name, title, job description, job qualifications, address and telephone number of each person who assumed Sonya D. Lange's job duties at Zink. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

        **RESPONSE TO PRODUCTION NO. 7:**   Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

*See* Discussion of Interrogatory No. 11, *supra*.

Plaintiff states in her Motion to Compel that "Information on the replacement employee goes to the potential defense that Lange's position was eliminated." As previously stated, John Zink is not now and will not claim position elimination as a defense.

The only other argument Plaintiff raises to support her need for this information is the following sentence:

> "if a replacement employee exists, that employee's qualifications compared to Lange, lack of a work injury record, absentee history, physical limitations, restrictions or disabilities (or lack therof) are relevant by comparison to prove that Lange was fired due to a work injury with resulting restrictions and/or filing a workers' compensation claim." (Pl. Mot. io Compel at p. 7)

This argument is not credible. Lange was discharged because, after being on medical leave for several months resulting in the exhaustion of her FMLA leave and her own treating physician certified that she would continue to be completely off work for at least one more month due to a new, previously undisclosed condition. He certified that the probable duration of the condition would be two the three months. Ex. 3. Plaintiff was completely unable to perform the duties of her job — as determined by her physician. The plaintiff's termination occurred more than one year after the last time the Workers' Compensation Court had determined her TTD and, by her own admission, she is still unable to return to work (19 months later). Accordingly, there is no relevance to Plaintiff's Request for Production No. 7.

**REQUEST FOR PRODUCTION NO. 8:** Please produce any and all records, memorandum, data sheets, documents, writing (see Definitions, above), etc., which memorialize or relate to the "qualifications", pursuant to Zink's requirements, for the position Sonya D. Lange held relevant to the period of September, 2012, until the present time.

> **RESPONSE TO PRODUCTION NO. 8:**   Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.   Subject to that objection and as a result of a meet and confer pursuant to Local Rule CV 21 between counsel, the parties agreed a job description would be responsive. **Defendant will be producing a Roles, Responsibilities, Expectations, & Authority for the Staff Accountant – Credit and Collections, 2011, position once a protective order is entered by the Court.** (Emphasis added).

John Zink was clear that it was withholding the requested document until such time as the Agreed Mutual Protective Order was entered.   It was entered Friday, May 2, 2014.   The documents were emailed to Plaintiff's counsel on Monday, May 5, 2014.

> **REQUEST FOR PRODUCTION NO. 9:**  Please produce all certified profit and loss statements and/or Income Tax Returns prepared in connection with your operation from the year 2010 through the present. (Plaintiff is willing to enter into an Agreed Protective Order, see proposed Order, Exhibit "E").

> **RESPONSE TO PRODUCTION NO. 9:**   Defendant objects to this request as it is not relevant to the subject matter involved in the pending action.

Plaintiff recites three reasons for her request for the requested financial records:  defense of financial necessity for the termination, lack of ability to fill Lange's position, and the issue of punitive damages.   (Pl Mot. to Compel at 8.)  First, John Zink is not now and will not claim financial necessity as a defense.  Second, there is no lack of ability to fill Lange's position at issue in this case.  So the only reason Plaintiff has for seeking these records is her prayer for punitive damages.

Plaintiff filed this lawsuit in January.  The parties have just embarked upon discovery.  A motion for partial dismissal is pending, and no scheduling order has been entered.   An order compelling a company to disclose its financial records at this point in the litigation seems

premature when such record would have no relevance other than as to the issue of punitive damages.  "Whether or not characterized as a 'qualified privilege,' federal and state courts recognize the confidential nature of tax returns and disfavor disclosure." *Progressive Northern Ins. Co. v. Sampson*, No. 10-CV-566-GKF-PJC, 2011 WL 2748678, at * 2 (N.D. Okla. July 14, 2011).  *See also Stone v. State Farm Mutual Automobile Ins. Co.*, 185 P.3d 150 (Colo. 2008) (The "general reluctance of courts to compel the disclosure of tax returns is due to 'both the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"). Before production of confidential business information can be ordered, Plaintiff must show that such information is relevant and necessary to her action.

The interest that is to be weighed against the Defendants' interest in privacy is the Plaintiff's interest in trial preparation and disruption of trial. *YWCA of Oklahoma City v. Melson*, 1997 OK 81, ¶ 24, 944 P.2d 304 ("The plaintiff's right to prepare for trial and to avoid delay in the evidentiary process should be balanced against the defendant's legitimate claim to privacy."). Thus, in exercising its equitable powers pursuant to Section 3226(C), the Court should evaluate methods of protecting the Defendants' privacy interests, while at the same time weighing and evaluating the Plaintiff's need for trial preparation and to avoid trial disruption. *See id.* at ¶¶ 18, 24. Clearly, *YWCA* does not mandate an absolute entitlement to financial records.  If that were the case, every plaintiff in every case could simply allege punitive damages and obtain financial information with which to harass or leverage their opponent, even though the allegations proved to be groundless.

For the reasons set forth above and because, to this point, Plaintiff has failed to allege sufficient facts to warrant a claim for punitive damages, the Motion to Compel seeking John

Zink financial records should be denied.  Should the Court be inclined to consider Plaintiff's

request, John Zink respectfully requests that a protective order be entered under OKLA. STAT. tit.

12, § 3226(C), such that this Request for Production be held in abeyance until the pretrial

conference, at which time either party may re-urge its position.  This would continue to protect

the confidentiality concerns of John Zink, while allowing Plaintiff to argue, in a more timely

fashion, any issues of need.  At that time, it would be appropriate to consider whether there are

any claims remaining for which punitive damages are possible, whether Plaintiff can make a

showing of need for the requested information prior to trial, and whether an in camera review is

warranted.

> **REQUEST FOR PRODUCTION NO. 10:**  Please produce any and all documents, writings (see Definitions, above), emails, memos, letters, and/or recordings that regard Plaintiffs employment termination.  (Request does not seek attorney-client communication, but please identify in a Privilege Log)

> **RESPONSE TO PRODUCTION NO. 10:**  All such non-privileged, responsive documents will be produced.

Again, Plaintiff does not complain that John Zink has not produced these documents, as

John Zink has produced responsive documents.  Plaintiff complains because John Zink has

produced them in accordance with OKLA. STAT. tit. 12, § 3234(B)(5), as they are kept in the

usual course of business.  John Zink even provided Plaintiff with a table of the files produced,

even though those file labels were in the document production and could have been discerned by

Plaintiff's counsel.  Letter from Defendant's counsel, Ex. 5 (4-9-14 Letter).

## IV.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's motion to

compel be denied in its entirety.  Defendant request further that it be granted its fees, costs, and

other relief this Court deems just and equitable.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL &
ANDERSON, L.L.P.

By: _Kristen L. Brightmire_____

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103-3117
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 9, 2014, a true and correct copy of the
above and foregoing instrument was mailed, with proper postage thereon, to:

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119

_Kristen L. Brightmire_____
Kristen L. Brightmire

3048314v1

15

*Revised by Doctor –*

*Wue by ~~~~~~~~~~~*
*Fax 9182341966*

**Certification of Health Care Provider for**
**Employee's Serious Health Condition**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number 1215-0181
Expires: 12/31/2011

**SECTION I: For Completion by the EMPLOYER**
**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employee may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: John Zink - Lisa Zier 918-2345726

Employee's job title: Accountant 1     Regular work schedule: M-F 8-4:30

Employee's essential job functions: _____

Check if job description is attached: ✗

**SECTION II: For Completion by the EMPLOYEE**
**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: Sonya _____ Lange
First       Middle        Last

**SECTION III: For Completion by the HEALTH CARE PROVIDER**
**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: Dr. Robert Nebergall

Type of practice / Medical specialty: Orthopedic

Telephone: 918,994-4000     Fax: 918,994-4090

Page 1          CONTINUED ON NEXT PAGE          Form WH-380-E  Revised January 2009

**received**
8-8-12 LZ

EXHIBIT 1

JZ000395

PATIENT MEDICAL FACTS

1. Approximate date condition commenced: unknown

Probable duration of condition: 2 to 3 months after srg

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
✓ No ___ Yes. If so, dates of admission:

Date(s) you treated the patient for condition:
5-31-12, 10-14-12, 8-6-10

Will the patient need to have treatment visits at least twice per year due to the condition? ✓ No ___ Yes.

Was medication, other than over-the-counter medication, prescribed? ___ No ✓ Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
___ No ✓ Yes. If so, state the nature of such treatments and expected duration of treatment:
Physical Therapy

2. Is the medical condition pregnancy? ✓ No ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ___ No ✓ Yes.

If so, identify the job functions the employee is unable to perform:
Patient is no use of Rt hand/arm

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

Pt is p/o of Rt shlds srg.
she had debridement of labrum & synovitis.
Acromioplasty w/decompression, excision of
distal clavical

EXHIBIT 1

JZ000396

**PART B—AMOUNT OF LEAVE NEEDED:**

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No __✓_Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: 7-24-12 to 9-3-12

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No __✓_Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary? ___No __✓_Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   pt will need to do PT 3x wk for 4-6weeks

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___No ___Yes.  unknown

   Is it medically necessary for the employee to be absent from work during the flare-ups? ___ No __✓_Yes. If so, explain:

   If this happens pt is to contact our office.

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency: _____ times per _____ week(s) _____ month(s)

   Duration: _____ hours or ___ day(s) per episode

**PART C—INTERMITTENT OR REDUCED SCHEDULE LEAVE (COMPLETE ONLY IF YOU ANSWERED "YES" TO QUESTION 7 ABOVE):**

_____

_____

_____

_____

_____

_____

Page 3                           CONTINUED ON NEXT PAGE          Form WH-380-E  Revised  January 2009

EXHIBIT 1

JZ000397

_____

**Signature of Health Care Provider**      **Date**

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

Page 4      Form WH-380-E Revised January 2009

EXHIBIT 1

*Due by Sept. 6, 202*
*Fax 9182341966*

**Certification of Health Care Provider for**
**Employee's Serious Health Condition**
**(Family and Medical Leave Act)**

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

**SECTION I: For Completion by the EMPLOYER**
INSTRUCTIONS to the EMPLOYER: The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: *John Zink - Lisa Zier 9182345726*

Employee's job title: *Accountant I*    Regular work schedule: *M-F 8-4:30*

Employee's essential job functions: _____

_____

Check if job description is attached: _____

**SECTION II: For Completion by the EMPLOYEE**
INSTRUCTIONS to the EMPLOYEE: Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: *Sonya*             *Range*
          First          Middle          Last

**SECTION III: For Completion by the HEALTH CARE PROVIDER**
INSTRUCTIONS to the HEALTH CARE PROVIDER: Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: *Dr. Robert Nebergall*

Type of practice / Medical specialty: *Orthopedic*

Telephone: *(918) 994-4000*        Fax: *(918) 994-4090*

Page 1                    CONTINUED ON NEXT PAGE              Form WH-380-E Revised January 2009


*received*
*9-4-12 LZ*

EXHIBIT 2

JZ000191

PART A: MEDICAL FACTS

1. Approximate date condition commenced: unknown

Probable duration of condition: 2-3 months

**Mark below as applicable:**
Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
_✓_ No ___ Yes. If so, dates of admission:

Date(s) you treated the patient for condition:

5-31-12, 6-14-12, 8-6-12, 8-20-12

Will the patient need to have treatment visits at least twice per year due to the condition? _✓_ No ___ Yes.

Was medication, other than over-the-counter medication, prescribed? ___ No _✓_ Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
___ No _✓_ Yes. If so, state the nature of such treatments and expected duration of treatment:

Physical Therapy

2. Is the medical condition pregnancy? _✓_ No ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ___ No _✓_ Yes.

If so, identify the job functions the employee is unable to perform:

Patient will be no use of Rt arm

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

pt is P/o Rt shldr scope

EXHIBIT 2

JZ000192

PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ✓Yes.

If so, estimate the beginning and ending dates for the period of incapacity: 7-24-12 to 10-1-12

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No ✓Yes.

If so, are the treatments or the reduced number of hours of work medically necessary? ___No ✓Yes.

Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

pt will need to do PT 3x wk x4wks

Estimate the part-time or reduced work schedule the employee needs, if any:

_____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___No ___Yes.   unknown

Is it medically necessary for the employee to be absent from work during the flare-ups? ___ No ___ Yes. If so, explain:

_____

_____

Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

Frequency: _____ times per _____ week(s) _____ month(s)

Duration: _____ hours or _____ day(s) per episode

ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER:

_____

_____

_____

_____

_____

Page 3                     CONTINUED ON NEXT PAGE          Form WH-380-E Revised January 2009

EXHIBIT 2

JZ000193

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____        8-31-12
Signature of Health Care Provider        Date

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

Page 4                                    Form WH-380-F Revised January 2009

**EXHIBIT 2**

JZ000194

*Du by Oct. 2, 2012*
*Fax 918 2341966*

**Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)**

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



OMB Control Number: 1215-0181
Expires: 12/31/2011

**SECTION I: For Completion by the EMPLOYER**
**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies.

Employer name and contact: _John Zink - Lisa Zier 918 2345726_

Employee's job title: _Accountant 1_      Regular work schedule: _M-F 8-4:30_

Employee's essential job functions: _____

_____

_____

Check if job description is attached: _____

**SECTION II: For Completion by the EMPLOYEE**
**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. § 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 20 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _Sonya_          _Lange_
First          Middle          Last

**SECTION III: For Completion by the HEALTH CARE PROVIDER**
**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Please be sure to sign the form on the last page.

Provider's name and business address: _Dr. Robert Nebergall_

Type of practice / Medical specialty: _Orthopedic_

Telephone: (_918_) _994-4800_      Fax: (_918_) _994-4890_

Page 1                    CONTINUED ON NEXT PAGE          Form WH-380-E Revised January 2009

EXHIBIT 3

**JZ000177**

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: **10-2-12**

Probable duration of condition: **2 to 3 months**

**Mark below as applicable:**

Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
_✓_No ___Yes. If so, dates of admission:

Date(s) you treated the patient for condition:
**9-24-12 , 10-2-12**

Will the patient need to have treatment visits at least twice per year due to the condition? _✓_No ___Yes.

Was medication, other than over-the-counter medication, prescribed? ___No _✓_Yes.

Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
_✓_No ___Yes. If so, state the nature of such treatments and expected duration of treatment:

2. Is the medical condition pregnancy? _✓_No ___Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

Is the employee unable to perform any of his/her job functions due to the condition: ___No _✓_Yes.

If so, identify the job functions the employee is unable to perform:
**No use of Lt arm**

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):
**Partial Rot cuff tear**
**pt is having Lt shldr arthroscopic subacromial decompression**

Page 2                     CONTINUED ON NEXT PAGE          Form WH-380-E Revised January 2009

EXHIBIT 3

**JZ000178**

**PART B: AMOUNT OF LEAVE NEEDED**

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery? ___No ___Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: 10-2-12 to 11-5-12

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition? ___No ___Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary? ___No ___Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   Flu q 3 to 4 weeks

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions? ___No ___Yes. Unknown

   Is it medically necessary for the employee to be absent from work during the flare-ups? ___ No ___Yes. If so, explain:

   _____
   _____
   _____

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency: _____ times per _____ week(s) _____ month(s)

   Duration: _____ hours or ___ day(s) per episode

**ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.**

_____
_____
_____
_____
_____

Page 3                          CONTINUED ON NEXT PAGE                  Form WH-380-E  Revised January 2009

EXHIBIT 3

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____          __10-1-10__
Signature of Health Care Provider          Date

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

Page 4

Form WH-380-E  Revised  January 2009

EXHIBIT 3

JZ000180

- WC   benefits,   see   S.   Lange   Doc.   No.   00230   –   00247.

**INTERROGATORY NO. 10**:     From your last day worked for Defendant, describe all efforts you have made to become employed be that self-employed, employed by another, etc.  If you made application for employment, identify the company(ies) by name, address, as well as the date(s), whether an interview was had, and the results of your efforts.

**RESPONSE NO. 10**:     Due to work injury medical issues, Plaintiff has been temporarily totally disabled and unable to work or engage in job searches.

**INTERROGATORY NO. 11**:     Identify by name, address, and specialty each of Plaintiff's medical providers from January 1, 2010, to the present, including date(s) of treatment.

**RESPONSE NO. 11:**     Objection.  Interrogatory is overly broad, burdensome, and seeks information that is not relevant and would not lead to admissible evidence at trial. Further, the subject matter and scope of the Interrogatory violates Claimant's physician-patient privilege: 43A O.S. Sec. 1-109; 12 O.S. 2503; *Dobson v. Edwards,* 958 P. 2d 168 (Okla. 1998); *Nitzel v. Jackson,* 879 P. 2d 1222 (Okla. 1994); and, *Seaberg v. Lockard,* 800 P. 2d 230 (Okla. 1990).

However, without waiving objections, care providers relevant to the work injury at Defendant employ and related care, evaluations and reports are identified in the records produced in response to Defendant's Document Requests, S. Lange Doc. No. 0001 – 00129.

e. the compensation to be paid to the expert witness for his/her work in this matter;

f. list all publications authored by each expert within the preceding ten (10) years; and

g. list all other cases which the expert has testified as an expert whether at trial or by deposition within the preceding four (4) years.

**RESPONSE NO. 18:** **Objection.** The case has only recently begun and Plaintiff has not made a determination on witnesses or experts. Further, Defendant has not yet made its responses to Plaintiff's discovery requests. However, Plaintiff will supplement as per the Court's Scheduling Order.

## VERIFICATION

STATE OF OKLAHOMA   )
                    ) ss
COUNTY OF TULSA      )

Sonya D. Lange, of lawful age, being first duly sworn upon her oath deposes and states that she is the Plaintiff in the above lawsuit, that she has read and understands the contents contained in the above Interrogatories and states that the same are true and correct to the best of his knowledge.

TERESA D. WOOD
Notary Public
State of Oklahoma
Commission # 01019571
My Commission Expires Dec 9, 2017

Sonya D. Lange

SUBSCRIBED   AND   SWORN   to   before   me   this   _12th_   day of
_March_____, 2014.

NOTARY PUBLIC

My Commission Expires: 12-9-2017

EXHIBIT 4



DOERNER|SAUNDERS
DANIEL&ANDERSON
LLP LAWYERS

April 9, 2014

Tim Gilpin
Gilpin Law Office
1874 S Boulder
Tulsa, OK 74119

Re:    *Sonya D. Lange v. John Zink Co., LLC,* Case No. CJ-2014-357, In the District Court
In and for Tulsa County, State of Oklahoma

**Post Meet and Confer**

Dear Tim:

This is in response to your letters of March 22, April 4, and our meet and confer of April 4.
Enclosed please find our amended discovery responses addressing Request for Admission Nos.
3, 6, and 7; Interrogatory Nos. 13 and 15; and Request for Production Nos. 3, 4, 8 and 13.

With regard to Interrogatory No. 11 and Request for Production No. 7, both of which concern
Plaintiff's replacement, I am aware of no legal authority which makes her replacement relevant
to the claims or defenses raised in this lawsuit. If you have any legal authority which places this
at issue, please advise.

With regard to Interrogatory No. 12 wherein you seek the identification of all John Zink -
Oklahoma employees who have been terminated since October 2010, we continue to object.
The identity of these persons is not relevant to the subject matter involved in the pending
action. If you have any legal authority which places this information at issue, please advise.

You asked that we identify which documents responded to each specific request for
production. As I noted in our meet and confer, Defendant has produced the documents as they
are kept in the usual course of business as is permitted by statute. Here is a table of the files
produced:

Kristen L. Brightmire

P:  918.591.5204          P:  918.582.1211          P:  405.319.3500
F:  918.925.5204          F:  918.591.5360          F:  405.319.3509

kbrightmire@dsda.com      Williams Center Tower II      105 N. Hudson Avenue, Suite 500
Tulsa, OK                 Two West Second Street, Suite 700   Oklahoma City, OK 73102-4805
                          Tulsa, OK 74103-3117

EXHIBIT 5                                          www.dsda.com



March 17, 2014
Page 2

| Source of Documents | Bates Nos. |
|---|---|
| General documentation | JZ000108 – JZ000117 |
| Payroll changes | JZ000004 - JZ000022 |
| Performance | JZ000023 - JZ000050 |
| Employee Relations Record | JZ000051 - JZ000107 |
| Agreements / Acknowledgement | JZ000122 – JZ000134 |
| Pre-Employment / New Hire | JZ000135 – JZ000156 |
| FMLA | JZ000157 – JZ000169 |
| FMLA Form/Documentation | JZ000170 – JZ000306 |
| Emails | JZ000307 – JZ000410 |
| Other Medical Documents | JZ000411 – JZ000412 |
| Karen Miller Supervisor File | JZ000413 – JZ000552 |
| Paula Huddleston's file | JZ000606 – JZ000869 |

In the meet and confer, we discussed our Response to Request for Production No. 6. You indicated that "statement" was defined. However, when I reviewed your request, I found it was not. In that "statement" is not defined, this request is extraordinarily broad and could encompass emails, notes, and the like from a variety of people, including Plaintiff. All such documents which we discovered have been produced as they are kept.

Finally, enclosed please find Defendant's privilege log.

I believe that we have addressed all of the outstanding issues. If you do have any legal authority addressing our objections, I would be happy to review it.

Sincerely,

Kristen L. Brightmire of
DOERNER, SAUNDERS, DANIEL & ANDERSON, L.L.P.

KLB
Enclosures
cc:    Sierra G. Salton (via email)

EXHIBIT 5

# FORM 2

Send original to
Workers' Compensation Court and 1 copy to
Insurance Carrier
*Please type or print.  Enter all dates in  MM/DD/YY format.*

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK  73105-4918

**EMPLOYER'S FIRST NOTICE OF INJURY**

THIS SPACE FOR COURT USE ONLY

| Full Name of Employee - LAST, FIRST, MIDDLE | | Employee Email Address | |
|---|---|---|---|
| Complete Address | City | State | Zip |
| Telephone Number | | Social Security Number | |
| Date of Birth | Sex | Length of Employment Years        Months | |
| Average Weekly Wage | Occupation (job description) | | |

Was employment agreement made in Oklahoma?
YES ☐        NO ☐

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or in-state toll free (800) 522-8210.**

| Date of accident or last exposure | Time of accident or exposure            o'clock   AM ☐   PM ☐ | Date Employer Notified | Time workday began            o'clock   AM ☐   PM ☐ |
|---|---|---|---|
| Last date employee worked | Has employee returned to work? YES ☐   NO ☐   If yes, on what date | Did the employee die? YES ☐   NO ☐   If yes, on what date | |
| OSHA Log Case # | Place of Accident or Occurrence City:                            County:                            State: | | |

Injury Resulted from:    Single Incident ☐        Cumulative Trauma ☐

Does employee participate in a certified workplace medical plan?    YES ☐    NO ☐
If yes, name of CWMP:

Nature of injury or illness

Describe activities when injury occurred with details of how event occurred.  Include object or substance which directly injured the employee.

Identify part(s) of body involved in injury or illness

Full Name and address of Treating Physician (please be complete)

| Employer's Insurance Carrier or Own Risk Group | | Policy/Self-Insured Number | |
|---|---|---|---|
| Name | Phone | Policy Period—from                to | |
| Address | City | State | Zip |

| Employer's Name and Complete Address | | | |
|---|---|---|---|
| Name | Federal ID# | Phone # | |
| Address | City | State | Zip |

| Type of business (Example: manufacturing, food service, construction) | NAICS Number |
|---|---|

Type of Ownership:    Private ☐        State Government ☐        County Government ☐        Local Government ☐

Upon filing this Notice of Injury, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice.

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall promptly report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

*The undersigned hereby declares under penalty of perjury that he/she examined this notice and all statements contained herein are true, correct and complete, to the best of his/her knowledge. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I hereby certify that this Form 2 was sent to the Workers' Compensation Court and a copy thereof to the insurer on the date described below:

Signed _____
                *Signature of Preparer*

By _____
        *Name and Title of Preparer (Please Print)*

Telephone Number _____
                        *Area Code and Number*

Date _____

**SUBMISSION OF THIS FORM IS NOT AN ADMISSION OF LIABILITY**

A Form 2 must be sent to the Workers' Compensation Court and to the Employer's Workers' Compensation Insurance Carrier within 10 days, or a reasonable time thereafter, of learning that an employee has suffered an accidental injury which results in lost time beyond the shift, or requires medical attention away from the work site, fatal or otherwise. Form 2s filed with the Workers' Compensation Court are confidential and not subject to public disclosure except as authorized by law.

Rev. 10/10

**EXHIBIT 6**

DISTRICT COURT
**FILED**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MAY − 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                     )
                                    )
                    Plaintiff,      )
                                    )
vs.                                 )    Case No. CJ-2014-357
                                    )    Judge Daman Cantrell
JOHN ZINK CO., LLC,                 )
                                    )
                    Defendant.      )

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW ITS
MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON METLIFE**

Before the Court is Defendant John Zink Co., LLC's Motion to Withdraw Motion to

Quash Subpoena Duces Tecum Served Upon MetLife, filed herein on April 28, 2014.

THE COURT FINDS that the Motion to Withdraw is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, that

Defendant's Motion to Quash Subpoena Duces Tecum served upon MetLife, filed herein on

April 28, 2014, be WITHDRAWN without prejudice to the claims or defenses of the parties in

Case No. CJ-2014-357.

IT IS SO ORDERED THIS 8th day of May, 2014.

_____
JUDGE OF THE DISTRICT COURT

PREPARED BY:

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
DOERNER SAUNDERS DANIEL & ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103
Telephone:      (918) 582-1211
Facsimile:      (918) 591-5360
ATTORNEYS FOR DEFENDANT

**EXHIBIT 24**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___9th___ day of ___May___ 2014, a true and correct copy of the above and foregoing instrument was:

      ✓            mailed with postage prepaid thereon;

      _____      mailed by certified mail, Return Receipt requested;

      _____      transmitted via facsimile;

      _____      hand-delivered; or

      _____      issued for personal service

to:

Tim Gilpin
Gilpin Law Office
1874 S. Boulder Ave.
Tulsa, OK  74119
Attorney for Plaintiff

MetLife
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK  73128

Kristen L. Brightmire

3049203v1

2

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**FILED**

MAY - 9 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,          )
                             )
       Plaintiff,         )
                             )
-vs.                       )   Case No. CJ-2014-357
                             )   Judge Daman Cantrell
JOHN ZINK CO., LLC,     )
                             )
       Defendant.     )

**ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW ITS
MOTION TO QUASH SUBPOENA DUCES TECUM SERVED UPON
BROADSPIRE MANAGEMENT SERVICES, INC.**

Before the Court is Defendant John Zink Co., LLC's Motion to Withdraw Motion to

Quash Subpoena Duces Tecum Served Upon Broadspire Management Services, Inc., filed herein

on April 28, 2014.

THE COURT FINDS that the Motion to Withdraw is GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT, that

Defendant's Motion to Quash Subpoena Duces Tecum served upon Broadspire Management

Services, Inc., filed herein on April 28, 2014, be WITHDRAWN without prejudice to the claims

or defenses of the parties in Case No. CJ-2014-357.

IT IS SO ORDERED THIS 8th day of May, 2014.

_____
JUDGE OF THE DISTRICT COURT

PREPARED BY:

Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
DOERNER SAUNDERS DANIEL & ANDERSON, LLP
Williams Center Tower II
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103
Telephone:    (918) 582-1211
Facsimile:    (918) 591-5360
ATTORNEYS FOR DEFENDANT

**EXHIBIT 25**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _9th_ day of _May_ 2014, a true and correct copy of the above and foregoing instrument was:

     ✓      mailed with postage prepaid thereon;

     _____      mailed by certified mail, Return Receipt requested;

     _____      transmitted via facsimile;

     _____      hand-delivered; or

     _____      issued for personal service

to:

Tim Gilpin
Gilpin Law Office
1874 S. Boulder Ave.
Tulsa, OK 74119
Attorney for Plaintiff

Broadspire Management Services, Inc.,
c/o The Corporation Company
1833 S. Morgan Road
Oklahoma City, OK 73128

Kristen L. Brightmire

3048647v1

2

DISTRICT COURT

**F I L E D**

MAY 1 3 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

SONYA D. LANGE,                    )
                 Plaintiff,        )
                                   )
vs.                                ) Case No.  CJ – 2014 – 00357
                                   )      Judge Daman Cantrell
                                   )
JOHN ZINK CO., LLC.,               )
a Foreign Limited Liability        )
Company,                           )
                 Defendant.        )

## RESPONSE IN OPPOSITION
## TO
## *AMENDED* MOTION TO QUASH SUBPOENA DUCES TECUM ON
## OLD REPUBLIC INSURANCE COMPANY

### I. Introduction

COMES NOW the Plaintiff, Sonya D. Lange ("Lange"), and Responds in **Opposition** to Defendant's, John Zink Co., LLC ("Zink") *Amended* Motion to Quash Subpoena Duces Tecum. The Subpoena sought witness contact information from Zink's workers' compensation carrier, Old Republic Insurance Company, (Exhibit "A"), in this Workers' Compensation wrongful discharge case. Currently, the dispute only concerns the discovery of **Zink employee Oklahoma Workers' Compensation Form 2s.** ("Employer's First Notice of Injury"). Form 2s have been previously ordered discovered in The Fourteenth Judicial District and are relevant to the employer's patterns of behavior to similarly situated employees.

Persons identified in the Form 2s are potentially the most relevant, important and credible witnesses in this wrongful discharge case. The Form 2s will identify potential witnesses who experienced circumstances similar to Lange in the same work environment. Further, *an agreed Protective Order in on file* to protect third party information.

1

**EXHIBIT 26**

After being employed by Zink for about three and a half (3½ ) years, Zink fired Lange after she reported a work injury, hired an attorney, made a claim and Zink had denied several, but not all, of the claimed injured body parts in the Workers' Compensation Court. (Exhibit "B") Lange was fired while litigating the Workers' Compensation denials, as she was receiving medical care and off work on a physician's work release. (Zink Email, Exhibit "C"). Lange was wrongfully terminated: 1) because she pursued her rights and a claim under state Workers' Compensation Act; and, 2) she was fired while temporarily totally disabled (off work under physician's orders), due solely to absence from work. 85 O.S. §341(A) & (B).

## A.  CV 21 Violated – Motion To Quash should be Denied

Local Rule CV 21 provides in part:

> "The Court will refuse to hear or set any discovery dispute unless counsel for the movant advises the Court in the motion that the lawyers have conferred either in person or by telephone in good faith about the dispute ..."
>
> (emphasis added)

Counsel for Zink did not confer with Lange's counsel, by telephone or in person, *prior to filing the Motion to Quash discovery* in the form of the Subpoena Duces Tecum. As such, Zink's Motion to Quash should be not be set or heard and should be Denied. Subsequent to the Motions to Quash being filed, Zink withdrew its Motions to Quash Subpoenas Duces Tecum upon MetLife and Broadspire and amended its Motions to Quash related to Crawford & Company and Old Republic Insurance Company and limit the dispute to the discovery of Workers' Compensation Form 2s, "Employer's First Notice of Injury".

2

## B. Standard

The Oklahoma Discovery Code was written and is interpreted to allow liberal discovery of information and documents that go to the allegations in a case and defenses thereto *or could lead to* evidence admissible at trial, 12 O.S. §3226(B)(1)(a):

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*"          (emphasis added)

A Subpoena seeking relevant evidence has a tendency to make the existence of facts of consequence to the determination of this action more or less probable than they would have been without the evidence.  12 O.S. §2401. Witnesses that worked for the same employer, during the same general time frame as Lange and who also reported work injury are relevant to discovery and/or could lead to admissible trial evidence. The experience of similarly situated Zink employees goes directly to proving a pattern of behavior of this employer toward its employees who also reported a work injury.


## C. Confidentiality - Witnesses

An Agreed Protective Order is in place to protect "identification information" and "other types of sensitive information" that may pertain to Form 2 information on third parties/witnesses. (Exhibit "D"). Zink objected to the discovery of its Form 2s on the basis of confidentiality. 85 O.S. §322. In fact, these records are not confidential to the employer/Defendant and the reporting employee. The records were made "confidential"

to *prohibit solicitation of legal cases* by third parties/attorneys from injured workers. No such solicitation will or can take place here as per the Agreed Protective Order.

In addition, other Courts in the Fourteenth Judicial District have ordered the production of Workers' Compensation Form 2s, "Employers First Notice of Injury", in an identical Workers' Compensation wrongful discharge case, see Order attached as Exhibit "E". In an abundance of caution, those parties' names and identifying information are "blacked out" as per previous resolution between them. But, it will be supplied to the Court upon order or request.

The sought after discovery seeks the identity of, and/or will lead to, persons with knowledge of the events in our case (witnesses) and/or individuals who experienced similar circumstances in the same work place during the same general time period. The identity of potential witnesses is not confidential or privileged.

> "The identity and location of persons having knowledge of matters pertaining to an action are not privileged, except in the possible instance of informers."
> FDIC v. St. Paul Fire & Marine Insur. Co., 53 F.R.D. 260 (W.D. Okla.1971)

## II. Arguments & Authorities

### A. What Subpoena Sought

Each of Lange's Subpoenas Duces Tecum sought information on:

a.  Lange's own underlying workers' compensation claim; and,

b.  Other Zink employees who filed workers' compensation claims in Oklahoma during Lange's employment tenure and shortly thereafter.

4

**B. Circumstantial Evidence & Patterns of Behavior Relevant & Discoverable**

Persons identified in Zink's Workers' Compensation Form 2s are potentially the most relevant, important and credible witnesses in this wrongful discharge case. Lange is simply attempting to identify witnesses, while Zink is attempting to block discovery of witnesses and improperly limit the evidence to Lange alone.

Oklahoma authorities establish that <u>patterns of a defendant/employer's behavior toward its employees</u> are important, relevant and discoverable evidence in a retaliatory discharge case brought pursuant to 85 O.S. §341.  At the very least, such evidence is clearly calculated to reasonably lead to admissible trial evidence. *"Because employers seldom admit to any wrongdoing, the link between the employee's filing of a workers' compensation claim and his subsequent termination must usually be shown by circumstantial evidence".* <u>Mantha v. Liquid Carbonic Industries, Inc.</u>, 1992 OK CIV APP, ¶7, 839 P.2d 200. This evidence may take the form of <u>patterns of behavior by the Defendant/employer</u> such as:

a. encouraging employees suffering work-related injuries to file health insurance claims instead of workers' compensation claims;
b. supervisors getting mad when employees showed interest in filing a workers' compensation claim;
c. employees worried about being fired if they filed workers' compensation claims;
d. employees let go after filing a workers' compensation claim, over less qualified employees who had not filed a claim.

<u>Wallace v. Halliburton Co.</u>, 1993 OK 24, ¶¶14, 15 & 16, 850 P.2d 1056

Oklahoma Courts have also found a plaintiff/employee's retaliatory discharge case lacking because "a pattern of termination of workers who filed claims, or of

5

pressure put on workers not to file claims" *was not shown by the evidence.* Taylor v. Cache Nursing Centers, 1994 OK CIV APP 160, ¶¶14 & 15, 891 P.2d 607.

Patterns of Zink's behavior toward its employees is at issue, relevant and discoverable evidence in a retaliatory discharge case brought pursuant to 85 O.S. §341.

## B. Koch Industries – Lange Employee

Zink is an affiliated company of Koch Industries. Zink also objected to the Subpoena because in one part it was identified as "a/k/a Koch Industries". A plain reading of the Subpoena indicates it seeks information related to: 1) John Zink Company, LLC, 2) Its Oklahoma locations and, 3) covers an approximate three (3) year period. The addition of "a/k/a Koch Industries" is based upon information discovered that states Lange is "a Koch employee", see Zink document JZ000129: "EMPLOYEE PLEDGE". (Exhibit "F"). Other such discovered documents indicate Lange was a Koch employee and use the Koch symbol on her employee documents.

Lange's "a/k/a" was added out of caution because it is as yet unknown whether the Workers' Compensation Form 2s and/or workers' compensation coverage was held under the name of Zink or Koch.

## III. Conclusion

Wherefore, premises considered, Plaintiff, Sonya D. Lange, pursuant to the authorities and arguments above, and CV 21, Responds in Opposition to Defendant's, John Zink Company, LLC, Motion to Quash Subpoenas Duces Tecum upon Old Republic Insurance Company and requests that the Motion to Quash be DENIED, the

6

Subpoena Duces Tecum discovery be Compelled and Plaintiff be granted her attorney fees and any costs associated with the Motion.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this 13th day of May, 2014.

Tim Gilpin

7

EXHIBIT "A"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| SONYA D. LANGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  CJ – 2014 – 00357 |
| | ) Judge Daman Cantrell |
| JOHN ZINK CO., LLC., | ) |
| a Foreign Limited Liability | ) |
| Company, | ) |
| | ) |
| | ) |
| Defendant. | ) |

### SUBPOENA DUCES TECUM - CIVIL

TO:   **Old Republic Insurance Company., c/o**
Prentice Hall Corporate System OK, Inc.
115 SW 89th Street
OKC, OK  73139

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT INSPECTION** and **COPYING** of documents and materials listed below on the 8th day of **May, 2014, at 9:30 am.,** at the Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK 74119.   Produce   the   following   Documents,   Things,   Communications,   ESI communications, Emails, Letters, Memos, etc., regarding:

Oklahoma workers' compensation case of Sonya D. Lange v. John Zink Co., LLC, WCC # 2012-07091A (S. Lange DOB 6-19-69), specifically:

1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's absence from work due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

1



2. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

3. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications**; and,

4. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

5. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications**.

6. Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119. Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

2

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of _April_ , 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, O K 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders,
Two West Second S
Tulsa, OK 74103-3

on this _11th_ day



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Old Republic Insur. Co
C/o Pantha Hall
113 SW 89 West
OKC, OK
73139

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X G. Parrish   ☐ Agent   ☐ Addres

B. Received by ( Printed Name )
G. Parrish

D. Is delivery address different from item? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandis
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7011 1570 0001 6739 1962

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-154



TIM GILPIN    CJ - 2014-2033
DBA TIM GILPIN ATTORNEY
1874 S BOULDER
TULSA, OK 74119

86-3/1039

5868

DATE 4-11-14

PAY TO THE
ORDER OF  Old Republic Insur. Co        $ 10 00

Ten and 00/100                                DOLLARS

BANK OF OKLAHOMA
www.bok.com
MEMO Subpoena

EXHIBIT "B"

**FORM 3**

Send original and 4 copies to:
Workers' Compensation Court

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

THIS SPACE FOR COURT USE ONLY

**FILED**

JUN 22 2012

WORKERS
COMPENSATION COURT
TULSA

| Name of Claimant (Injured Employee) | ☑ Please check appropriate box |
|---|---|
| Sonya D. Lange | ☑ I. Original Filing |
| Name of Employer | ☐ II. Amends Previously Filed Form 3. Must |
| John Zink LLC and/or Koch Industries | clearly state whether amendment is in addition to, or substitute for, prior information.) |
| Court Use Only  Old Republic | |

EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION

NOTE: Mediation is available to address certain workers' compensation disputes.
For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.

2012-07091 A

(Please type or print)

| EMPLOYEE NAME (Last, First, Middle): | Social Security #: | Phone: |
|---|---|---|
| LANGE  Sonya | ~~redacted~~ | (918) 232-6072 |

| Mailing Address (include City, State & Zip): | Date of Birth: | Age: | Sex: |
|---|---|---|---|
| 2508 S. 15th St.  Broken Arrow, Okla 74012 | 6/19/69 | 42 | F |

| Occupation: | Was your employment agreement in Oklahoma? YES ☑ NO ☐ | Avg. Weekly Wage: | Length of Employment |
|---|---|---|---|
| Staff Accountant | | $ 89,000.00 Annually | years 2.3      months 2.5 |

| Date of Accident, or as applicable, Date of Termination From Employment if a Cumulative Trauma Injury: | Injury resulted from: | Time Injury Occurred |
|---|---|---|
| Announced 9/1/10 Apprx   -Most Recent Exposure Date | Single Incident ☐   Cumulative Trauma ☑ | Various    ☐ AM ☐ PM |

| Describe parts of the body injured or affected: | Place of Injury: City/County/State |
|---|---|
| Hand, Rt. Elbow, Rt. Shoulder, Neck | Tulsa / Tulsa Okla. |

| What is the nature of the injury or illness: | Describe with details how the injury occurred, include object or substance which directly injured you: |
|---|---|
| Dctr. to Determine | Repetitive use of Calculator & Keyboard |

| Have you filed a claim for Social Security Disability Insurance Benefits? | Are you eligible for Medicare Benefits or will you become eligible for Medicare Benefits within 30 months of the filing of this Notice of Accidental Injury and Claim for Compensation? |
|---|---|
| YES ☐ NO ☑ | YES ☐ NO ☑ |

Are you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability? ____ If "YES," you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund. A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): | Address: | City: | State: | Zip: |
|---|---|---|---|---|
| None Specified. | | | | |

| Employer: | Employer's FEI # (Federal ID Number): | Telephone: |
|---|---|---|
| John Zink LLC and/or Koch Industries | | 918 - 234 - 1800 |

| Complete Mailing Address: | City: | State: | Zip: |
|---|---|---|---|
| 920 East Apache | Tulsa | Okla. | 74116 |
| Complete Street Address (if different from above): | City: | State: | Zip: |

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

| Name of claimant's attorney if represented: | Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The permission granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law. |
|---|---|
| Type or Print Name of Attorney:   OBA# | |
| Jack G. Zurawik   11588 | |
| Mailing Address: | |
| PO Box 35346 | |
| City   State   Zip | |
| Tulsa   OK   74153 | |
| Telephone #: | I declare under penalty of perjury that I have examined this notice and claim |
| 918  664-1113 | for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief. |

X Signed this 16th    day of June    2012

_signature_
Signature of Attorney for Claimant

X _Sonya Lange_
Signature of Claimant (must be si...)

PLAINTIFF'S EXHIBIT 13

# FORM 3

Send original and 4 copies to:
Workers' Compensation Court

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

THIS SPACE FOR COURT USE ONLY

## FILE COPY

FEB 11 2013

WORKERS COMPENSATION COURT
TULSA

Name of Claimant (Injured Employee)
SONYA D. LANGE

☑ Please check appropriate box
☐ I. Original Filing

Name of Employer  JOHN ZINK, LLC
AND/OR KEAN INDUSTRIES

Court Use Only

☑ II. Amends Previously Filed Form 3. Must clearly state whether amendment is in addition to, or substitute for, prior information.)

**EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION**

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.
2012-08091 A

*(Please type or print)*

| EMPLOYEE NAME (Last, First, Middle): | Social Security #: | Phone: |
|---|---|---|
| LANGE, SONYA D. | ~~[redacted]~~ | (918) 232-6072 |

| Mailing Address (Include City, State & Zip): | Date of Birth: | Age: | Sex: |
|---|---|---|---|
| 2508 S. 15th ST., BROKEN ARROW OK 74012 | 06-19-1969 | 43 | FEMALE |

| Occupation: | Was your employment agreement in Oklahoma?  YES ☑  NO ☐ | Avg. Weekly Wage: $1033 NET MTHLY SEMI | Length of Employment  years 3  months 6 |
|---|---|---|---|
| STAFF ACCOUNTANT | | | |

| Date of Accident, or as applicable, Date of Termination From Employment if a Cumulative Trauma Injury: | Injury resulted from:  Single Incident ☐   Cumulative Trauma ☑ | Time Injury Occurred  ☐ AM  ☐ PM |
|---|---|---|

The parts of the body injured or affected
HOP: Lt. Shoulder, Lt. Arm, Lt. hand, Fingers on both hands

Place of Injury: City/County/State

What is the nature of the injury or illness?

Describe with details how the injury occurred. Include object or substance which directly injured you:

Have you filed a claim for Social Security Disability Insurance benefits?
YES ☐   NO ☐

Are you eligible for Medicare benefits or will you become eligible for Medicare benefits within 30 months of the filing of this Notice of Accidental Injury and Claim for Compensation?
YES ☐   NO ☐

Were you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability? _____ If "YES," you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund. A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): | Address: | City: | State: | Zip: |
|---|---|---|---|---|

| Employer: | Employer's FEI # (Federal I.D. Number): | Telephone: |
|---|---|---|

| Complete Mailing Address: | City: | State: | Zip: |
|---|---|---|---|

| Complete Street Address (if different from above): | City: | State: | Zip: |
|---|---|---|---|

A person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

Name of claimant's attorney if represented:

| Type or Print Name of Attorney: | OBA# |
|---|---|
| Jack G. Zurawik | 11588 |

Mailing Address:
PO Box 35346

| City | State | Zip |
|---|---|---|
| Tulsa | OK | 74153 |

Telephone:
(918) 664-1113

*Signature of Attorney for Claimant*

Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The permission granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law.

*I declare under penalty of perjury that I have examined this notice and claim for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief.*

Signed this  11  day of  February , 2013

x  Sonya Lange
*Signature of Claimant (must be signed by claimant)*

00/26/11

SUPPLEMENTAL FORM 10

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

In re claim of:

| Full Name of Injured Employee (Claimant) |
| SONYA D. LANGE |
| Claimant's Social Security Number (LAST 4 DIGITS ONLY) |
| XXX-XX- |
| Name of Employer (Respondent) |
| JOHN ZINK COMPANY, LLC |
| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE |

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|-----|-----|-----|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $_____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is Dr. Watts _____ (name of treating physician).

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD 594.41 PPD 323.00 |

1. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck and left shoulder; claimant is receiving short-term disability of $491/wk, beginning date approx 8-1-12 & continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karan Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler, Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12, 5/1/13; Dr. Chalkin 2/27/13; Dr. Sisler 12/6/12; Dr. Rim Tabbaa 5/26/11, 1/5/12, 6/5/12, 4/5/13;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

| Opposing Party |
| Jack G. Zurawik |
| Address (Number & Street) |
| P.O. Box 35346 |
| City Tulsa | State OK | Zip Code 74153-0346 |

Signed this 26 day of June , 2013

Signature of Filing Party

| Address (Number & Street) |
| P. O. Box 1710 |
| City Tulsa | State OK | Zip Code 74101-1710 |
| Telephone # of Filing Party |
| (918) 382-1400 |
| Print or type name of Attorney Jennifer A. Sloan | OBA# 19846 |

mah 1580-79
8/11

MAY. 6. 2013  3:43PM                                          NO. 7276     2

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| | |
|---|---|
| WCC FILE NO. | 2012-07091A |
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

**YES    NO    (Please type or Print)**

X ___  1. Was claimant at the time of the alleged injury, an employee of the above named respondent?

X ___  2. Was claimant covered by the Workers' Compensation Act?

X ___  3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands

X ___  4. Has claimant filed a Form 3 within the statutory period of time?

X ___  5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above?

X ___  6. Did claimant timely notify respondent of the injury?

X ___  7. Has claimant been provided medical treatment?

X ___  8. Has respondent commenced payment of temporary total disability payments to claimant?
Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

X ___  9. Has respondent selected a treating physician?
The treating physician is _Dr. Watts_                         (name of treating physician)
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

___ X  10. Is rate an issue? Claimant's compensation rate: TTD _694.41_   PPD _323.00_

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 4-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin 2/27/13; Dr. Sisler 12/6/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _Gillock_ and dated _5/1/13_ was mailed, together with a copy of this motion to Opposing party/Counsel.
**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35348

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0348 |

mah 1580-79
6/11

Signed this _6_ day of May _2013_

Signature of Filing Party

Address (Number & Street)
P. O. Box 1710

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan                OBA#
                                 18846

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.   2012-07091A

Date of Injury   09/01/2010

NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

YES    NO    (Please type or Print)

X    ____    1. Was claimant at the time of the alleged injury, an employee of the above named respondent?
X    ____    2. Was claimant covered by the Workers' Compensation Act?
X    ____    3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?
X    ____    4. Has claimant filed a Form 3 within the statutory period of time?
X    ____    5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above?
X    ____    6. Did claimant timely notify respondent of the injury?
X    ____    7. Has claimant been provided medical treatment?
X    ____    8. Has respondent commenced payment of temporary total disability payments to claimant?
          Temporary total disability has been paid to claimant from 7/10/11 _____ to _8/22/11_____ for a total of _____ weeks in the total sum of $ _____
X    ____    9. Has respondent selected a treating physician?
          The treating physician is _ Dr. Watts _____ (name of treating physician).
          **(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**
X    ____    10. Is rate an issue?  Claimant's compensation rate: TTD _594.41_____ PPD _323.00____

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddlaston; Lisa Mauilino; Dr. Kathleen Sisler; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin 2/27/13;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this ___19___ day of March _____ 2013

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35345

City          State    Zip Code
Tulsa         OK       74153-0346

Address (Number & Street)
P.O. Box 1710

City          State    Zip Code
Tulsa         OK       74101-1710

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney    OBA#
Jennifer A. Sloan                 19846

lla 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-▇▇▇▇

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | |
| --- | --- |
| | 2012-07091A |
| Date of Injury | |
| | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
| --- | --- | --- |
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _7/10/11_ to _8/22/11_ for a total of _____ weeks in the total sum of $ _____

9. Has respondent selected a treating physician? X
The treating physician is _Dr. Watts_ (name of treating physician)
(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

10. Is rate an issue? Claimant's compensation rate: TTD _594.41_ PPD _323.00_ X

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Dr. Chalkin (by rpt)

Karen Millar; Paula Huddleston; Lisa Martino; Dr. Kathleen Sisler;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement;

Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 6/15/11; Dr. Gillock 10/4/12; Dr. Chalkin's report of February 27, 2013

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated _12/6/12_ was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this _____ day of March _____, 2013
Signature of Filing Party

| Opposing Party | |
| --- | --- |
| Jack G. Zurawik | |
| Address (Number & Street) | |
| P.O. Box 35346 | |
| City | State | Zip Code |
| Tulsa | OK | 74153-0346 |

Address (Number & Street)
P. O. Box 1710

| City | State | Zip Code |
| --- | --- | --- |
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan

OBA#
19846

lte 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY):
XXX-XX-▇▇▇▇

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.    2012-07091A

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Date of Injury    09/01/2010

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

(Please type or Print)

| YES | NO | |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is  Dr. Watts  (name of treating physician)

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD  584.41  PPD  323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 6-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Martino; Dr. Kathleen Sisler

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler  and dated 12/6/12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this 24 day of January 2013

Signature of Filing Party  Jennifer A. Sloan

| Opposing Party Jack G. Zurawik | | |
|---|---|---|
| Address (Number & Street) P.O. Box 35346 | | |
| City Tulsa | State OK | Zip Code 74153-0346 |

| Address (Number & Street) P. O. Box 1710 | | |
|---|---|---|
| City Tulsa | State OK | Zip Code 74101-1710 |
| Telephone # of Filing Party (918) 382-1400 | | |
| Print or type name of Attorney Jennifer A. Sloan | | OBA# 19846 |

mah 1580-79
8/11

**SUPPLEMENTAL FORM 10**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-████

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.        2012-07091A

Date of Injury      09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is Dr. Watts _____ (name of treating physician)
(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD 594.41   PPD 323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karan Miller; Paula Huddleston; Lisa Maulino; Dr. Kathleen Sisler

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pattingell 8/16/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12
(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

| Opposing Party | Signed this 24 day of January 2013 |
|---|---|
| Jack G. Zurawik | Signature of Filing Party |
| Address (Number & Street) | JACK ZURAWIK |
| P.O. Box 36346 | Address (Number & Street) |
| | P.O. Box 1716 |
| City: Tulsa   State: OK   Zip Code: 74153-0346 | City: Tulsa   State: OK   Zip Code: 74101-1710 |
| | Telephone # of Filing Party (918) 382-1400 |
| | Print or type name of Attorney  OBA# |
| | Jennifer A. Sloan   19846 |

mah 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.    2012-07091A

Date of Injury    09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?    * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 _____ to _8/22/11_____ for a
total of _____ weeks in the total sum of $ _____

| | | |
|---|---|---|
| X | | 9. Has respondent selected a treating physician? |

The treating physician is   Dr. Watts _____ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _594.41_____ PPD_323.00_ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is
receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;
Karen Miller; Paula Huddlaston; Lisa Maurino

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Marlio; wage statement;
Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Gillock _____ and dated  10/4/12 _____
**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**     Signed this _____ day of October _____, 2012

| Opposing Party Jack G. Zurawik | | | Signature of Filing Party | | |
|---|---|---|---|---|---|
| Address (Number & Street) P.O. Box 35346 | | | Address (Number & Street) P.O. Box 1710 | | |
| City Tulsa | State OK | Zip Code 74153-0346 | City Tulsa | State OK | Zip Code 74101-1710 |
| | | | Telephone # of Filing Party (918) 382-1400 | | |
| | | | Print or type name of Attorney Jennifer A. Sloan | | OBA# 19846 |

Ite. 1560-79
6/11

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-█████

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

**NOTE:** Mediation is available to address certain workers' compensation disputes. For information, call (405) 622-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?  * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _7/10/11_ to _8/22/11_ for a total of _____ weeks in the total sum of $_____

| | X | 9. Has respondent selected a treating physician? |
|---|---|---|

The treating physician is _Dr. Watts_ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD _594.41_ PPD _323.00_ |
|---|---|---|

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $481/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition;

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mauppin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr._Gitlock_ and dated _10/4/12_ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this _8_ day of October, 2012

Signature of Filing Party

| Opposing Party |
|---|
| Jack G. Zurawik |

| Address (Number & Street) |
|---|
| P.O. Box 35346 |

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0346 |

Address (Number & Street)
P. O. Box 1710

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney   OBA#
Jennifer A. Sloan   19846

mah  1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?  * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |
| | | Temporary total disability has been paid to claimant from_____ to _____ for a total of _____ weeks in the total sum of $_____. |
| | | 9. Has respondent selected a treating physician? The treating physician is   Dr. Watts _____ (name of treating physician): |

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD_____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing

pre-existing condition:

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses: Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

Medical records of Dr. Alan Martin

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.   n/a as yet

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this ___17th___ day of September____ , 2012

| Opposing Party | Signature of Filing Party    #3b85O |
| Jack G. Zurawik | |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 35346 | P. O. Box 1710 |
| City     State     Zip Code | City     State     Zip Code |
| Tulsa     OK     74153-0346 | Tulsa     OK     74101-1710 |
| | Telephone # of Filing Party |
| | (918) 382-1400 |
| klp 1580-79 | Print or type name of Attorney     OBA# |
| 8/11 | Jennifer A. Sloan     19846 |

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

| YES | NO | | |
|---|---|---|---|
| X | | 1. | Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. | Was claimant covered by the Workers' Compensation Act? |
| X | | 3. | Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| X | | 4. | Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. | Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. | Did claimant timely notify respondent of the injury? |
| X | | 7. | Has claimant been provided medical treatment? |
| X | | 8. | Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

9. Has respondent selected a treating physician?
The treating physician is   Dr. Watts _____ (name of treating physician)

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

X      10. Is rate an issue?  Claimant's compensation rate: TTD _____   PPD _____

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; pre-existing condition.

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrell Watts;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; MEDICAL RECORDS OF DR. ALAN MARTIN 6/21/99 to 10/26/10

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:        Signed this ___10th___ day of __September__, 2012

| Opposing Party |
|---|
| Jack G. Zurawik |
| Address (Number & Street) |
| P. O. Box 35346 |
| City        State        Zip Code |
| Tulsa        OK        74153-0346 |

Via fax & reg. mail

klp  1580-79
8/11

| Signature of Filing Party |
|---|
| Address (Number & Street) |
| P. O. Box 1710 |
| City        State        Zip Code |
| Tulsa        OK        74101-1710 |
| Telephone # of Filing Party |
| (918) 382-1400 |
| Print or type name of Attorney        OBA# |
| Jennifer A. Sloan        19846 |



**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own Risk Group, Unlnsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Code? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| | | 8. Has respondent commenced payment of temporary total disability payments to claimant? Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____ |
| X | | 9. Has respondent selected a treating physician? The treating physician is  Dr. Watts _____ (name of treating physician). |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Garrett Watts _____ and dated 4-25-12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:          Signed this  21st  day of August _____ , 2012

| Opposing Party |
|---|
| Jack G. Zurawik |
| Address (Number & Street) |
| P.O. Box 35346 |
| City      State      Zip Code |
| Tulsa      OK      74153-0346 |

klp 1580-79
08/11

| Signature of Filing Party |
|---|
| Address (Number & Street) |
| P. O. Box 1710 |
| City      State      Zip Code |
| Tulsa      OK      74101-1710 |
| Telephone # of Filing Party |
| (918) 382-1400 |
| Print or type name of Attorney      OBA# |
| Jennifer A. Sloan      19846 |



**FORM 10**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

### WORKERS' COMPENSATION COURT
### 1915 NORTH STILES
### OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own
Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Code? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? The treating physician is   Dr. Watts _____ (name of treating physician). |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD _____ PPD _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses

List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this ____6th____ day of ____August____, ____2012____

| Opposing Party | Jack G. Zurawik |
|---|---|
| Address (Number & Street) | P.O. Box 35346 |
| City   Tulsa | State   OK | Zip Code   74153-0346 |

klp 1580-79
08/11

Signed of Filing Party

| Address (Number & Street) | P.O. Box 1710 |
|---|---|
| City   Tulsa | State   OK | Zip Code   74101-1710 |
| Telephone # of Filing Party (918) 382-1400 | | |
| Print or type name of Attorney Jennifer A. Sloan | | OBA# 19846 |

EXHIBIT "C"

**Hopkins, Shawnna**

| | |
|---|---|
| **From:** | Smith, Patty |
| **Sent:** | Tuesday, October 09, 2012 12:21 PM |
| **To:** | Sonya Carr (sonyadawn@att.net) |
| **Subject:** | Termination Information |

Dear Sonya,

You are currently off-site because of a medical restriction that prevents you from performing your job now or in the near future.  In addition, you have exhausted all applicable leave under the Family and Medical Leave Act.  As a result, we have made the business decision to terminate your employment.

We wish you the best for the future and remind you that you are welcome to apply for open positions we have once you are ready, willing and able to return to work.

Sincerely,
Patty Smith

*Patty R. Smith, PHR*
Human Resources Leader
John Zink Company, LLC
11920 East Apache
Tulsa, OK 74121-1220
918-234-2938 (Office)
918-630-2339 (Mobile)
patty.smith@johnzink.com

1



PLAINTIFF'S EXHIBIT

JZ000087

EXHIBIT "D"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**

MAY 0 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                     )
                                    )
        Plaintiff,                  )
                                    )
vs.                                 )     Case No. CJ-2014-357
                                    )     Judge Daman Cantrell
JOHN ZINK CO., LLC,                 )
                                    )
        Defendant.                  )

## AGREED MUTUAL PROTECTIVE ORDER

WHEREAS, documents or information containing identification information, financial information, banking and income records, tax records, medical/mental health information or other types of sensitive information which the party making the production deems confidential may be produced or disclosed in the course of these proceedings; and

WHEREAS, disclosure of such Confidential Information might be injurious to the parties or non-parties; and

WHEREAS, good cause therefore exists for entry of a protective order pursuant to 12 O.S. § 3226(C); and

WHEREAS, the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation;

IT IS HEREBY STIPULATED AND AGREED that the following rules and procedures shall govern all such Confidential Information obtained in this action:



PLAINTIFF'S
EXHIBIT

1.     All such documents or information produced or disclosed in the course of this action shall be used by any party to whom such documents or information is produced or disclosed solely for the purpose of this litigation only and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2.     Definitions.

(a)     "Confidential Information" shall mean any information of any type, kind or character, as defined on page one (1) first "Whereas" paragraph, that is designated confidential by any party, whether it be a document (including both paper and electronic documents), information contained in a document, information revealed during a deposition, information revealed in any discovery responses or otherwise supplied or revealed during the course of, or in connection with, this litigation.

(b)     "Receiving Party" shall mean a party to this lawsuit to whom Confidential Information is disclosed.

(c)     "Producing Party" shall mean a party to this lawsuit who discloses Confidential Information to another party.

3.     Designations and Challenges.

(a)     To designate, the Producing Party shall stamp "Confidential" or "Confidential Information" on all copies of documents they deem to contain Confidential Information. Deposition testimony or any portion thereof may be designated Confidential Information on the record at the deposition or in a letter to all counsel sent within thirty (30) days after receipt of the deposition transcript. Until this thirty-day period expires, all deposition testimony shall be considered Confidential Information unless agreed to by all Parties in writing.

2

Discovery responses or answers containing Confidential Information shall be set forth separately and stamped "Confidential" or "Confidential Information."

      (b)    A Receiving Party shall not be obligated to challenge the propriety of a designation of Confidential Information at the time that such designation is made.  Should a Receiving Party disagree, at any stage of this case, with a designation of documents or information as Confidential Information, the designation may be challenged as follows.  First, the Receiving Party disputing the designation shall try to resolve such dispute informally by conferring with the Producing Party.  If the dispute is not resolved informally, the Receiving Party shall identify the disputed designations in writing, to counsel for the Producing Party.  The Producing Party shall have fourteen (14) calendar days from receipt of this written notice to respond in writing.  If the Producing Party responds that such challenged documents do, or information does, contain Confidential Information, the dispute may be presented by motion to the Court by the Receiving Party.  All documents or information designated Confidential Information shall retain that designation and shall remain subject to the terms of this Protective Order unless the Court decides that challenged documents or information shall not be covered by the terms of this Order and any and all proceedings and appeals challenging such decision shall have been concluded.  Nothing shall affect any Party's right to request leave of court to be relieved of this Order for any reason.

      4.    Confidential Information, any copies thereof and any information contained therein or derived therefrom shall be made available only to the following persons when needed by them in connection with their duties in the conduct of this action:

      (a)    attorneys of record in this action and their partners or associate attorneys;

3

(b)     any persons regularly employed by such attorneys or their firms, when working in connection with this action under the direct supervision of partners or associate attorneys of said firms;

(c)     any independent expert or consultant who has been consulted for the purpose of being retained or who has been retained by counsel to provide assistance, expert advice or testimony in this action, and the employees of such experts or consultants when working in connection with this action under the direct supervision of said persons;

(d)     officers, directors or employees of the Receiving Party assisting counsel for that Receiving Party in the conduct of the litigation.

(e)     the court if filed under seal or with the prior written permission of the Producing Party;

(f)     court reporters or other persons preparing transcripts of testimony;

(g)     any other person on such terms and conditions as the parties may agree in writing; or

(h)     as the Court may hereafter by order direct;

**provided** that any person to whom any Confidential Information is disclosed pursuant to subparagraph 4(c) above shall, prior to any such disclosure, execute an Acknowledgment agreeing to abide by the terms of this Order. The Acknowledgment is appended hereto as Exhibit 1. Such Acknowledgments shall be retained by counsel of record making such disclosure, and shall be made available to counsel for the Producing Party upon a showing of reasonable cause. No person to whom Confidential Information is disclosed pursuant to the provisions of this

4

paragraph shall disclose Confidential Information to any person not entitled under the terms of this Order to receive it.

5.     Notwithstanding any other provisions of this Order, Confidential Information shall not be disclosed to any employee, agent, or consultant of any competitor of the Producing Party.  If any party has reason to believe that a competitor has improperly acquired or learned of Confidential Information, the Receiving Party, upon written demand from the Producing Party, shall reveal whether Confidential Information has been disclosed to any employee, agent, or consultant of such competitor company.

6.     The inadvertent, unintentional, or *in camera* disclosure of Confidential Information shall not generally be deemed a waiver, in whole or in part, of any claims of confidentiality.

7.     All such Confidential Information shall be used in depositions only in a manner calculated to preserve the confidentiality of such material and of those portions of the transcripts of and exhibits to such depositions which deal with such Confidential Information. Any court reporter or other person taking or preparing transcripts of a deposition at which testimony and exhibits containing Confidential Information can reasonably be expected to be disclosed will be advised of the terms of this Order and agree to be bound thereby. Only persons entitled to receive such Confidential Information pursuant to this Order may attend depositions at which Confidential Information is or is likely to be disclosed or discussed.

8.     Nothing in paragraph 4 will preclude the Receiving Party from using any Confidential Material at the deposition of:

(a)     present directors and officers of the Producing Party;

(b)     former directors or officers of the Producing Party;

5

(c)   present or former employees, agents or representatives of the Producing Party who, at the time of their affiliation or employment with the Producing Party, had access to information identical or substantially similar to the Confidential Material to be used at his/her deposition;

(d)   any person identified in the Confidential Information as the author, addressee, or other designated recipient of the Confidential Information; and

(e)   any other Designated Deponent provided that the procedure hereinafter described is followed.   When a Receiving Party wishes to use Confidential Information with a Designated Deponent, the Receiving Party must serve upon the Designated Deponent, with a copy upon counsel for the Producing Party not less than fifteen calendar days prior to the deposition, a written request for the execution of an Acknowledgment.   The Receiving Party must promptly, but in no event less than two business days, advise counsel for the Producing Party of the receipt of an executed Acknowledgement by the Designated Deponent.   If the Designated Deponent fails to execute an Acknowledgement, the Receiving Party shall promptly notify the Producing Party of that fact. Unless the Producing Party files a motion for protective order prior to the scheduled date of the deposition, the deposition shall go forward as scheduled, and the Producing Party, while not waiving its rights to object to the disclosure of, or testimony concerning, Confidential Information at the deposition, shall be deemed to have waived its rights to preclude, postpone, recess, or otherwise interrupt the deposition on that ground.   However, if the Designated Deponent does not execute an Acknowledgement, Confidential Information shall not be used during the

6

deposition, shown to the deponent, or in any way referenced.  If the Producing Party files a motion for protective order, the deposition shall be automatically stayed until the trial court determines the motion; provided, however, that in such event, the Receiving Party may, at its option, go forward with the deposition without the use of Confidential Information therein, and without waiving its right to resume the deposition to include the use of Confidential Information if the Court's ruling on the motion for protective order so permits.

9.    All interrogatories or interrogatory answers, requests for admissions or answers thereto, deposition transcripts or exhibits thereto, briefs, or other documents of any kind which contain Confidential Information shall be subject to the provisions of this Order.

10.:   In the event that any pleading or other document which contains Confidential Information is to be filed with the Court, such document shall not be filed unless a motion for, and until an order of, impoundment governing such pleading or document has been made and ruled upon by the Court. Such motion shall seek impoundment of all pleadings or documents containing Confidential Information until final disposition of the action (including the passage of any time in which to appeal or petition for certiorari), with custody thereafter to rest with counsel for the Producing Party. The parties agree not to oppose any motion for impoundment made pursuant to this paragraph. To the extent that Confidential Information can be segregated from the non-confidential material without undue burden or expense, only the Confidential Information shall be filed subject to the above terms.

11.    At the conclusion of the action by way of final judgment (including the exhaustion of all appeals) or settlement, all Confidential Information and copies thereof and all documents containing Confidential Information in the possession, custody or control of any

7

Receiving Party or its counsel shall be promptly turned over to counsel for the Producing Party or destroyed. Each counsel of record for each Receiving Party shall provide a sworn statement to counsel for the Producing Party stating that all Confidential Information and copies thereof have been turned over to counsel for the Producing Party or destroyed.

12.     Nothing herein shall be construed as waiving the right of a Producing Party to assert that particular material is subject to a claim of privilege.

13.     The designation of information treated as Confidential Information pursuant to this Stipulation and Order shall not be construed as a concession by any party that such information is relevant or material to any issue, or does in fact contain or reflect proprietary or confidential information.

14.     Nothing herein shall preclude any party from applying to the Court for any modification of this Order as it may deem appropriate in the circumstances; provided, however, that prior to such application, the parties involved shall make reasonable effort to resolve the matter by agreement.

**DAMAN CANTRELL**

_____
Judge of the District Court

Approved as to Form and Content:

_____
Tim Gilpin, OBA No. 11844
Gilpin Law Office
1874 S Boulder
Tulsa, OK  74119
Telephone (918) 583-8900
Facsimile (918) 796-5724
timgilpin@gilpinlaw.net

*Attorney for Plaintiff*

_____
Kristen L. Brightmire, OBA No. 14239
Sierra G. Salton, OBA No. 31212
Doerner, Saunders, Daniel & Anderson, LLP
2 W 2nd St, Ste. 700
Tulsa, OK  74103
Telephone (918) 591-5204
Facsimile (918) 925-5204
kbrightmire@dsda.com
ssalton@dsda.com

*Attorneys for Defendant*

8

**EXHIBIT 1**

**Agreement to Maintain Confidentiality**

In consideration of Confidential Information being Disclosed to the undersigned recipient (the "Recipient"), the Recipient agrees as follows:

1. The Recipient represents and warrants that he/she has received a copy of the Agreed Protective Order entered in *Sonya D. Lange v. John Zink Co., LLC.*, Case No. CJ-2014-357, In the District Court of Tulsa County, State of Oklahoma; and that the Recipient has read the Agreed Protective Order.  The Recipient understands that he/she is subject to all appropriate sanctions and remedies for any violation of the Agreed Protective Order.

2. The Recipient represents and warrants that, upon receipt of Confidential Information, he/she will be bound by, and comply with, all provisions of the Agreed Protective Order.

3. The Recipient agrees that, upon receipt of the Confidential Information, he/she is personally subject to the jurisdiction of the State of Oklahoma, and further agrees that jurisdiction and venue for any action taken to enforce this Agreement is proper in the District Court of Tulsa County, State of Oklahoma.  This Agreement shall be governed by, and construed under, the laws of the State of Oklahoma.

4. All capitalized terms in this Agreement shall have the same meaning as the same terms in the Agreed Protective Order.

Dated: _____, 2014.

Recipient

_____

Name:_____
      Print Name

Address:

_____
_____
_____

9

EXHIBIT "E"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRI **FILED**

NOV 2 6 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

BRADLEY ███████,          )
                          )
              Plaintiff,  )
                          )
      vs.                 )      Case No.  CJ-2012-████
                          )      Judge Fitzgerald
███████ ████████ ████     )
                          )
a Foreign for Profit Business Corp. )
                          )
              Defendant.  )

### ORDER ON MOTION FOR NEW TRIAL/RECONSIDERATION
### OF
### DISCOVERY RULING

Now on the 13th day of November, 2012, before the Court is Plaintiff's Motion for New Trial/Reconsideration of Discovery Ruling filed October 8, 2012. Appearing for the Plaintiff is his attorney, Tim Gilpin, and appearing on behalf of the Defendant is its attorney, ████████ ████. The Court having reviewed the file, parties' briefs and hearing oral arguments, finds that good and sufficient reason exists to Grant Plaintiff's Motion and Orders the Defendant, █████ ████████ ████████, to produce the sought after state Workers' Compensation Form 2 forms within twenty (20) days from this date.

IT IS ORDERED, ADJUDGED and DECREED that Plaintiff's, █████ ████████ Motion for New Trial/Reconsideration of Discovery Ruling on Plaintiff's Document Request No. 3 is GRANTED and Defendant, █████ ████████ ████████, is Ordered to produce the sought after Workers' Compensation Form 2 forms within twenty (20) days of this date.

_____
JUDGE of the DISTRICT COURT

11-16-12

PLAINTIFF'S
EXHIBIT

EXHIBIT "F"

## EMPLOYEE PLEDGE

As our Code of Conduct makes clear, adherence to the law and ethical conduct is critical – our success depends on it.

Compliance does not just happen, however. It requires genuine and continuous commitment by each one of us. That is why we are asking every employee to sign this pledge. It signals your individual commitment to Principle One: Conduct all business affairs lawfully and with integrity.

Please read the statement below, sign the pledge and return it to your local Human Resource representative.

**I have read Koch's Code of Conduct and understand that as a Koch employee, I commit to:**

- **Adhere to the Koch policies and standards of conduct in this booklet,**
- **Seek guidance if I am ever in doubt as to the proper course of conduct,**
- **Use one of the options Koch has made available to me to report any activities that I believe may be inconsistent with Koch policies and standards.**

_Sonya Carr_
Signature

_860066_
Employee Number

_Sonya Carr_
Printed Name

_John Zink_
Company Name

_9/29/08_
Date



PLAINTIFF'S
EXHIBIT
"F"

JZ000129

DISTRICT COURT
# F I L E D

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

MAY 1 3 2014

SONYA D. LANGE,

          Plaintiff,

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

vs.

    Case No.  CJ – 2014 – 00357
    Judge Daman Cantrell

JOHN ZINK CO., LLC.,
a Foreign Limited Liability
Company,

          Defendant.

## RESPONSE IN OPPOSITION
## TO
## *AMENDED* MOTION TO QUASH SUBPOENA DUCES TECUM ON
## CRAWFORD & COMPANY

### I. Introduction

COMES NOW the Plaintiff, Sonya D. Lange ("Lange"), and Responds in **Opposition** to Defendant's, John Zink Co., LLC ("Zink") *Amended* Motion to Quash Subpoena Duces Tecum. The Subpoena sought witness contact information from Zink's workers' compensation administrator, Crawford & Company, (Exhibit "A"), in this Workers' Compensation wrongful discharge case. Currently, the dispute only concerns the discovery of **Zink employee Oklahoma Workers' Compensation Form 2s**. ("Employer's First Notice of Injury"). Form 2s have been previously ordered discovered in The Fourteenth Judicial District and are relevant to the employer's patterns of behavior to similarly situated employees.

Persons identified in the Form 2s are potentially the most relevant, important and credible witnesses in this wrongful discharge case. The Form 2s will identify potential witnesses who experienced circumstances similar to Lange in the same work environment. Further, *an agreed Protective Order in on file* to protect third party information.

1

**EXHIBIT 27**

After being employed by Zink for about three and a half (3½ ) years, Zink fired Lange after she reported a <u>work injury</u>, hired an attorney, made a claim and Zink had denied several, but not all, of the claimed injured body parts in the Workers' Compensation Court. (Exhibit "B") Lange was fired while litigating the Workers' Compensation denials, as she was receiving medical care and off work on a physician's work release. (Zink Email, Exhibit "C"). Lange was wrongfully terminated: 1) because she pursued her rights and a claim under state Workers' Compensation Act; and, 2) she was fired while temporarily totally disabled (off work under physician's orders), due solely to absence from work. 85 O.S. §341(A) & (B).

## A. CV 21 Violated – Motion To Quash should be Denied

Local Rule CV 21 provides in part:

> "The Court will refuse to hear or set <u>any discovery dispute</u> unless counsel for the movant advises the Court in the motion that the lawyers have conferred either in person or by telephone in good faith about the dispute …"
>
> (emphasis added)

Counsel for Zink did <u>not</u> confer with Lange's counsel, by telephone or in person, *prior to filing the Motion to Quash discovery* in the form of the Subpoena Duces Tecum. As such, Zink's Motion to Quash should be not be set or heard and should be Denied. Subsequent to the Motions to Quash being filed, Zink <u>withdrew</u> its Motions to Quash Subpoenas Duces Tecum upon MetLife and Broadspire and amended its Motions to Quash related to Crawford & Company and Old Republic Insurance Company and limit the dispute to the discovery of Workers' Compensation Form 2s, "Employer's First Notice of Injury".

2

## B. Standard

The Oklahoma Discovery Code was written and is interpreted to allow liberal discovery of information and documents that go to the allegations in a case and defenses thereto *or could lead to* evidence admissible at trial, 12 O.S. §3226(B)(1)(a):

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any documents, electronically stored information or other tangible things and the identity and location of persons having knowledge of any discoverable matter. *It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*"                (emphasis added)

A Subpoena seeking relevant evidence has a tendency to make the existence of facts of consequence to the determination of this action more or less probable than they would have been without the evidence.  12 O.S. §2401. Witnesses that worked for the same employer, during the same general time frame as Lange and who also reported work injury are relevant to discovery and/or could lead to admissible trial evidence. The experience of similarly situated Zink employees goes directly to proving a pattern of behavior of this employer toward its employees who also reported a work injury.

## C. Confidentiality - Witnesses

An Agreed Protective Order is in place to protect "identification information" and "other types of sensitive information" that may pertain to Form 2 information on third parties/witnesses. (Exhibit "D"). Zink objected to the discovery of its Form 2s on the basis of confidentiality. 85 O.S. §322. In fact, these records are not confidential to the employer/Defendant and the reporting employee. The records were made "confidential"

3

to *prohibit solicitation of legal cases* by third parties/attorneys from injured workers. No such solicitation will or can take place here as per the Agreed Protective Order.

In addition, other Courts in the Fourteenth Judicial District have ordered the production of Workers' Compensation Form 2s, "Employers First Notice of Injury", in an identical Workers' Compensation wrongful discharge case, see Order attached as Exhibit "E". In an abundance of caution, those parties' names and identifying information are "blacked out" as per previous resolution between them. But, it will be supplied to the Court upon order or request.

The sought after discovery seeks the identity of, and/or will lead to, persons with knowledge of the events in our case (witnesses) and/or individuals who experienced similar circumstances in the same work place during the same general time period. The identity of potential witnesses is not confidential or privileged.

> "The identity and location of persons having knowledge of matters pertaining to an action are not privileged, except in the possible instance of informers."
> FDIC v. St. Paul Fire & Marine Insur. Co., 53 F.R.D. 260 (W.D. Okla.1971)

## II. Arguments & Authorities

### A. What Subpoena Sought

Each of Lange's Subpoenas Duces Tecum sought information on:

a.  Lange's own underlying workers' compensation claim; and,

b.  Other Zink employees who filed workers' compensation claims in Oklahoma during Lange's employment tenure and shortly thereafter.

4

**B. Circumstantial Evidence & Patterns of Behavior Relevant & Discoverable**

Persons identified in Zink's Workers' Compensation Form 2s are potentially the most relevant, important and credible witnesses in this wrongful discharge case. Lange is simply attempting to identify witnesses, while Zink is attempting to block discovery of witnesses and improperly limit the evidence to Lange alone.

Oklahoma authorities establish that <u>patterns of a defendant/employer's behavior toward its employees</u> are important, relevant and discoverable evidence in a retaliatory discharge case brought pursuant to 85 O.S. §341.  At the very least, such evidence is clearly calculated to reasonably lead to admissible trial evidence. *"Because employers seldom admit to any wrongdoing, the link between the employee's filing of a workers' compensation claim and his subsequent termination must usually be shown by circumstantial evidence"*. <u>Mantha v. Liquid Carbonic Industries, Inc.</u>, 1992 OK CIV APP, ¶7, 839 P.2d 200. This evidence may take the form of <u>patterns of behavior by the Defendant/employer</u> such as:

   a. encouraging employees suffering work-related injuries to file health insurance claims instead of workers' compensation claims;
   b. supervisors getting mad when employees showed interest in filing a workers' compensation claim;
   c. employees worried about being fired if they filed workers' compensation claims;
   d. employees let go after filing a workers' compensation claim, over less qualified employees who had not filed a claim.

   <u>Wallace v. Halliburton Co.</u>, 1993 OK 24, ¶¶14, 15 & 16, 850 P.2d 1056

Oklahoma Courts have also found a plaintiff/employee's retaliatory discharge case lacking because "a pattern of termination of workers who filed claims, or of

pressure put on workers not to file claims" *was not shown by the evidence.* <u>Taylor v. Cache Nursing Centers</u>, 1994 OK CIV APP 160, ¶¶14 & 15, 891 P.2d 607.

Patterns of Zink's behavior toward its employees is at issue, relevant and discoverable evidence in a retaliatory discharge case brought pursuant to 85 O.S. §341.

## B. Koch Industries – Lange Employee

Zink is an affiliated company of Koch Industries. Zink also objected to the Subpoena because in one part it was identified as "a/k/a Koch Industries". A plain reading of the Subpoena indicates it seeks information related to: 1) John Zink Company, LLC, 2) Its Oklahoma locations and, 3) covers an approximate three (3) year period. The addition of "a/k/a Koch Industries" is based upon information discovered that states Lange is "a Koch employee", see Zink document JZ000129: "EMPLOYEE PLEDGE". (Exhibit "F"). Other such discovered documents indicate Lange was a Koch employee and use the Koch symbol on her employee documents.

Lange's "a/k/a" was added out of caution because it is as yet unknown whether the Workers' Compensation Form 2s and/or workers' compensation coverage was held under the name of Zink or Koch.

## III. <u>Conclusion</u>

Wherefore, premises considered, Plaintiff, Sonya D. Lange, pursuant to the authorities and arguments above, and CV 21, Responds in Opposition to Defendant's, John Zink Company, LLC, Motion to Quash Subpoenas Duces Tecum upon Crawford & Company and requests that the Motion to Quash be DENIED, the Subpoena Duces

6

Tecum discovery be Compelled and Plaintiff be granted her attorney fees and any costs associated with the Motion.

Respectfully Submitted,

_____
Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second Street, Suite 700
Tulsa, OK  74103-3117

on this *13th* day of *May*_____, 2014.

_____
Tim Gilpin

7

EXHIBIT "A"

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

SONYA D. LANGE,                          )
                                         )
           Plaintiff,                    )
                                         )
      vs.                                ) Case No.  CJ – 2014 – 00357
                                         )       Judge Daman Cantrell
JOHN ZINK CO., LLC.,                     )
a Foreign Limited Liability              )
Company,                                 )
                                         )
                                         )
           Defendant.                    )

### SUBPOENA DUCES TECUM - CIVIL

TO:   **Crawford & Company, c/o**
      **The Corporation Company**
      **1833 S. Morgan Road**
      **OKC,  OK 73128**

GREETINGS:

Pursuant to 12 O.S. 2004.1, **YOU ARE HEREBY COMMANDED,** under penalty of law, *pursuant to this Subpoena Duces Tecum* to **PRODUCE** or **PERMIT INSPECTION** and **COPYING** of documents and materials listed below on the 8th day of **May, 2014, at 9:30 am.,** at the Law Office of Tim Gilpin, 1874 S. Boulder, Tulsa, OK 74119. Produce the following Documents, Things, Communications, ESI communications, Emails, Letters, Memos, etc., regarding:

Oklahoma workers' compensation case of Sonya D. Lange v. John Zink Co., LLC, WCC # 2012-07091A (S. Lange DOB 6-19-69), specifically:

1. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's absence from work due to an alleged work injury.* **This request does not seek attorney/client communications; and,**

1



2. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's temporary total disability (time off work to recover or healing period and period of restricted work duty that employer could not accommodate) due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

3. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's ability to return to work from an alleged work injury.* **This request does not seek attorney/client communications**; and,

4. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's medical treatment or care due to an alleged work injury.* **This request does not seek attorney/client communications**; and,

5. communications between you and John Zink, LLC, a/k/a Koch Industries, (its officers, managers, supervisors or authorized representative) *related to Lange's permanent or temporary work restrictions due to an alleged work injury.* **This request does not seek attorney/client communications.**

6. Copies of Oklahoma Workers' Compensation Form 2s filed or created on behalf of John Zink, LLC, a/k/a Koch Industries for the time period of October 1, 2010, to present.

Produce a copy of the original materials at the Law Offices listed above on the date set forth above and/or give testimony as to the whereabouts of the sought after materials. This can be accomplished by delivering the materials to 1874 S. Boulder, Tulsa, Oklahoma, 74119.  Your duties in responding to this Subpoena: Produce the documents and things described above as they are kept in the usual course of your business, or you can organize and label them to correspond to the categories described above. If you withhold any document(s) sought in this Subpoena on the claim that it/they are privileged or subject to protection as trial preparation materials, you must make this claim expressly; this claim must be supported by a description of the nature of the document(s), communication(s) or things which you have not produced, sufficient to allow me to contest the claim.

In order to allow objections to the production of documents and things to be to be filed, you should not produce them until the date specified in this Subpoena, and if an objection is filed, until the court rules on the objection.

**Hereto fail not, under penalty of law.**

Issued this _11th_ day of _April_ , 2014.

Respectfully Submitted,

Tim Gilpin, OBA #11844
GILPIN LAW OFFICE
1874 South Boulder
TULSA, OK 74119
(918) 583-8900 telephone
(918) 796-5724 fax
timgilpin@gilpinlaw.net
Attorney for Plaintiff, Sonya D. Lange

## CERTIFICATE OF MAILING

I, Tim Gilpin, do hereby certify that I placed a true and correct copy of the above and foregoing instrument was mailed, postage prepaid, to Defendant's legal counsel:

Kristen L. Brightmire
Sierra G. Slaton
Doerner, Saunders, et. al.
Two West Second
Tulsa, OK 74103-

on this _11th_ day

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Crawford Co.
c/o the Corp. Co.
1833 S. Morgan Rd.
OKC, OK
73128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Korri Behler_   ☐ Agent
   THE CORPORATION COMPANY

B. Received by ( Printed Name )  1833 S. Morgan Rd.   C. Date of Delivery
   Oklahoma City, OK 73124   2014

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7011 1570 0001 6739 1993

PS Form 3811, February 2004       Domestic Return Receipt   102595-02-M-1540

S. Gorge Subp
Duces Tecum



TIM GILPIN
DBA TIM GILPIN ATTORNEY
1874 S BOULDER
TULSA, OK 74119

86-3/1039

5867

DATE _4-11-14_

PAY TO THE
ORDER OF _Crawford + Company_   $ 10.00

_Ten and no/100_ _____ DOLLARS

BANK OF OKLAHOMA
www.bok.com

MEMO _Subpoena_

EXHIBIT "B"

**FORM 3**

Send original and 4 copies to:
Workers' Compensation Court

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

This space for Court use only

**FILED**

JUN 22 2012

WORKERS
COMPENSATION COURT
TULSA

Name of Claimant (Injured Employee)
SONYA D. LANGE

☑ Please check appropriate box
☑ I. Original Filing

Name of Employer
JOHN ZINK L.L.C. and/or KOCH INDUSTRIES

☐ II. Amends Previously Filed Form 3. Must clearly state whether amendment is in addition to, or substitute for, prior information.)

Court Use Only
Old Republic

**EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION**

NOTE:  Mediation is available to address certain workers' compensation disputes.
For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.
**2012-07091 A**

*(Please type or print)*

| EMPLOYEE NAME (Last, First, Middle): LANGE   SONYA | | Social Security #: [redacted] | Phone: (918) 232-6072 |
|---|---|---|---|
| Mailing Address (Include City, State & Zip): 2508 S. 15TH ST.   BROKEN ARROW, Okla 74012 | | Date of Birth: 6/19/69 | Age: 42 | Sex: F |

| Occupation: STAFF ACCOUNTANT | Was your employment agreement in Oklahoma?  YES ☐  NO ☐ | Avg. Weekly Wage: $ 48,000.00 Annually. | Length of Employment years @ 3   months @ 5 |
|---|---|---|---|

| Date of Accident, or as applicable, Date of Termination From Employment if a Cumulative Trauma Injury: Approx 5/1/10 Approx. Exposure Date | Injury resulted from:  Single incident ☐   Cumulative Trauma ☑ | Time Injury Occurred: VARIOUS   ☐ AM  ☐ PM |
|---|---|---|

| Describe parts of the body injured or affected: Hand, Rt. Elbow, Rt. Shoulder, Neck | Place of Injury: City/County/State: Tulsa / Tulsa / Okla. |
|---|---|

| What is the nature of the injury or illness: DOCTOR TO DETERMINE | Describe with details how the injury occurred. Include object or substance which directly injured you: REPETITIVE USE OF CALCULATOR & KEYBOARD |
|---|---|

| Have you filed a claim for Social Security Disability Insurance Benefits?  YES ☐  NO ☑ | Are you eligible for Medicare Benefits or will you become eligible for Medicare Benefits within 90 months of the filing of this Notice of Accidental Injury and Claim for Compensation?  YES ☐  NO ☑ |
|---|---|

Are you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability? _____ If "YES", you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund.  A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): NONE SPECIFIED. | Address: | City: | State: | Zip: |
|---|---|---|---|---|

| Employer: JOHN ZINK L.L.C. and/or KOCH INDUSTRIES | Employer's FEI # (Federal ID Number): | Telephone: 918-234-1800 |
|---|---|---|

| Complete Mailing Address: 920 EAST APACHE | City: Tulsa | State: Okla. | Zip: 74116 |
|---|---|---|---|

| Complete Street Address (if different from above): | City: | State: | Zip: |
|---|---|---|---|

Any person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The permission granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law.

| Name of claimant's attorney if represented: | |
|---|---|
| Type or Print Name of Attorney: Jack G. Zurawik | OBA# 11588 |
| Mailing Address: PO Box 35346 | |
| City: Tulsa | State: OK  Zip: 74153 |
| Telephone #: (918) 664-1113 | |

I declare under penalty of perjury that I have examined this notice and claim for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief.

X Signed this 16th day of June 2012

_Jack G. Zurawik_
Signature of Attorney for Claimant

X _Sonya Lange_
Signature of Claimant (must be signed)

PLAINTIFF'S EXHIBIT B

# FORM 3

Send original and 4 copies to:
Workers' Compensation Court

**WORKERS' COMPENSATION COURT**
1915 NORTH STILES
OKLAHOMA CITY, OK 73105-4918

THIS SPACE FOR COURT USE ONLY

**FILE COPY**

FEB 11 2013

WORKERS COMPENSATION COURT
TULSA

Name of Claimant (Injured Employee)
*Sonya D. Lange*

Name of Employer
*John Zink, LLC*
*and/or Kean Industries*

Court Use Only

☑ Please check appropriate box
☐ I. Original Filing
☐ II. Amends Previously Filed Form 3. Must clearly state whether amendment is in addition to, or substitute for, prior information.)

**EMPLOYEE'S FIRST NOTICE OF ACCIDENTAL INJURY AND CLAIM FOR COMPENSATION**

**NOTE:** Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

WCC FILE NO.
*Z012-08091 A*

*(Please type or print)*

| EMPLOYEE NAME (Last, First, Middle): *LANGE, Sonya D.* | Social Security #: ▓▓▓▓ | Phone: *(918) 232-6072* |
|---|---|---|

| Mailing Address (Include City, State & Zip): *2508 S. 15th St., Broken Arrow OK 74012* | Date of Birth: *06-19-1969* | Age: *43* | Sex: *Female* |
|---|---|---|---|

| Occupation: *Staff Accountant* | Was your employment agreement in Oklahoma? YES ☑ NO ☐ | Avg. Weekly Wage: *$641* *$1033 Net-Mthly* | Length of Employment years *3* months *6* |
|---|---|---|---|

| Date of Accident, or as applicable, Date of Termination From Employment if a Cumulative Trauma Injury: | Injury resulted from: Single Incident ☐    Cumulative Trauma ☐ | Time Injury Occurred ☐ AM ☐ PM |
|---|---|---|

The parts of the body injured or affected
*ADD: Lt. Shoulder, Lt. Arm, Lt. hand, Fingers on both hands*

Place of Injury: City/County/State

What is the nature of the injury or illness:

Describe with details how the injury occurred. Include object or substance which directly injured you:

Have you filed a claim for Social Security Disability Insurance benefits?   YES ☐  NO ☐

Are you eligible for Medicare benefits or will you become eligible for Medicare benefits within 30 months of the filing of this Notice of Accidental Injury and Claim for Compensation?   YES ☐  NO ☐

Are you a previously impaired person due to a prior workers' compensation injury or obvious and apparent pre-existing disability? _____ If "YES," you may be entitled to benefits for combined disabilities against the Multiple Injury Trust Fund. A claim against the Multiple Injury Trust Fund may be commenced by filing a "Form 3F" with the Workers' Compensation Court.

| Treating Physician (full name): | Address: | City: | State: | Zip: |
|---|---|---|---|---|

| Employer: | Employer's FEI # (Federal I.D. Number): | Telephone: |
|---|---|---|

| Complete Mailing Address: | City: | State: | Zip: |
|---|---|---|---|

| Complete Street Address (if different from above): | City: | State: | Zip: |
|---|---|---|---|

A person receiving temporary disability benefits from an employer or the employer's insurance carrier shall within seven (7) days report in writing to the employer or insurance carrier any change in a material fact or the amount of income the employee is receiving or any change in the employee's employment status, occurring during the period of receipt of such benefits.

Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

Name of claimant's attorney if represented:

Type or Print Name of Attorney:
*Jack G. Zurawik*    OBA# *11588*

Mailing Address:
*PO Box 35346*

City *Tulsa*    State *OK*    Zip *74153*

Telephone #:
*(918) 664-1113*

_____
Signature of Attorney for Claimant

Upon filing this Notice of Accidental Injury And Claim For Compensation, permission is given to the Administrator of the Workers' Compensation Court, the Insurance Commissioner, the Attorney General, a District Attorney or their designees to examine all records relating to the notice, any matter contained in the notice, and any matter relating to the notice. The permission granted to the above persons authorizes them access to medical records pursuant to 76 O.S., §19, including waiver of any privilege granted by law concerning communications made to a physician or health care provider or knowledge obtained by such physician or health care provider by personal examination. This form is not intended for use as a medical authorization. Nothing shall be construed to waive, limit or impair any evidentiary privilege recognized by law.

*I declare under penalty of perjury that I have examined this notice and claim for compensation and all statements contained herein are true, correct and complete to the best of my knowledge and belief.*

Signed this *11* day of *February*, *2013*

_____
Signature of Claimant (must be signed by claimant)

**SUPPLEMENTAL FORM 10**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.          2012-07091A

Date of Injury          09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | | |
|---|---|---|---|
| X | | 1. | Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. | Was claimant covered by the Workers' Compensation Act? |
| X | | 3. | Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. | Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. | Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. | Did claimant timely notify respondent of the injury? |
| X | | 7. | Has claimant been provided medical treatment? |
| X | | 8. | Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

| X | | 9. | Has respondent selected a treating physician? |

The treating physician is  Dr. Watts (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. | Is rate an issue? Claimant's compensation rate: TTD 594.41   PPD 323.00 |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck and left shoulder; claimant is receiving short-term disability of $491/wk, beginning date approx 8-1-12 & continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12, 5/1/13; Dr. Chalkin 2/27/13; Dr. Sisler 12/6/12; Dr. Rim Tabbaa 5/26/11, 1/5/12, 6/5/12, 4/5/13;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

City  Tulsa   State  OK   Zip Code  74153-0346

Signed this 26 day of June, 2013

Signature of Filing Party

Address (Number & Street)
P.O. Box 1710

City  Tulsa   State  OK   Zip Code  74101-1710

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan          OBA# 19846

mah 1580-79
8/11

MAY. 6. 2013  3:43PM                                   NO. 1270  P. 2

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?  deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $_____

9. Has respondent selected a treating physician?
The treating physician is  Dr. Watts _____ (name of treating physician)

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

____ X 10. Is rate an issue? Claimant's compensation rate: TTD  594.41 _____ PPD  323.00

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left shoulder/arm/hand and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Maurino; Dr. Kathleen Sislar; Dr. Chalkin

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12; Dr. Chalkin 2/27/13; Dr. Sislar 12/6/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Gillock _____ and dated 5/1/13 was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City Tulsa | State OK | Zip Code 74153-0346 |
|---|---|---|

Signed this 6 day of May 2013

Signature of Filing Party

Address (Number & Street)
P.O. Box 1710

| City Tulsa | State OK | Zip Code 74101-1710 |
|---|---|---|

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan    OBA# 19846

mah 1580-79
6/11

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
| --- | --- |
| Date of Injury | 09/01/2010 |

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free
(800) 522-8210.

|  | YES | NO | (Please type or Print) |
| --- | --- | --- | --- |
| 1. | X |  | Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| 2. | X |  | Was claimant covered by the Workers' Compensation Act? |
| 3. | X |  | Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| 4. | X |  | Has claimant filed a Form 3 within the statutory period of time? |
| 5. | X |  | Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| 6. | X |  | Did claimant timely notify respondent of the injury? |
| 7. | X |  | Has claimant been provided medical treatment? |
| 8. | X |  | Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from  7/10/11  to  8/22/11  for a
total of _____ weeks in the total sum of $_____

| 9. | X |  | Has respondent selected a treating physician? |

The treating physician is  Dr. Watts  (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| 10. | X |  | Is rate an issue?  Claimant's compensation rate: TTD  593.41  PPD  323.00 |

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow/shoulder, neck, left
shoulder/arm/hand
and fingers on both hands; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing
dition; wage statement

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;
Karen Miller; Paula Huddlaston; Lisa Mautino; Dr. Kathleen Sisler, Dr. Chalkin

13.  List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement;
Dr. Watts 8/19/11, 8/22/11, 8/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;  Dr. Chalkin 2/27/13;

14.  Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated  12/5/12
was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true,
correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this _____ day of  March  2013

| Opposing Party | Signature of Filing Party: |
| --- | --- |
| Jack G. Zurawik | |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 35346 | P.O. Box 1710 |
| City Tulsa   State OK   Zip Code 74153-0346 | City Tulsa   State OK   Zip Code 74101-1710 |
|  | Telephone # of Filing Party (918) 382-1400 |
|  | Print or type name of Attorney   OBA# Jennifer A. Sloan   19846 |

Jle 1580-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

| WCC FILE NO. | 2012-07091A |
|---|---|

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

| Date of Injury | 09/01/2010 |
|---|---|

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 _____ to 8/22/11 _____ for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is Dr. Watts _____ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue? Claimant's compensation rate: TTD 594.41 _____ PPD 323.00 _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Dr. Chalkin (by rpt)

Karen Miller; Paula Huddleston; Lisa Maurino; Dr. Kathleen Sisler;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement;

Dr. Watts 8/19/11, 8/22/11, 9/21/11 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;  Dr. Chalkin's report of February 27, 2013

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/8/12 _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this _____ day of March _____ 2013

| Opposing Party Jack G. Zurawik | Signature of Filing Party [signature] |
|---|---|
| Address (Number & Street) P.O. Box 35346 | Address (Number & Street) P.O. Box 1710 |
| City Tulsa   State OK   Zip Code 74153-0346 | City Tulsa   State OK   Zip Code 74101-1710 |
| | Telephone # of Filing Party (918) 382-1400 |
| | Print or type name of Attorney Jennifer A. Sloan   OBA# 19846 |

lla 1580-79
8/11

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

| | |
|---|---|
| Full Name of Injured Employee (Claimant)<br>SONYA D. LANGE | |
| Claimant's Social Security Number (LAST 4 DIGITS ONLY):<br>XXX-XX-▓▓▓ | ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT |
| Name of Employer (Respondent)<br>JOHN ZINK COMPANY, LLC | WCC FILE NO.        2012-07091A |
| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or<br>Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE | Date of Injury        09/01/2010 |

**NOTE:** Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $_____

| X | | 9. Has respondent selected a treating physician? |

The treating physician is  Dr. Watts                     (name of treating physician)

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD _594.41_        PPD _323.00_ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Maurino; Dr. Kathleen Sisler

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12
was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this 24 day of January, 2013

Signature of Filing Party
_Jennifer Sloan_

| | |
|---|---|
| Opposing Party<br>Jack G. Zurawik | Address (Number & Street)<br>P. O/ Box 1710 |
| Address (Number & Street)<br>P.O. Box 35346 | |
| City<br>Tulsa | State<br>OK | Zip Code<br>74153-0346 |

City
Tulsa         State OK         Zip Code 74101-1710

Telephone # of Filing Party
(918) 382-1400

Print or type name of Attorney
Jennifer A. Sloan         OBA# 19846

mah 1680-79
8/11

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $ _____

9. Has respondent selected a treating physician?
The treating physician is   Dr. Watts                         (name of treating physician)

(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)

10. Is rate an issue? Claimant's compensation rate: TTD  594.41    PPD  323.00    (marked X under NO)

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino; Dr. Kathleen Sisler

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11,10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/16/11; Dr. Gillock 10/4/12;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Sisler _____ and dated 12/6/12 _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City Tulsa | State OK | Zip Code 74153-0346 |
|---|---|---|

mah 1580-79
8/11

Signed this  24  day of  January  2013

Signature of Filing Party
Jennifer A. Sloan    JACK & WAIL

Address (Number & Street)
P. O/ Box 1710

| City Tulsa | State OK | Zip Code 74101-1710 |
|---|---|---|

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney Jennifer A. Sloan | OBA# 19846 |
|---|---|

SUPPLEMENTAL
FORM 10

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
|---|---|
| Date of Injury | 09/01/2010 |

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**NOTE:** Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

YES    NO    (Please type or Print)

X _____    1. Was claimant at the time of the alleged injury, an employee of the above named respondent?

X _____    2. Was claimant covered by the Workers' Compensation Act?

X _____    3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   • ADMIT RIGHT HAND ONLY

X _____    4. Has claimant filed a Form 3 within the statutory period of time?

X _____    5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above?

X _____    6. Did claimant timely notify respondent of the injury?

X _____    7. Has claimant been provided medical treatment?

X _____    8. Has respondent commenced payment of temporary total disability payments to claimant?

Temporary total disability has been paid to claimant from _7/10/11_ to _8/22/11_ for a total of _____ weeks in the total sum of $ _____

X _____    9. Has respondent selected a treating physician?
The treating physician is _Dr. Watts_ _____ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

X _____    10. Is rate an issue?  Claimant's compensation rate: TTD _594.41_   PPD _323.00_

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition; wage statement

List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Maurino

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Marlin; wage statement; Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettigell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr. _Gillock_ _____ and dated _10/4/12_ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**    Signed this _____ day of October _____, 2012

| Opposing Party | Signature of Filing Party |
|---|---|
| Jack G. Zurawik | |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 35346 | P.O. Box 1710 |
| City | State | Zip Code | City | State | Zip Code |
| Tulsa | OK | 74153-0346 | Tulsa | OK | 74101-1710 |
| | | | Telephone # of Filing Party |
| | | | (918) 382-1400 |

Ite. 1580-79
8/11

Print or type name of Attorney    OBA#
Jennifer A. Sloan    19846

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

THIS SPACE FOR COURT USE ONLY

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
XXX-XX-▮▮▮▮

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.    2012-07091A

Date of Injury    09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.

| YES | NO | (Please type or Print) |
|-----|-----|-----|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Act? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| X | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from 7/10/11 to 8/22/11 for a total of _____ weeks in the total sum of $_____

| | | |
|-----|-----|-----|
| X | | 9. Has respondent selected a treating physician? |

The treating physician is   Dr. Watts                (name of treating physician)
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| | X | 10. Is rate an issue? Claimant's compensation rate: TTD  694.41        PPD  323.00 |
|-----|-----|-----|

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is

receiving short-term disability of $481/week, beginning date of approximately 8-1-12 thru continuing; pre-existing condition;

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;
Karen Miller; Paula Huddleston; Lisa Mautino

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; Medical records of Dr. Alan Martin; wage statement;
Dr. Watts 8/19/11, 8/22/11, 9/21/11, 10/19/11, 4/4/12, 4/25/12; Dr. Pettingell 8/15/11;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Gillock        and dated  10/4/12
was mailed, together with a copy of this motion to Opposing party/Counsel.
**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

**I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:**

Signed this  8  day of October  2012

Signature of Filing Party

| Opposing Party | Address (Number & Street) |
|-----|-----|
| Jack G. Zurawik | P. O. Box 1710 |
| Address (Number & Street) | |
| P.O. Box 35346 | |

| City | State | Zip Code |
|-----|-----|-----|
| Tulsa | OK | 74153-0346 |

| City | State | Zip Code |
|-----|-----|-----|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney | OBA# |
|-----|-----|
| Jennifer A. Sloan | 19846 |

mah  1580-79
8/11

**SUPPLEMENTAL FORM 10**

**WORKERS' COMPENSATION COURT**
**1915 NORTH STILES**
**OKLAHOMA CITY, OKLAHOMA 73105-4918**

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

| WCC FILE NO. | 2012-07091A |
| Date of Injury | 09/01/2010 |

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760
or In-State Toll Free (800) 522-8210.**

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1.   Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2.   Was claimant covered by the Workers' Compensation Act? |
| X | | 3.   Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY |
| X | | 4.   Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5.   Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6.   Did claimant timely notify respondent of the injury? |
| X | | 7.   Has claimant been provided medical treatment? |
| X | | 8.   Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a
total of _____ weeks in the total sum of $_____

9.   Has respondent selected a treating physician?
The treating physician is   Dr. Watts _____ (name of treating physician).
**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10.  Is rate an issue? Claimant's compensation rate: TTD _____   PPD _____ |

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; claimant is receiving short-term disability of $491/week, beginning date of approximately 8-1-12 thru continuing

pre-existing condition

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses: Dr. Garrett Watts; Karen Miller; Paula Huddleston; Lisa Mautino

13.  List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

Medical records of Dr. Alan Martin

14.  Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.
**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:

Signed this   17th   day of   September   , 2012

| Opposing Party | Signature of Filing Party   #30850 |
| Jack G. Zurawik | |
| Address (Number & Street) | Address (Number & Street) |
| P.O. Box 35346 | P. O. Box 1710 |
| City   State   Zip Code | City   State   Zip Code |
| Tulsa   OK   74153-0346 | Tulsa   OK   74101-1710 |
| | Telephone # of Filing Party |
| | (918) 382-1400 |
| | Print or type name of Attorney   OBA# |
| | Jennifer A. Sloan   19846 |

Kp  1580-79
6/11

**SUPPLEMENTAL FORM 10**

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

In re claim of:

| Full Name of Injured Employee (Claimant)
SONYA D. LANGE |
| Claimant's Social Security Number (LAST 4 DIGITS ONLY) |
| Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC |
| Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or
Own Risk Group, Uninsured   OLD REPUBLIC INSURANCE |

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

| WCC FILE NO. | 2012-07091A |
| Date of Injury | 09/01/2010 |

**NOTE:  Mediation is available to address certain workers' compensation disputes.  For information, call (405) 522-8760 or In-State Toll Free (800) 522-8210.**

YES          NO          (Please type or Print)

X          _____          1.  Was claimant at the time of the alleged injury, an employee of the above named respondent?

X          _____          2.  Was claimant covered by the Workers' Compensation Act?

X          _____          3.  Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?   * ADMIT RIGHT HAND ONLY

X          _____          4.  Has claimant filed a Form 3 within the statutory period of time?

X          _____          5.  Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above?

X          _____          6.  Did claimant timely notify respondent of the injury?

X          _____          7.  Has claimant been provided medical treatment?

X          _____          8.  Has respondent commenced payment of temporary total disability payments to claimant?

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

_____          _____          9.  Has respondent selected a treating physician?
The treating physician is  Dr. Watts _____ (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

X          _____          10.  Is rate an issue? Claimant's compensation rate: TTD _____   PPD _____

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery; deny right elbow, right shoulder, neck; pre-existing condition;

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses; Dr. Garrett Watts;

13.  List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits; MEDICAL RECORDS OF DR. ALAN MARTIN 6/21/99 to 10/26/10

14.  Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete.  Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:          Signed this ___10th___ day of ___September___, _2012_

| Opposing Party
Jack G. Zurawik |
| Address (Number & Street)
P. O. Box 35346 |
| City
Tulsa | State
OK | Zip Code
74153-0346 |

kip   1580-79
8/11

*Via fax & reg. mail*

| Signature of Filing Party
Jennifer Sloan |
| Address (Number & Street)
P. O. Box 1710 |
| City
Tulsa | State
OK | Zip Code
74101-1710 |
| Telephone # of Filing Party
(918) 382-1400 | |
| Print or type name of Attorney
Jennifer A. Sloan | OBA#
19846 |

**SUPPLEMENTAL FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own
Risk Group, Uninsured   OLD REPUBLIC INSURANCE

ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT

WCC FILE NO.        2012-07091A

Date of Injury      09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|-----|-----|-----|
| X | | 1. Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2. Was claimant covered by the Workers' Compensation Code? |
| X | | 3. Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment? * ADMIT RIGHT HAND ONLY |
| X | | 4. Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5. Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6. Did claimant timely notify respondent of the injury? |
| X | | 7. Has claimant been provided medical treatment? |
| | | 8. Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

| X | | 9. Has respondent selected a treating physician? The treating physician is  Dr. Waite _____ (name of treating physician). |

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10. Is rate an issue?  Claimant's compensation rate: TTD _____ PPD _____ |

11. State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery: DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK

12. List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses;

13. List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14. Respondent hereby certifies that a copy of the medical report written by Dr. Garrett Watts _____ and dated 4-25-12 was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:         Signed this 21st day of August , 2012

| Opposing Party |
| Jack G. Zurawik |
| Address (Number & Street) |
| P.O. Box 35346 |
| City   Tulsa | State   OK | Zip Code   74153-0346 |

klp 1580-79
08/11

| Signature of Filing Party |
| Address (Number & Street) |
| P. O. Box 1710 |
| City   Tulsa | State   OK | Zip Code   74101-1710 |
| Telephone # of Filing Party |
| (918) 382-1400 |
| Print or type name of Attorney | OBA# |
| Jennifer A. Sloan | 19846 |

**FORM 10**

WORKERS' COMPENSATION COURT
1915 NORTH STILES
OKLAHOMA CITY, OKLAHOMA 73105-4918

THIS SPACE FOR COURT USE ONLY

Send original to
Workers' Compensation Court and 1 copy to
Claimant or the Claimant's Attorney of Record

In re claim of:

Full Name of Injured Employee (Claimant)
SONYA D. LANGE

Claimant's Social Security Number (LAST 4 DIGITS ONLY)
~~████~~

Name of Employer (Respondent)
JOHN ZINK COMPANY, LLC

Employer's Insurance Carrier, Permit # for Court Approved Individual Self-Insured or Own
Risk Group, Uninsured   OLD REPUBLIC INSURANCE

**ANSWER AND PRETRIAL STIPULATION OFFERED BY RESPONDENT**

WCC FILE NO.          2012-07091A

Date of Injury          09/01/2010

NOTE: Mediation is available to address certain workers' compensation disputes. For information, call (405) 522-8760 or in-state toll free (800) 522-8210.

| YES | NO | (Please type or Print) |
|---|---|---|
| X | | 1.  Was claimant at the time of the alleged injury, an employee of the above named respondent? |
| X | | 2.  Was claimant covered by the Workers' Compensation Code? |
| X | | 3.  Did claimant sustain an accidental injury or suffer an occupational disease arising out of and in the course of the employment?  **ADMIT RIGHT HAND ONLY** |
| X | | 4.  Has claimant filed a Form 3 within the statutory period of time? |
| X | | 5.  Did respondent, at the time of the alleged injury, have an own-risk permit or a compensation insurance policy with the carrier named in the caption above? |
| X | | 6.  Did claimant timely notify respondent of the injury? |
| X | | 7.  Has claimant been provided medical treatment? |
| | | 8.  Has respondent commenced payment of temporary total disability payments to claimant? |

Temporary total disability has been paid to claimant from _____ to _____ for a total of _____ weeks in the total sum of $ _____

| | | 9.  Has respondent selected a treating physician? |
|---|---|---|

The treating physician is  Dr. Watts _____ (name of treating physician).

**(ALL DEPOSITIONS OF MEDICAL EXPERTS SHALL BE COMPLETED PRIOR TO TRIAL.)**

| X | | 10.  Is rate an issue?  Claimant's compensation rate: TTD _____   PPD _____ |
|---|---|---|

11.  State all affirmative defenses: Reserve the right to add additional defenses upon completion of discovery:  **DENY RIGHT ELBOW; DENY RIGHT SHOULDER; DENY NECK**

12.  List the name of all witnesses who may be called by respondent at trial: All Claimant's witnesses; All previously endorsed witnesses;

List all exhibits to be introduced at trial: All Claimant's exhibits; All previously endorsed exhibits;

14.  Respondent hereby certifies that a copy of the medical report written by Dr. _____ and dated _____ was mailed, together with a copy of this motion to Opposing party/Counsel.

**(LIST ON A SEPARATE SHEET, ADDITIONAL WITNESSES, EXHIBITS AND MEDICAL EVIDENCE)**

*I declare under penalty of perjury that I have examined all statements contained herein, and to the best of my knowledge and belief, they are true, correct and complete. Any person who commits workers' compensation fraud, upon conviction, shall be guilty of a felony.*

I HEREBY CERTIFY THAT A COPY HAS BEEN SENT TO:          Signed this  6th  day of August , 2012

Opposing Party
Jack G. Zurawik

Address (Number & Street)
P.O. Box 35346

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74153-0346 |

klp 1580-79
08/11

Signature of Filing Party

Address (Number & Street)
P.O. Box 1710

| City | State | Zip Code |
|---|---|---|
| Tulsa | OK | 74101-1710 |

Telephone # of Filing Party
(918) 382-1400

| Print or type name of Attorney | OBA# |
|---|---|
| Jennifer A. Sloan | 19846 |

EXHIBIT "C"

**Hopkins, Shawnna**

| | |
|---|---|
| **From:** | Smith, Patty |
| **Sent:** | Tuesday, October 09, 2012 12:21 PM |
| **To:** | Sonya Carr (sonyadawn@att.net) |
| **Subject:** | Termination Information |

Dear Sonya,

You are currently off-site because of a medical restriction that prevents you from performing your job now or in the near future. In addition, you have exhausted all applicable leave under the Family and Medical Leave Act. As a result, we have made the business decision to terminate your employment.

We wish you the best for the future and remind you that you are welcome to apply for open positions we have once you are ready, willing and able to return to work.

Sincerely,
Patty Smith


*Patty R. Smith, PHR*
Human Resources Leader
John Zink Company, LLC
11920 East Apache
Tulsa, OK 74121-1220
918-234-2938 (Office)
918-630-2339 (Mobile)
patty.smith@johnzink.com

1



JZ000087

EXHIBIT "D"

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
# FILED

MAY 0 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

SONYA D. LANGE,                    )
                                   )
      Plaintiff,                  )
                                   )
vs.                                )     Case No. CJ-2014-357
                                   )     Judge Daman Cantrell
JOHN ZINK CO., LLC,                )
                                   )
      Defendant.                  )

## AGREED MUTUAL PROTECTIVE ORDER

WHEREAS, documents or information containing identification information, financial information, banking and income records, tax records, medical/mental health information or other types of sensitive information which the party making the production deems confidential may be produced or disclosed in the course of these proceedings; and

WHEREAS, disclosure of such Confidential Information might be injurious to the parties or non-parties; and

WHEREAS, good cause therefore exists for entry of a protective order pursuant to 12 O.S. § 3226(C); and

WHEREAS, the parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation;

IT IS HEREBY STIPULATED AND AGREED that the following rules and procedures shall govern all such Confidential Information obtained in this action:

