# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONYA D. LANGE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) Case No. 14-CV-00268-JED-TLW |
| v. | ) |
| | ) |
| JOHN ZINK CO., LLC, | ) |
| | ) |
|       Defendant. | ) |

## ORDER AND OPINION

The Court has for its consideration plaintiff Sonya D. Lange's Motion to Remand (Doc. 31), advising the Court that plaintiff has alleged a non-removable claim arising under the workers' compensation laws of Oklahoma, specifically Retaliatory Discharge under the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, § 341(A) and (B) (the "OWCA"). The plaintiff seeks to have the non-removable claim severed and remanded, as well as an award of costs and expenses, including attorneys' fees, due to improper removal. Defendant John Zink CO., LLC ("John Zink"), does not oppose severing and remanding the retaliatory discharge claim, but urges the Court not to award costs or expenses (Doc. 33).

The plaintiff filed her retaliatory discharge claim in state court on January 28, 2014. On May 16, 2014, she amended her complaint to add a claim under the Americans with Disabilities Act, and the defendant removed the case on the basis of federal question jurisdiction. When a case is removed based on federal question jurisdiction but the case also contains a non-removable Oklahoma workers' compensation retaliation claim, the court must sever and remand the non-removable claim and retain all other removed claims that are within the Court's original

or supplemental jurisdiction. *Bivins v. Glanz*, No. 12-CV-103-TCK-FHM, 2012 WL 3136115, at *2 (N.D. Okla. Aug. 1, 2012). The parties agree that plaintiff's OWCA retaliation claim is non-removable. Under 28 U.S.C. § 1441(c)(1):

> If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

However, the non-removable claim must be severed from the action and remanded to the state court from which the case was removed. 28 U.S.C. § 1441(c)(2). Claims "arising under the workmen's compensation laws" of any state are not removable. 28 U.S.C. § 1445(c).

The plain language of § 1441(c) requires the Court to sever plaintiff's non-removable workers' compensation retaliation claim and to remand only that claim to state court for further proceedings. The statute provides the Court no discretion to retain jurisdiction over the entire case or to remand the entire case due to the presence of a non-removable claim. Plaintiff's workers' compensation retaliation claim will be severed from the case and remanded to state court. This Court has, in the past, similarly ordered partial remand of a workers' compensation retaliation claim when such a claim is part of a case that was properly removed based on the existence of federal question jurisdiction. *See Bivins*, 2012 WL 3136115; *Turbe v. Whirlpool Corp.*, No. 13-CV-0466-CVE-PJC, 2013 WL 5675958 (N.D. Okla. Oct. 18, 2013).

Plaintiff asks that the Court award her reasonable fees and costs incurred as a result of improper removal. In its discretion, a court can require payment of costs and expenses, including attorney fees, incurred as a result of an improper removal. 28 U.S.C. § 1447; *Martin v. Franklin*

*Capital Corp.*, 393 F.3d 1143, 1146 (10th Cir.2004) *aff'd*, 546 U.S. 132 (2005). The Court finds that defendant's removal was based upon objectively reasonable grounds—namely, the presence of a federal question—and not pursued in bad faith. As such, an award of fees and costs is not warranted and plaintiff's request in this regard is denied.

**IT IS THEREFORE ORDERED** that:

Plaintiff Sonya D. Lange's Motion to Remand (Doc. 31), is **granted**. The Retaliatory Discharge claim arising under the Oklahoma Workers' Compensation Act is severed and remanded to the Tulsa County District Court. As a result, defendant's Motion for Partial Summary Judgment (Doc. 20) and Motion for Extension of Time (Doc. 26) are **rendered moot**, and the parties should advise the state court of the status of these motions upon remand.

**SO ORDERED** this 31st day of March, 2015.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE